**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_Southern District of New York_
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

<u>Official Form 201</u>
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Sizmek Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>37-1744624</u> |

4. **Debtor's address**

**Principal place of business**

**401 Park Avenue South**
Number          Street

**5th Floor**

**New York**          **NY**     **10016**
City          State     Zip Code

_____
County

**Mailing address, if different from principal place of business**

_____
Number          Street

_____
City          State     Zip Code

**Location of principal assets, if different from principal place of business**

_____
Number          Street

_____
City          State     Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.sizmek.com/ |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor _____Sizmek Inc._____      Case number *(if known)* _____
              Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5418 (Advertising, Public Relations, and Related Services)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.

| District | When | Case number |
|---|---|---|
| _____ | _____ MM/DD/YYYY | _____ |
| _____ | _____ MM/DD/YYYY | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.

Debtor   **See Rider 1**

District   **Southern District of New York**

Case number, if known   _____

Relationship   **Affiliate**

When   **03/29/2019**
    MM / DD / YYYY

| Debtor | Sizmek Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

_____
Number          Street

_____
City                    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency   _____

Contact name   _____

Phone   _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1] Although the Debtor is not aware of any definition of 'imminent and identifiable hazard' as used in this form, the Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable hazard to the public health or safety.

| Debtor | Sizmek Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0–$50,000 | ☐ | $1,000,001–$10 million | ☐ | $500,000,001–$1 billion |
| ☐ | $50,001–$100,000 | ☐ | $10,000,001–$50 million | ☐ | $1,000,000,001–$10 billion |
| ☐ | $100,001–$500,000 | ☐ | $50,000,001–$100 million | ☐ | $10,000,000,001–$50 billion |
| ☐ | $500,001–$1 million | ☒ | $100,000,001–$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **03/29/2019**
MM/ DD / YYYY

**✗**    */s/ Mark Grether*                               **Mark Grether**
Signature of authorized representative of debtor           Printed name

Title    **President and CEO**

**18. Signature of attorney**

**✗**    */s/ Stephen E. Hessler, P.C.*        Date    **03/29/2019**
Signature of attorney for debtor                    MM/ DD/YYYY

**Stephen E. Hessler, P.C.**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                Street

**New York**                            **New York**        **10022**
City                                    State        ZIP Code

**(212) 446-4800**                        **stephen.hessler@kirkland.com**
Contact phone                            Email address

**4576856**                    **New York**
Bar number                    State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

                        Southern District of New York
                                    (State)

Case number *(if known)*: _____    Chapter ____11____

☐ Check if this is an
  amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Sizmek Inc.

Sizmek Inc.
Sizmek DSP, Inc.
Sizmek Technologies, Inc.
Wireless Artist LLC
WirelessDeveloper, Inc.
X Plus One Solutions, Inc.
X Plus Two Solutions, LLC
Point Roll, Inc.

**SIZMEK INC.**

**UNANIMOUS WRITTEN CONSENT IN LIEU OF A
SPECIAL MEETING OF THE BOARD OF DIRECTORS**

The undersigned, constituting all of the members of the Board of Directors of Sizmek Inc., a Delaware corporation (the "Company"), in lieu of holding a special meeting of the Board of Directors of the Company (the "Board"), hereby take the following actions and adopt the following resolutions by unanimous written consent, dated as of March 28, 2019, pursuant to Section 141(f) of the General Corporation law of the State of Delaware:

1.    **CHAPTER 11 FILING**

WHEREAS, the Board has considered presentations by the Company's management (the "Management") and its financial and legal advisors (the "Advisors") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

WHEREAS, the Board discussed the foregoing with Management and the Advisors of the Company and each governing body has fully considered each of the strategic alternatives available to the Company and has determined, in the judgment of the Board, that the following resolutions are in the best interests of the Company and its creditors; and

WHEREAS, in the judgment of the Board, it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits of the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of Sizmek Technologies, Inc.'s secured lenders under that certain prepetition Financing Agreement, dated as of September 6, 2017, by and among Sizmek Technologies, Inc., as borrower, the Company, Solomon Acquisition Corp., Point Roll, Inc., and Sizmek DSP, Inc. (f/k/a Rocket Fuel Inc.), as guarantors, the lenders party thereto (the "Prepetition Secured Lenders"), and Cerberus Business Finance, LLC, as agent for the Prepetition Secured Lenders;

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that any duly appointed officer or director of the Company other than those directors appointed by Cerberus Business Finance, LLC or its affiliates (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements),

and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

2.    **RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as the Company's bankruptcy counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Company; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized, empowered and directed to employ the firm of FTI Consulting, Inc., as financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain FTI Consulting, Inc. in accordance with applicable law.

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized, empowered and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each of the Authorized Persons be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, appropriate, or desirable in connection with the Company's chapter 11 case.

3.    **USE OF CASH COLLATERAL**

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order, and orders of the Bankruptcy Court in interim and final form (the "Cash Collateral Orders"), and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf

2

of the Company, necessary or advisable to implement the Cash Collateral Orders, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Orders or to do such other things which shall in his/her judgment be necessary, desirable, proper, or advisable, to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## 4.    GENERAL AND ANCILLARY AGREEMENTS

RESOLVED, that, in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, any of the Authorized Persons be, and each hereby is, authorized to take all such further actions, and to execute and deliver all such further agreements, instruments, documents or certificates (the "Ancillary Agreements"), in the name and on behalf of the Company, and under its corporate seal or otherwise, and to pay all such fees and expenses, which shall in their judgment be necessary, proper or advisable and to perform all of the obligations of the Company in connection with or pursuant to, and consummate the transactions contemplated by, the Ancillary Agreements.

## 5.    RATIFICATION OF PAST ACTIONS

RESOLVED, that the authority and power given hereunder be deemed retroactive and any and all acts authorized hereunder performed by any Authorized Person prior to the passage of these resolutions be, and they hereby are, ratified, confirmed and approved in all respects.

The actions taken by this consent shall have the same force and effect as if taken at a special meeting of the Board, duly called and constituted, pursuant to the bylaws of the Company and the laws of the State of Delaware.

This consent may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same consent.

*    *    *    *    *

3

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board, have executed this consent as of the date first written above.

/s/
_____
Mark Grether

/s/
_____
Eugene Davis

/s/
_____
Tom Smith

/s/
_____
Marc Heimowitz

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the

Board, have executed this consent as of the date first written above.

/s/
Mark Grether

/s/
Eugene Davis

/s/
Tom Smith

/s/
Marc Heimowitz

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the

Board, have executed this consent as of the date first written above.

/s/
Mark Grether

/s/
Eugene Davis

/s/
Tom Smith

/s/
Marc Helmowitz

| **Fill in this information to identify the case:** |
|---|
| Debtor name    Sizmek Inc., *et al.* |
| United States Bankruptcy Court for the:        Southern District of New York |
| Case number *(If known)*:                                    (State) |

☐  Check if this is an amended filing

Official Form 204

Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | Index Exchange, Inc. | Mr. Andrew Casale 416-785-5908 74 Wingold Avenue Toronto, ON M6B 1P5 Canada | Trade payable | | | | $8,912,926 |
| 2 | PubMatic, Inc. | Mr. Rajeev Goel 650-331-3485 press@pubmatic.com 305 Main Street, First Floor Redwood City, CA 94063 United States | Trade payable | | | | $7,339,230 |
| 3 | OpenX Technologies Inc. | Mr. John Gentry 626-204-0811 marketing@openx.com 888 East Walnut Street, 2nd Floor Pasadena, CA 91101 United States | Trade payable | | | | $5,918,022 |
| 4 | AppNexus, Inc. | Mr. Michael Rubenstein 646-825-6460 pr@appnexus.com 28 West 23rd Street, Floor 4 New York, NY 10010 United States | Trade payable | | | | $5,279,740 |

1 The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 5 | Google Inc. | Attn: Legal Dept 212-683-0001 111 8th Avenue, 10th Floor New York, NY 10011 United States | Trade payable | | | | $4,571,033 |
| 6 | AOL Advertising Inc. | Attn: Legal Dept 212-426-1700 press@oath.com 770 Broadway, 5th Floor New York, NY 10003 United States | Trade payable | | | | $4,132,474 |
| 7 | Rubicon Project Inc. | Mr. Michael G. Barrett 310-207-0272 investor@rubiconproject.com 12181 Bluff Creek Drive, 4th Floor Los Angeles, CA 90094 United States | Trade payable | | | | $3,563,941 |
| 8 | Bidswitch Inc. | Mr. Barry Adams 646-762-2445 sales@bidswitch.com 625 Broadway, 10th Floor New York, NY 10012 United States | Trade payable | | | | $2,938,061 |
| 9 | Media.net Advertising FZ-LLC | Mr. Vaibhav Arya 971-50-842 -6448 advertisers@media.net 107/108, DIC Building 5 Dubai Internet City, Dubai 215028 United Arab Emirates | Trade payable | | | | $1,864,590 |
| 10 | Vector Capital Management, LP | Mr. Ron Baden 415-293-5000 vectorcapital@vectorcapitalmgmt.com One Market Street, Steuart Tower 23rd Floor San Francisco, CA 94105 United States | Professional Services | | | | $1,800,000 |
| 11 | Amazon Web Services Emea Sarl | Mr. Joseph DePalo 206-266-4064 1200 12th Avenue South, Suite 1200 Seattle, WA 98144 United States | Trade payable | | | | $1,327,357 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 12 | Integral Ad Science, Inc. | Ms. Lisa Utzschneider 646-278-4871 press@integralads.com 95 Morton Street, 8th Floor New York, NY 10014 United States | Trade payable | | | | $1,183,829 |
| 13 | RhythmOne (US) Holdings Inc. | Mr. Richard O'Connor 415-655-1450 IR@rhythmone.com 251 Kearny Street, 2nd Floor San Francisco, CA 94108 United States | Trade payable | | | | $1,062,836 |
| 14 | Sovrn Inc. | Mr. Walter Knapp 303-493-5490 andy@sovrn.com 1750 29th Street, Suite 2036 Boulder, CO 80301 United States | Trade payable | | | | $1,006,093 |
| 15 | LiveRamp Corp. | Mr. Scott E. Howe 866-352-3267 investor.relations@liveramp.com 225 Bush Street, 17th Floor San Francisco, CA  94104 United States | Trade payable | | | | $1,004,449 |
| 16 | GumGum, Inc. | Mr. Ophir Tanz 844-522-7270 PR@gumgum.com 1314 7th Street, 5th Floor Santa Monica, CA 90401 United States | Trade payable | | | | $920,439 |
| 17 | Facebook, Inc. | Mr. Mark Elliot Zuckerberg 650-543-4800 1601 Willow Road Menlo Park, CA 94025 United States | Trade payable | | | | $864,116 |
| 18 | Lohika Systems, Inc. | Mr. Daniel Dargham 650-753-2025 info@lohika.com 1001 Bayhill Drive, Suite 108 San Bruno, CA 94066 United States | Professional Services | | | | $803,715 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 19 | EntIT Software LLC | Attn: Legal Dept 301-838-5000 investors@microfocus.com One Irvington Center, 700 King Farm Boulevard Suite 400 Rockville, MD 20850-5736 United States | | | | | $739,348 |
| 20 | comScore Inc | Mr. Bryan J. Wiener 703-438-2000 press@comscore.com 11950 Democracy Drive, Suite 600 Reston, VA 20190 United States | Trade payable | | | | $673,497 |
| 21 | Placemedia, Inc. | Attn: Legal Dept 818-285-0360 14930 Ventura Boulevard, Suite 210 Sherman Oaks, CA 91403 United States | Trade payable | | | | $618,949 |
| 22 | Sonobi Inc. | Mr. Michael Connolly 212-796-4579 michael@sonobi.com 915 Broadway, Suite 1802 New York, NY 10010 United States | Trade payable | | | | $576,853 |
| 23 | Equinix, Inc. | Mr. Charles J. Meyers 800-322-9280 invest@equinix.com One Lagoon Drive Redwood City, CA 94065 United States | Trade payable | | | | $574,156 |
| 24 | Cox Comet, LLC | Attn: Legal Dept 404-843-5000 1001 Summit Boulvard, Suite 1200 Atlanta, GA 30319 United States | Professional Services | | | | $522,194 |
| 25 | Oracle America Inc. | Attn: Legal Dept 650-506-5200 500 Oracle Parkway Redwood City, CA 94065 United States | Trade payable | | | | $441,705 |
| 26 | Double Verify, Inc. | Attn: Mr. Nicola Allais 212-631-2111 233 Spring Street, 4th Floor New York, NY 10013 United States | Trade payable | | | | $440,498 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 27 | Native Ads Inc | Attn: Legal Dept. 855-981-8007 710 - 1090 W. Pender St Vancouver, BC V6E 2N7 Canada | Trade payable | | | | $410,163 |
| 28 | EMX Digital LLC | Attn: Legal Dept. 847-378-2240 222 North LaSalle Street, Suite 1650 Chicago, IL 60601 United States | Trade payable | | | | $403,094 |
| 29 | SpotXchange, Inc. | Attn: Michael Shehan 303-345-6650 11030 Circle Point Road, Suite 350 Westminister, CO 80020 United States | Trade payable | | | | $398,990 |
| 30 | Akamai Technologies, Inc. | Attn: Dr. F. Thomson Leighton 617-444-3000 150 Broadway Cambridge, WA 02142 United States | Professional Services | | | | $388,187 |
| 31 | Oath (Americas) Inc. | Attn: Mr. Don Neff 410-537-8500 3700 Odonnell Street Baltimore, MD 21224 United States | Trade payable | | | | $385,356 |
| 32 | MoPub, Inc. | Attn: Mr. Jim Payne 415-426-4200 1355 Market Street, Suite 900 San Francisco, CA 94103 United States | Trade payable | | | | $367,482 |
| 33 | Switch | Attn: Legal Department 7135 South Decatur Blvd. Las Vegas, NV 89118 United States | Trade payable | | | | $366,000 |
| 34 | EMC Corp._ | Attn: Denis G Cashman 508-435-1000 Ulica Inflancka 4A Hopkinton, MA 01848 United States | Trade payable | | | | $324,156 |
| 35 | District M Inc. | Attn: Mr. L. C. Genest 888-881-6930 5455 de Gaspé Avenue, Suite 730 Montreal, QC H2T 3B3 Canada | Trade payable | | | | $308,808 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 36 | Telaria, Inc. | Attn: Mr. Mark S. Zagorski 646-723-5300 info@telaria.com 222 Broadway, 16th Floor New York, NY 10038 United States | Trade payable | | | | $295,929 |
| 37 | PulsePoint, Inc. | Attn: Mr. Sloan Gaon 212-706-4800 360 Madison Avenue, 14th Floor New York, NY 10017 United States | Trade payable | | | | $295,131 |
| 38 | Internap Networks Services Corp. | Attn: Legal Dept. 404-302-9700 12120 Sunset Hills Road, Suite 330 Reston, VA 20190 United States | Professional Services | | | | $269,717 |
| 39 | Beachfront Media LLC | Attn: Legal Dept. 818-237-5964 info@beachfrontmedia.com 727 South Main Street Burbank, CA 91506 United States | Trade payable | | | | $262,623 |
| 40 | Neustar Information Services, Inc. | Attn: Mr. Paul S. Lalljie 571-434-5400 21575 Ridgetop Circle Sterling, VA 20166 United States | Trade payable | | | | $257,659 |
| 41 | Smart Adserver | Attn: Mr. Cyrille Geffray 331-5-357-7965 8-10 rue Saint Fiacre Paris, 75002 France | Trade payable | | | | $250,483 |
| 42 | Smaato Inc. | Attn: Legal Dept. 646-650-5030 americas@smaato.com 350 Fifth Avenue, Suite 7700 New York, NY 10118 United States | Trade payable | | | | $245,000 |
| 43 | Aztek Technologies (1984) Ltd | Attn: Legal Dept. 972-8918-1111 12 Silver Aba Hilel Lod, 7129409 Israel | Professional Services | | | | $244,418 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 44 | Nielsen | Attn: Legal Dept. 800-864-1224 85 Broad Street New York, NY 10004 United States | Trade payable | | | | $229,060 |
| 45 | Outbrain Inc. | Attn: Mr. Yaron Galai 646-867-0149 39 West 13th Street New York, NY 10011 United States | Trade payable | | | | $193,558 |
| 46 | Amsalem Business Travel LLC | Attn: Legal Dept. 1680 State Route 23 North, Suite140 Wayne, NJ 07470 United States | Trade payable | | | | $150,000 |
| 47 | Evoque Dawn US Holdings LLC | Attn: Legal Dept. evoque@evoquedcs.com 17304 Preston Road, Suite 814 Dallas, TX | Trade payable | | | | $140,232 |
| 48 | Westminster Council Tax | Attn: Westminster Council PO Box 165, Erith, DA8 9DW UK | Trade payable | | | | $136,220 |
| 49 | Eyeota Pte Ltd | Attn: Legal Dept. 33 Irving Pl, 3rd Fl New York, NY 10003 | Professional Services | | | | $120,486 |
| 50 | GALIL SOFTWARE &TECHNOLOGIC SERVICE | Attn: Legal Dept. 054-5656760 2003 St. Industrial Area Nazareth, 16164 Israel | Professional Services | | | | $110,842 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SIZMEK INC., | ) Case No. 19-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

<u>**LIST OF EQUITY SECURITY HOLDERS**</u>

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Sizmek Inc. | Solomon Acquisition Corp. | c/o Vector Capital Corporation One Market Street Steuart Tower, 23rd Floor San Francisco, California 94105 | 100% |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— )
In re:                                                      )      Chapter 11
                                                            )
SIZMEK INC.,                                                )      Case No. 19-_____(___)
                                                            )
                                        Debtor.             )
———————————————————————— )

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Solomon Acquisition Corp. | 100% |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name        Sizmek Inc. |
| United States Bankruptcy Court for the:        Southern District of New York |
|                                                                    (State) |
| Case number (If known): |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____     List  of  Equity  Security  Holders  and  Corporate  Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| | ☒ /s/ Mark Grether |
| **03/29/2019** | |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Mark Grether** |
| | Printed name |
| | **President and CEO** |
| | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**