IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SIZMEK INC., et al., [1]<br><br>           Debtors,<br>---<br>JARED MCKINLEY KREINER, on behalf of himself and all others similarly situated,<br><br>           Plaintiffs,<br><br>           v.<br><br>SIZMEK INC.,<br><br>           Defendant. | Chapter 11<br><br>Case No. 19-10971 (SMB)<br><br><br>**ADVERSARY CLASS ACTION COMPLAINT**<br><br>Adv. Case No. -_____-___ |

      Plaintiff Jared McKinley Kreiner ("Plaintiff"), on his own behalf and on behalf of a putative class of former employees of Sizmek Inc. ("Sizmek" or "Debtor" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action on behalf of himself, and the other similarly situated former employees who worked for Sizmek and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about January 31, 2019 and within ninety (90) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., and not provided 90 days advance

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, 5th Floor, New York, NY 10016.

written notice, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq. (collectively, the "WARN Acts").

2. Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-(G)(2), from Defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Jared McKinley Kreiner was employed by Defendant as a Communications Manager and worked at the Defendant's facility located at 401 Park Avenue South, 5th Floor, New York (the "Manhattan Facility") until his termination on January 31, 2019.

*Defendant*

7. Upon information and belief, Defendant Sizmek is a Delaware corporation with its principal place of business located at 401 Park Avenue South, 5th Floor, New York.

8. Upon information and belief, in addition to the Manhattan Facility, Defendant operated and maintained other facilities in California, Connecticut, Florida, Georgia, Illinois, Michigan, Pennsylvania and Texas (together with the Manhattan facility, the "Facilities").

9. Upon information and belief at all relevant times, Defendant owned, maintained and operated its business employing more than 400 employees at Facilities nationwide, and more than 100 in its Manhattan Facility, as that term is defined by the WARN Act.

10. On or about January 31, 2019, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Manhattan Facility.

11. Upon information and belief, Defendant made the decision to terminate Plaintiff and other similarly situated employees on or about January 31, 2019.

12. Defendant did not provide Plaintiff or the similarly situated employees with any advance written notice of their terminations prior to ordering the layoffs on or about January 31, 2019, or within 90 days of that date.

13. Upon information and belief, Defendant terminated at least 50 full time employees, as defined by the NY WARN Act, at its Manhattan Facility on or about January 31, 2019 or within 90 days of that date.

14. On March 29, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

15. After the petition filing, Defendant continued terminating employees similarly situated to Plaintiff in the mass layoff that commenced on or around January 31, 2019.

## FEDERAL WARN CLASS ALLEGATIONS

16. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure 23(a) and (b), who worked at or reported to Defendant's Manhattan Facility and were terminated without cause on or about January 31, 2019 and within 90 days of that date, or were terminated without cause as the

3

reasonably foreseeable consequence of such mass layoffs and/or plant closings and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

17. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to exceed 50, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

18. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

19. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

20. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;
>
> (b) whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts;
>
> (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and
>
> (d) whether Defendant as a single employer violated the WARN Acts.

21. The Plaintiff's claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were

terminated without cause on or about January 31, 2019, due to the mass layoffs and/or plant closings ordered by Defendant.

22. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

23. The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

24. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

25. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATIONS

27.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28.     Plaintiff brings this Claim for Relief for violation of NYLL § 860 et seq., on behalf of himself and a class of similarly situated persons, pursuant to NYLL § 860-G (7).

29.     Plaintiff brings this as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), on behalf of himself and a putative class consisting of persons who worked at or reported to Defendant's Facilities and were terminated without cause on or about January 31, 2019, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about January 31, 2019, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

30.     The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

31.     On information and belief, the identity of the class members, including each member's most recent residence address, is contained in the Defendant's books and records.

32.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his or her termination is contained in the Defendant's books and records.

33.     Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

6

(a) whether the members of the NY WARN Class were employees of Defendant who worked at or reported to a covered site of employment;

(b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the WARN Act.

34. Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about January 31, 2019 as part of the mass layoffs and/or plant closings ordered by Defendant.

35. Plaintiff will fairly and adequately protect the interests of the NY WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the federal WARN Act, the NY WARN Act, other state laws similar to WARN, and employment litigation.

36. Class certification of these claims is appropriate because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN class action litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

38. Prosecuting and defending multiple actions would be impracticable.

39. Managing a class action will not result in undue difficulties for the parties and the Court.

40. Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Fed. Rule Civ.P. 23.

## CLAIM FOR RELIEF

### First Cause of Action: Federal WARN Act
### (against all Defendants except Tilton)

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all relevant times, Defendant employed as many as 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

53. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

54. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

55. On or about January 31, 2019, Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

56. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty –three percent of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

57. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

58. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

59. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

60. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

61. The Plaintiff, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

62. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

63. Inasmuch as the Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of the Defendant's bankruptcy petition and which arose as the result of the Defendant's violation of federal law, Plaintiff's and the Class Members'

9

claims against Defendant are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively, priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim.

### Second Cause of Action: Violation of the New York WARN Act

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all relevant times, Defendant was an individual or public business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities as defined by NYLL § 860-A(3),(4).

66. On or about January 31, 2019, Defendant ordered mass layoffs and/or plant closings at its Facilities as defined by NYLL § 860-A(3),(4).

67. Plaintiff and the Class Members each suffered a termination of employment as defined by NYLL § 860-A(2)(C), having been terminated by Defendant without cause on their part.

68. Defendant was required by the NY WARN Act to give Plaintiff and the Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

69. Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the NY WARN Act.

70. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions

and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

71.     The relief sought in this proceeding is predominately equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4) and NYLL § 860-G(7).

E. Interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Treatment of all damage claims as first priority administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively priority status pursuant to 11 U.S.C. § 507(a)(4) or (5) and the remainder as a general unsecured claim.

11

G.  Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. § 2104(a)(6) and NYLL § 860-G(7);

H.  An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

I.  Such other and further relief as this Court may deem just and proper.

Dated: April 11, 2019

Respectfully submitted,

By: /s/ Jack A. Raisner
Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:   (212) 245-1000
Facsimile:   (646) 509-2060
E-mail:   jar@outtengolden.com
         rsr@outtengolden.com

*Attorneys for Plaintiff and the putative class*