**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SIZMEK INC., *et al.*,[1] | ) ) | Case No. 19-10971 (SMB) |
| Debtors. | ) ) ) | (Jointly Administered) |

**SECOND INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 507, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**

Upon the *Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 14] (the "Motion");[2] and an initial hearing on the Motion having been held on April 3, 2019 (the "First Interim Hearing"); and this Court having entered the First Interim Order on April 4, 2019; and a subsequent hearing on the Motion seeking continuation of the relief provided in the First Interim Order having been held on April 23, 2019 (the "Second Interim Hearing"); and based upon all of the pleadings filed with the Bankruptcy Court, the evidence presented at the First Interim Hearing and the Second Interim Hearing, and the entire record herein; and the Bankruptcy Court having heard and resolved or overruled all

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] Capitalized terms used and not defined herein have the meanings given to them in the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 37] (the "First Interim Order"), the Motion, or the Bankruptcy Code, as applicable. The Final Order shall be in form and substance satisfactory to the Debtors and Cerberus, in their respective discretion.

objections to the interim relief requested in the Motion; and the Bankruptcy Court having noted the appearances of all parties-in-interest; and it appearing that the continued interim relief provided herein is in the best interests of the Debtors, their estates, and their creditors, and other parties-in-interest; and the Debtors having provided sufficient notice of the Motion as set forth in the Motion and it appearing that no further or other notice of the Motion need be given; and after due deliberation and consideration, and sufficient cause appearing therefor:

**BASED ON THE RECORD ESTABLISHED AT THE FIRST INTERIM HEARING AND THE SECOND INTERIM HEARING, THE BANKRUPTCY COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012.  The Debtors have confirmed their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Bankruptcy Court in connection with the Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested herein are sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and the Local Bankruptcy Rules.

B.  The Debtors, the Secured Parties, and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "<u>Committee</u>") desire to extend the terms of the Debtors' authorization to use Cash Collateral under the First Interim Order on the terms set forth herein and assent to the entry of this Second Interim Order.

C.  The Findings and Conclusions set forth in the First Interim Order apply with equal force to this Second Interim Order and are hereby incorporated herein by reference.

2

D.     Based upon the foregoing findings, acknowledgements, and conclusions set forth in the First Interim Order, all of which apply with equal force to this Second Interim Order and have been incorporated herein by reference, and upon the record made before the Bankruptcy Court at the First Interim Hearing and the Second Interim Hearing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1.     Subject to the terms and conditions set forth in this Second Interim Order, each of the findings, conclusions, representations, recitals, stipulations, provisions, and orders contained in the First Interim Order are hereby ratified and affirmed as if set forth herein in full, and shall remain in full force and effect, except as expressly modified by this Second Interim Order.

2.     The Debtors are hereby authorized to use Cash Collateral upon the same terms and conditions provided for in the First Interim Order, with such terms and conditions being incorporated herein as if set forth in full, except that for purposes of this Second Interim Order:

a.     The second interim budget attached hereto as Exhibit A (the "Second Interim Budget" shall be substituted for and be the "Budget," as defined in and attached to the First Interim Order.

b.     The date for the expiration of Cerberus' consent to the Debtors' use of Cash Collateral identified in the first sentence of paragraph 3(e) of the First Interim Order as April 23, 2019 at 5:00 P.M. (Prevailing Eastern Time) is hereby replaced with May 7, 2019

at 5:00 P.M. (Prevailing Eastern Time). The dates referenced in the final sentence of that paragraph are hereby replaced with May 3, 2019 and May 7, 2019, respectively.

      c.    Any reference to the term "Interim Order" shall be replaced with the term "Second Interim Order," which term shall refer to this order.

3.    Nothing in this Second Interim Order shall constitute a waiver by or a restriction of the Debtors' right to seek, or any other party in interest's right to object to, the further use of Cash Collateral.

4.    This Second Interim Order is without prejudice to: (a) any request by any Secured Party for additional adequate protection or restrictions on use of Cash Collateral or any other or additional relief from the Bankruptcy Court; (b) any other right or remedy that may be available to the Secured Parties; or (c) any other right or remedy that may be available to the Committee, including the Committee's right to object to the terms of any proposed final order governing the use of Cash Collateral.

5.    The provisions of this Second Interim Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered (a) confirming any Chapter 11 plan in any of these Chapter 11 Cases, (b) converting any of these Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code, or (c) dismissing any of these Chapter 11 Cases. The terms and provisions of this Second Interim Order, as well as the Adequate Protection Liens and the Superpriority Claims granted pursuant to the First Interim Order and this Second Interim Order, shall continue in full force and effect notwithstanding the entry of any order described in the preceding sentence, and the Adequate Protection Liens and the Superpriority Claims will,

notwithstanding entry of such an order, maintain their validity and priority as provided in the First Interim Order and this Second Interim Order.

6.  Except in connection with a further interim order or the Final Order, in the event that any or all of the provisions of this Second Interim Order are hereafter modified, amended, or vacated by a subsequent order of the Bankruptcy Court or any other court, no such modification, amendment, or vacatur shall affect the validity, enforceability, or priority of any Adequate Protection Liens incurred or any Superpriority Claims granted to the Secured Parties under this Second Interim Order.

7.  To the extent not already provided for in this Second Interim Order, the Debtors and their officers, employees, professionals, and agents are hereby authorized and empowered to take such acts as are necessary or appropriate to effectuate the relief granted pursuant to this Second Interim Order .

8.  This Second Interim Order will take effect immediately upon the Bankruptcy Court's signature hereof; there shall be no stay of execution of effectiveness of this Second Interim Order.

9.  A final hearing (the "Final Hearing") on the Debtors' use of Cash Collateral will be held on May [7], 2019 at [•] (prevailing Eastern Time). On or before [•], 2019, the Debtors shall serve a copy of this Second Interim Order on (a) counsel for Cerberus, (b) counsel for the Committee, (c) the Office of the United States Trustee, and (d) all parties who have filed a notice of appearance and request for service in these Chapter 11 Cases. Service of this Second Interim Order will constitute notice of the Final Hearing.

10. The Bankruptcy Court has and will retain jurisdiction and power to enforce this Second Interim Order according to its terms.

174863.1
US_139021393v1

| | |
|---|---|
| New York, New York<br>Dated: **April 23, 2019** | **/s/ STUART M. BERNSTEIN**<br>THE HONORABLE STUART M. BERNSTEIN<br>UNITED STATES BANKRUPTCY JUDGE |

## Exhibit A

## The Second Interim Budget

**Sizmek, Inc.**
**Budget Through May 7, 2019**

| Budget Week –> <br> Week Ending –> | Week 4 <br> 4/26/19 | Week 5 <br> 5/3/19 | Partial Week 6 <br> 5/7/19 |
|---|---|---|---|
| **Beginning Cash**[1] | $ 4,926,731 | $ 91,891 | $ 164,672 |
| **Operating Receipts** | | | |
| Collections on Outstanding A/R[2] | $ 2,958,992 | $ 3,200,722 | $ 1,701,583 |
| **Total Operating Receipts** | $ 2,958,992 | $ 3,200,722 | $ 1,701,583 |
| **Cash Disbursements** | | | |
| Payroll | $ (3,375,666) | $ - | $ - |
| Taxes & Benefits | (337,567) | - | (500,000) |
| Operating Vendors | (3,102,999) | (2,685,441) | (921,117) |
| Bankruptcy Costs & Professional Fees | (977,600) | (442,500) | (307,143) |
| **Total Operating Disbursements** | $ (7,793,832) | $ (3,127,941) | $ (1,728,260) |
| Net Change in Cash | (4,834,840) | 72,781 | (26,677) |
| **Estimated Ending Cash** | $ 91,891 | $ 164,672 | $ 137,995 |

**Notes:**

1. Estimated beginning cash held by or on behalf of the Debtors
2. Based on estimated Accounts Receivable as of 4/12/2019