Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

–and–

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Facsimile: (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors   and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **SIZMEK INC.,** *et al.*, | **Case No. 19-10971 (SMB)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**SCHEDULE OF ASSETS AND LIABILITIES FOR**
**X PLUS TWO SOLUTIONS, LLC**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **SIZMEK INC.**, *et al.*, | Case No. 19-10971 (SMB) |
| Debtors.[2] | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL <u>AFFAIRS</u>

Sizmek Inc. ("**Sizmek**") and certain of its direct and indirect subsidiaries are debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and collectively, the "**Statements**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "**Global Notes**") pertain to, and are incorporated in, and constitute an integral part of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. The Schedules and Statements are unaudited and subject to adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent

---

[2]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

information or discovery may result in material changes to the Schedules and Statements and errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission of any issues, including issues with respect to their chapter 11 cases, involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other applicable state or federal laws.

Sascha Wittler has signed the Schedules and Statements. Mr. Wittler is the Chief Financial Officer of Sizmek and an authorized signatory for the Debtors. In reviewing and signing the Schedules and Statements, Mr. Wittler necessarily has relied upon the efforts, statements and representations of the Debtors' advisors and various personnel employed by the Debtors. Mr. Wittler has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

## Global Notes and Overview of Methodology

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.  **Description of the Cases**. On March 29, 2019, (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 3, 2019, the Bankruptcy Court entered an order authorizing the joint administration of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 28]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. On April 17, 2019 the United States Trustee for the Southern District of New York appointed the official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code.

2.  **Basis of Presentation.** For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include information for Sizmek. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

    The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity. Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes rather than for reporting by legal entity, however, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

3.  **Reporting Date**. Unless otherwise noted in the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on March 28, 2019.

4.  **Current Values**. The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5.  **Confidentiality**. There may be instances where certain information was not included due to the nature of an agreement between a Debtor and a third party, concerns about the

confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

6. **Consolidated Entity Accounts Payable and Disbursement Systems**. As described in the Cash Management Motion, the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, concentrate, and disburse funds generated by their operations (the "**Cash Management System**"). The Debtors maintain a consolidated disbursements system to pay operating and administrative expenses through disbursement accounts.

In the ordinary course of business, the Debtors maintain a business relationship with each other, which result in intercompany receivables and payables (the "**Intercompany Claims**") arising from intercompany transactions (the "**Intercompany Transactions**"). [As set forth more fully in the Cash Management Motion, the primary Intercompany Transactions giving rise to Intercompany Claims include expenses paid and cash transferred among the Debtors. The Debtors track all Intercompany Transactions in their accounting system, which concurrently are recorded on the applicable Debtors' balance sheets. The Debtors' accounting system requires that all general-ledger entries be balanced at the legal-entity level. Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

7. **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

8. **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the Debtors. As such, wherever possible, net book values as of the Petition Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "unknown," "undetermined," or "N/A." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that fully have been depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements.

9. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unliquidated," "undetermined," "unknown," or "N/A." The description of an amount as "unliquidated," "undetermined," "unknown," or "N/A" is not intended to reflect upon the materiality of the amount.

10.    **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items from the Schedules and Statements: certain accrued liabilities, certain prepaid and other current assets considered to have *de minimis* or no market value, and certain other immaterial assets and liabilities.

11.    **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

12.    **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

13.    **Payment of Prepetition Claims Pursuant to First Day Orders**. Pursuant to a number of motions filed on the first day of the Debtors' Chapter 11 Cases (the "**First Day Motions**"), the Debtors have sought authority to pay certain outstanding prepetition payables pursuant to a bankruptcy or other court order. The Bankruptcy Court entered certain orders authorizing the Debtors to pay certain of the outstanding prepetition payables they sought to pay under the First Day Motions (collectively, the "**First Day Orders**"). As such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables or by any anticipated court-approved postpetition payments authorized on behalf of prepetition payables. To the extent the Debtors pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

14.    **Other Paid Claims**. To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.

15.    **Property, Plant and Equipment**. Expenditures for additions, renewals and improvements are capitalized at cost. Depreciation is computed on a straight-line method based on the estimated useful lives of the related assets. The estimated useful lives of the major classes of depreciable assets are 3 years for IT hardware, software, deployment, machinery and equipment and approximately 6.67 to 14 years for office equipment, furniture and fixtures. Leasehold improvements are depreciated over the shorter of the remaining useful life or remaining lease term of the lease. Expenditures for repairs and maintenance are charged to operations as incurred. The Debtors periodically evaluate

whether current events or circumstances indicate that the carrying value of its depreciable assets may not be recoverable.

16.    **Debtors' Reservation of Rights**. Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights, including with respect to certain issues related to these chapter 11 cases, including, but not limited to, the following:

   a.    Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on the Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b.    Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

   c.    The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured," or (iv) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

   d.    In the ordinary course of their business, the Debtors lease equipment and other assets from certain third-party lessors for use in the daily operation of its business. The Debtors have made commercially reasonable efforts to list any such leases in Schedule G, and any current amounts due under such leases that were outstanding as of the Petition Date are listed on

Schedule E/F. Except as otherwise noted herein, the property subject to any such leases is not reflected in Schedule A/B as either owned property or assets of the Debtors, and neither is such property or assets of third parties within the control of the Debtors. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

e.    The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

f.    The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised reasonable efforts to ensure the accuracy of the Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases identified in the Debtors' Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

g.    The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

h.    The Debtors exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been omitted inadvertently. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize and reclassify any such contract or claim.

i.    Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract,

such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

j.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

17.    **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

## Specific Notes with Respect to the Debtors' Schedules

1.    **Schedule A/B**

a.  **A/B.3**. As set forth more fully in the Cash Management Motion, the Debtors conduct their operations through a network of bank accounts as outlined in the Cash Management Systems chart attached to the Cash Management Motion as Exhibit 1. The values provided for in Schedule A/B, Item 3 for each account for a given Debtor reflects the ending cash balance of such account as of the close of business on March 28, 2019.

b.  **A/B.11.** Schedule A/B Item 11 identifies the gross accounts receivable balance as of the Petition Date.

c.  **A/B.60-65**. The value of the Debtors' intellectual property is contingent and unliquidated. The Debtors' intellectual property has not been appraised by a professional and is listed at net book value.

d.  **A/B.72.** The Debtors' file taxes on a consolidated basis under the non-Debtor entity Solomon Acquisition Corp. As such, the Net Operating Loss amounts listed in the schedule reflect the consolidated Net Operating Loss amounts available to Solomon Acquisition Corp. and have not been allocated to its subsidiaries.

e.  **A/B.70–77**. Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or

potential causes of action against third parties as assets in their Schedules. Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtors' books and records as of the Petition Date. Assets that remain unreconciled but otherwise exist within the Debtors' books and records have been captured as "Unreconciled Assets" and are subject to further review. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, credits, rebates, or refunds with their customers and suppliers or potential warranty claims against their suppliers. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way. All known litigation claims against the Debtors are listed on Schedule F. Where a Debtor holds a positive net intercompany balance, such amount has been listed on Item 77, Schedule A/B for such Debtor. Similarly, where a Debtor holds a negative net intercompany balance, such amount has been listed on Schedule E/F, Part 2 for such Debtor.

2.    **Schedule D**. The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Petition Date.

Except as otherwise agreed to or stated pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors reserve all rights to dispute and challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim; and (c) the descriptions provided on Schedule D only are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Docket No. 13], and the *Supplemental Declaration of Sascha Wittler, Chief Financial Officer of Sizmek, Inc. (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Docket No. 54] (together, the "**Declaration**").

3.  **Schedule E/F**

a.  **(Part 1)**. The claims listed on Schedule E/F (Part 1) arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule E/F arose or were incurred before the Petition Date.

The Debtors have not listed certain wage, or wage-related obligations that the Debtors have paid pursuant to First Day Orders on Schedule E/F. The Bankruptcy Court, however, has not yet granted all of the relief sought by the First Day Motions. Additional hearings are scheduled before the Bankruptcy Court to consider the further relief sought under the First Day Motions. As such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables or by any anticipated court-approved postpetition payments authorized on behalf of prepetition payables. Where and to the extent these liabilities have been satisfied or are anticipated to be satisfied, they are not listed in the Schedules and Statements unless otherwise noted. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Further, to the extent the Debtors do not obtain the relief pursuant to the First Day Motions that they anticipate, the Debtors will amend these Schedules and Statements. The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority status pursuant to sections 503 and/or 507 of the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F.

The Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

b.  **(Part 2)**. The Debtors have exercised their commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors. Additional lines have been added as "Other Unreconciled Amounts" which are subject to further review. The Debtors reserve their rights

with respect to the reallocation of such amounts to the appropriate counterparty. Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under 11 U.S.C. § 503(b)(9).

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F including, but not limited to, occupancy creditors, consultants, and other service providers. The Debtors have also included trade creditors and taxing authorities on Schedule E/F, some of whose claims have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. Additionally, certain bank maintenance fees have not been listed in Schedule E/F for the Debtors where determining and allocating such amounts among the Debtors would be unduly burdensome. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 Cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4.    **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in

Schedule G. In addition, as described herein, certain non-disclosure agreements and/or or other confidential information have been omitted, as well as certain short-term purchase and sales orders given their large number and transitory nature. In addition, the remaining terms for certain agreements have been listed at their original or amended terms where available, while in other cases the terms have been listed as "N/A".

Omission of an agreement from Schedule G does not constitute an admission that such omitted agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G. Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement such Schedule as necessary. Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements may not have been specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement and, where a contract party remained uncertain, such Agreement may have been listed on a different Debtor's Schedule G.

5.    **Schedule H**. The Debtors are party to various debt agreements, which were executed by the Debtors. The obligations of guarantors under prepetition, secured credit agreements are noted on Schedule H for each individual debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed on each Debtor's Schedule E/F and Statement 7, as applicable, they have not been set forth individually on Schedule H. Further, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. To the extent there are guarantees connected with any joint ventures to which the Debtors may be a party, such agreements are not identified in the Debtors' Schedules. The Debtors reserve all of their rights to amend the

Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

## Specific Notes with Respect to the Debtors' Statements

1.  **Statement 1.** Gross revenues reported for Sizmek DSP Inc. include revenues earned since the acquisition of the business on September 6, 2017, until the petition date.

2.  **Statement 2.** Upfront payment amounts received from subleases, proceeds from sale of assets, bank interest income, dividend / capital gains, and intercompany interest are gross amounts, including any amounts withheld for associated tax liabilities. The Debtors' "YTD 2017" and "YTD 2018" reflects revenues between January 1st and December 31st of each respective year. "YTD 3/2019" reflects revenues between January 1st and March 28th of 2019.

3.  **Statement 3.** The obligations of the Debtors are primarily paid by and through Sizmek Technologies, Inc. and Sizmek DSP Inc., notwithstanding the fact that certain obligations may be obligations of other Debtor entities.

    The payments disclosed in Statement 3 are based on payments made by the Debtors with payment dates from December 28, 2018 to March 28, 2019. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements. It is expected, however, that many payments included in Statement 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

    The responses to Statement 3 exclude certain disbursements or transfers to creditors otherwise listed in Statement 9, Statement 11, and payments made on account of certain employee obligations including, but not limited to, medical costs and business expense reimbursements.

4.  **Statement 4.** The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code. For more information regarding each Debtor's officers and directors, see Statement 28 and Statement 29.

    The payroll-related amount shown in response to this question, which includes, among other things, salary, wage, additional compensation, is a gross amount that does not include reductions for amounts including employee tax or benefit withholdings. In the ordinary course of business, certain corporate or personal credit cards may be utilized by insiders to pay for travel and business-related expenses for various other individuals employed by the Debtors. As it would be unduly burdensome for the Debtors to analyze which credit card expenses related to those incurred on behalf of an insider as opposed to

another employee (or the Debtors), the Debtors have listed the aggregate amount paid for such expenses. Amounts still owed to creditors will appear on the Schedules for each of the Debtors.

5.    **Statement 7**. Actions described in response to Statement 7 include, but are not limited to, employee claims and patent infringement claims.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Further, the Debtors operate in numerous jurisdictions and in the ordinary course of business may have disputed property valuations/tax assessments. The Debtors have not listed such disputes on Statement 7.

6.    **Statement 11**. The Debtors have used reasonable efforts to identify payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, which are identified in Sizmek's response to Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

Additionally, DeWeese & Associates, PLLC, Osborne Clarke LLP, DLA Piper UK, LLP, and others provided prepetition services to the Debtors in a capacity wholly unrelated to these Chapter 11 Cases. Out of an abundance of caution, Statement 11 includes all amounts paid by the Debtors to each of those professionals within 1 year before the Petition Date, regardless of the nature of services such professionals provided.

7.    **Statement 25**. The Debtors have used reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owned five percent or more of the voting or equity securities within the six years immediately preceding the Petition Date. In certain instances, however, the dissolution dates of certain entities that are no longer in existence were not readily available and, therefore, are not included in Statement 25. All such entities were either merged with other entities owned by the Debtors or were dissolved prior to the Petition Date.

8.    **Statement 26(d)**. The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included, financial institutions, investment banks, debtholders, and certain of their advisors. Financial statements have also been provided to other parties as requested.

9.    **Statement 30**. Any and all known disbursements to insiders of the Debtors have been listed in the response to Statement 4. The items listed under Statement 30 incorporate by reference any items listed under Statement 4, and vice versa.

Fill in this information to identify the case:

**Debtor name:** X Plus Two Solutions, LLC

**United States Bankruptcy for the District of:** Southern New York

**Case number:** 19-10978

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**Part 1:    Summary of Assets**

1. Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

1a. Real property:                                                                                        $0.00
       Copy line 88 from Schedule A/B

1b. Total personal property:                                                                        $0.00
       Copy line 91A from Schedule A/B

1c. Total of all property:                                                                            $0.00
       Copy line 92 from Schedule A/B

**Part 2:    Summary of Liabilities**

2. Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)    $168,866,432.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

3. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

3a. Total claim amounts of priority unsecured claims:                              $0.00
       Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. Total amount of claims of nonpriority unsecured claims:                    $0.00
       Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F

4. Total Liabilities                                                                                  $168,866,432.00
Lines 2 + 3a + 3b

| Fill in this information to identify the case: |
| --- |
| Debtor name: X Plus Two Solutions, LLC |
| United States Bankruptcy for the District of: Southern New York |
| Case number: 19-10978 |

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. Does the debtor have any cash or cash equivalents?

⦿ No. Go to Part 2.

◯ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. Cash on hand

2.1 _____    $0.00

3. Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| --- | --- | --- | --- |
| 3.1 _____ | _____ | _____ | $0.00 |

4. Other cash equivalents *(Identify all)*

4.1 _____    $0.00

5. Total of Part 1

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $0.00

### Part 2:    Deposits and prepayments

6. Does the debtor have any deposits or prepayments?

⦿ No. Go to Part 3.

◯ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. Deposits, including security deposits and utility deposits
Description, including name of holder of deposit

7.1 _____    $0.00

8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent
Description, including name of holder of prepayment

8.1 _____    $0.00

9. Total of Part 2

Add lines 7 through 8. Copy the total to line 81.    $0.00

**Part 3:    Accounts receivable**

10. Does the debtor have any accounts receivable?

( ) No. Go to Part 4.

( ) Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

11. Accounts receivable

| | | | | | |
|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ face amount | - _____ doubtful or uncollectible accounts | = ........ → | $0.00 |
| 11b. | Over 90 days old: | _____ face amount | - _____ doubtful or uncollectible accounts | = ........ → | $0.00 |

12. Total of Part 3

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $0.00

**Part 4:    Investments**

13. Does the debtor own any investments?

( ) No. Go to Part 5.

( ) Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. Mutual funds or publicly traded stocks not included in Part 1
Name of fund or stock:

14.1 _____    _____    $0.00

15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture

Name of entity:                                                    % of ownership:

15.1 _____     _____ %     _____  $0.00

16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1

Describe:

16.1 _____     _____  $0.00

17. Total of Part 4

Add lines 14 through 16. Copy the total to line 83.

$0.00

## Part 5:  Inventory, excluding agriculture assets

18. Does the debtor own any inventory (excluding agriculture assets)?

- ◉ No. Go to Part 6.
- ○ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. Raw materials | | | | |
| _____ | _____ | $ _____ | _____ | $0.00 |
| 20. Work in progress | | | | |
| _____ | _____ | $ _____ | _____ | $0.00 |
| 21. Finished goods, including goods held for resale | | | | |
| _____ | _____ | $ _____ | _____ | $0.00 |
| 22. Other inventory or supplies | | | | |
| _____ | _____ | $ _____ | _____ | $0.00 |

23. Total of Part 5

Add lines 19 through 22. Copy the total to line 84.

$0.00

24. Is any of the property listed in Part 5 perishable?

- ◉ No
- ○ Yes

25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?

○ No

○ Yes    Book value    $ _____    Valuation method _____    Current value    $ _____


26. Has any of the property listed in Part 5 been appraised by a professional within the last year?

⦿ No

○ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

⦿ No. Go to Part 7.

○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. Crops—either planted or harvested | $ _____ | _____ | $0.00 |
| 29. Farm animals *Examples:* Livestock, poultry, farm-raised fish | $ _____ | _____ | $0.00 |
| 30. Farm machinery and equipment (Other than titled motor vehicles) | $ _____ | _____ | $0.00 |
| 31. Farm and fishing supplies, chemicals, and feed | $ _____ | _____ | $0.00 |
| 32. Other farming and fishing-related property not already listed in Part 6 | $ _____ | _____ | $0.00 |

33. Total of Part 6

Add lines 28 through 32. Copy the total to line 85.

| $0.00 |
|---|

34. Is the debtor a member of an agricultural cooperative?

⦿ No

○ Yes. Is any of the debtor's property stored at the cooperative?

⦿ No

○ Yes

35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?

  ◉ No

  ○ Yes    Book value  $ _____    Valuation method _____    Current value  $ _____

36. Is a depreciation schedule available for any of the property listed in Part 6?

  ◉ No

  ○ Yes

37. Has any of the property listed in Part 6 been appraised by a professional within the last year?

  ◉ No

  ○ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

  ◉ No. Go to Part 8.

  ○ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. Office furniture | | | |
| 39.1 _____ | $ _____ | _____ | $0.00 |
| 40. Office fixtures | | | |
| 40.1 _____ | $ _____ | _____ | $0.00 |
| 41. Office equipment, including all computer equipment and communication systems equipment and software | | | |
| 41.1 _____ | $ _____ | _____ | $0.00 |
| 42. Collectibles *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $0.00 |

43. Total of Part 7

Add lines 39 through 42. Copy the total to line 86.

                                                      | $0.00 |

44. Is a depreciation schedule available for any of the property listed in Part 7?

  ◉ No

  ○ Yes

45. Has any of the property listed in Part 7 been appraised by a professional within the last year?

    ⦿ No

    ○ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. Does the debtor own or lease any machinery, equipment, or vehicles?

    ⦿ No. Go to Part 9.

    ○ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles | | | |
| 47.1 | $ _____ | _____ | $0.00 |
| _____ | | | |
| 48. Watercraft, trailers, motors, and related accessories Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ _____ | _____ | $0.00 |
| _____ | | | |
| 49. Aircraft and accessories | | | |
| 49.1 | $ _____ | _____ | $0.00 |
| _____ | | | |
| 50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment) | | | |
| 50.1 | $ _____ | _____ | $0.00 |
| _____ | | | |

51. Total of Part 8.

Add lines 47 through 50. Copy the total to line 87.

                 | $0.00 |

52. Is a depreciation schedule available for any of the property listed in Part 8?

    ⦿ No

    ○ Yes

53. Has any of the property listed in Part 8 been appraised by a professional within the last year?

    ⦿ No

    ○ Yes

**Part 9:** **Real Property**

54. Does the debtor own or lease any real property?

&#9673; No. Go to Part 10.
&#9711; Yes. Fill in the information below.

55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $0.00 |

56. Total of Part 9.

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |
|---|

57. Is a depreciation schedule available for any of the property listed in Part 9?

&#9673; No
&#9711; Yes

58. Has any of the property listed in Part 9 been appraised by a professional within the last year?

&#9673; No
&#9711; Yes

**Part 10:** **Intangibles and intellectual property**

59. Does the debtor have any interests in intangibles or intellectual property?

&#9673; No. Go to Part 11.
&#9711; Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. Patents, copyrights, trademarks, and trade secrets | | | |
| 60.1 | $ | | $0.00 |
| 61. Internet domain names and websites | | | |
| 61.1 | $ | | $0.00 |
| 62. Licenses, franchises, and royalties | | | |
| 62.1 | $ | | $0.00 |

63. Customer lists, mailing lists, or other compilations

63.1 _____ $ _____ _____ $0.00

64. Other intangibles, or intellectual property

64.1 _____ $ _____ _____ $0.00

65. Goodwill

65.1 _____ $ _____ _____ $0.00

66. Total of Part 10.

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |
| --- |

67. Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?

- ⦿ No
- ◯ Yes

68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?

- ⦿ No
- ◯ Yes

69. Has any of the property listed in Part 10 been appraised by a professional within the last year?

- ⦿ No
- ◯ Yes

| Part 11: | All other assets |
| --- | --- |

70. Does the debtor own any other assets that have not yet been reported on this form?
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ⦿ No. Go to Part 12.
- ◯ Yes. Fill in the information below.

Current value of debtor's interest

71. Notes receivable
Description (include name of obligor)

71.1 _____ _____ - _____ = ➔ $0.00
                        total face amount          doubtful or uncollectible
                                                   amount

72. Tax refunds and unused net operating losses (NOLs)
Description (for example, federal, state, local)

72.1 _____ Tax year _____ $0.00

73. Interests in insurance policies or annuities

73.1 _____                    $0.00 _____


74. Causes of action against third parties (whether or not a lawsuit has been filed)

74.1 _____                    $0.00 _____

Nature of Claim        _____

Amount requested       $ _____


75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims

75.1 _____                    $0.00 _____

Nature of Claim        _____

Amount requested       $ _____


76. Trusts, equitable or future interests in property

76.1 _____                    $0.00 _____


77. Other property of any kind not already listed *Examples:* Season tickets, country club membership

77.1 _____                    $0.00 _____


78. Total of Part 11.

Add lines 71 through 77. Copy the total to line 90.                    | $0.00 _____ |


79. Has any of the property listed in Part 11 been appraised by a professional within the last year?

   ◉ No
   ○ Yes

**Part 12:    Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $0.00 | |
| 82. Accounts receivable. Copy line 12, Part 3. | $0.00 | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0.00 | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0.00 | |
| 88. Real property. Copy line 56, Part 9. | → | $0.00 |
| 89. Intangibles and intellectual property.. Copy line 66, Part 10. | $0.00 | |
| 90. All other assets. Copy line 78, Part 11. | $0.00 | |
| 91. Total. Add lines 80 through 90 for each column    91a. | $0.00 | 91b. $0.00 |
| 92. Total of all property on Schedule A/B. Lines 91a + 91b = 92. | | $0.00 |

| Fill in this information to identify the case: |
|---|
| **Debtor name:** X Plus Two Solutions, LLC |
| **United States Bankruptcy for the District of:** Southern New York |
| **Case number:** 19-10978 |

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

| Part 1: | List Creditors Who Have Claims Secured by Property |
|---|---|

1. Do any creditors have claims secured by debtor's property?

   ○ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ● Yes. Fill in all of the information below.

2. List creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | **Column A** Amount of Claim Do not deduct the value of collateral. | **Column B** Value of collateral that supports this claim |
|---|---|---|

**2.1**

Creditor's name and mailing address
CERBERUS BUSINESS FINANCE, LLC, 875 THIRD AVENUE, 10TH FLOOR, NEW YORK, NY 10022

Date debt was incurred?
SEPTEMBER 6, 2017

Last 4 digits of account number
_____

Do multiple creditors have an interest in the same property?

○ No

● Yes. Specify each creditor, including this creditor, and its relative priority.
SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) - 2ND LIEN, 3RD LIEN
CERBERUS CAPITAL MANAGEMENT, L.P. - 3RD LIEN

Describe debtor's property that is subject to the lien:
_____

Describe the lien
1ST LIEN PRINCIPAL DEBT BALANCE

Is the creditor an insider or related party?

○ No

● Yes

Is anyone else liable on this claim?

○ No

● Yes Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$146,954,066.00                    $ TBD

**2.2**

Creditor's name and mailing address

CERBERUS BUSINESS FINANCE, LLC, 875 THIRD AVENUE, 10TH FLOOR, NEW YORK, NY 10022

Date debt was incurred?

'9/6/17 - 3/28/19

Last 4 digits of account number

Do multiple creditors have an interest in the same property?

- ( ) No
- (●) Yes. Specify each creditor, including this creditor, and its relative priority.

SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) - 2ND LIEN, 3RD LIEN

Describe debtor's property that is subject to the lien:       $5,850,027.32       $ TBD

Describe the lien

3RD LIEN ACCRUED PIK INTEREST

Is the creditor an insider or related party?

- ( ) No
- (●) Yes

Is anyone else liable on this claim?

- ( ) No
- (●) Yes Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**2.3**

Creditor's name and mailing address

SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT), ONE MARKET STREET, STEUART TOWER, 23RD FLOOR, SAN FRANCISCO, CA 94105

Date debt was incurred?

AUGUST 6, 2018

Last 4 digits of account number

Do multiple creditors have an interest in the same property?

- ( ) No
- (●) Yes. Specify each creditor, including this creditor, and its relative priority.

CERBERUS CAPITAL MANAGEMENT, L.P. - 1ST LIEN, 3RD LIEN

Describe debtor's property that is subject to the lien:       $15,000,000.00       $ TBD

Describe the lien

2ND LIEN PRINCIPAL DEBT BALANCE

Is the creditor an insider or related party?

- ( ) No
- (●) Yes

Is anyone else liable on this claim?

- ( ) No
- (●) Yes Fill out Schedule H: Codebtors (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

| 2.4 | | | |
|---|---|---|---|

Describe debtor's property that is subject to the lien:     $1,062,338.68     $ TBD

Creditor's name and mailing address
SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT), ONE MARKET STREET, STEUART TOWER, 23RD FLOOR, SAN FRANCISCO, CA 94105

Describe the lien
3RD LIEN ACCRUED PIK INTEREST

Is the creditor an insider or related party?
○ No
◉ Yes

Date debt was incurred?
8/6/18 - 3/28/19

Is anyone else liable on this claim?
○ No
◉ Yes Fill out Schedule H: Codebtors (Official Form 206H)

Last 4 digits of account number

As of the petition filing date, the claim is:
Check all that apply.

Do multiple creditors have an interest in the same property?
○ No
◉ Yes. Specify each creditor, including this creditor, and its relative priority.
CERBERUS CAPITAL MANAGEMENT, L.P. - 1ST LIEN, 3RD LIEN

☐ Contingent

☐ Unliquidated

☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.     $168,866,432.00

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | Sort | On which line in Part 1 did you enter the related creditor? Sort | Last 4 digits of account number for this entity |
|---|---|---|---|
| 3.1 PETRUS CAPITAL MANAGEMENT, LLC, 3000 TURTLE CREEK BLVD, DALLAS, TX 75219 | | 2.1 & 2.2 | |

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** X Plus Two Solutions, LLC |
| **United States Bankruptcy for the District of:** Southern New York |
| **Case number:** 19-10978 |

☐ Check if this is an amended filing

<u>Official Form 206E/F</u>

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

◉ No. Go to Part 2.

○ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
| --- | --- | --- | --- |
| 2.1 | Priority creditor's name and mailing address | $ _____ | $0.00 |
| | _____ | | |
| | Date or dates debt was incurred | | |
| | _____ | | |
| | Last 4 digits of account number | | |
| | _____ | | |
| | Specify Code subsection of PRIORITY unsecured claim: | | |
| | 11 U.S.C. § 507(a) ( _____ ) | | |

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?

◉ No

○ Yes

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claim

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
| --- | --- | --- |
| 3.1 | Nonpriority creditor's name and mailing address | $0.00 |
| | Date or dates debt was incurred | |
| | _____ | |
| | _____ | |

As of the petition filing date, the claim is: *Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the claim:

_____

Is the claim subject to offset?

◉ No

○ Yes

**Part 3:** **List Others to BE Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |
| | ☐ Not listed. Explain | |

---

**Part 4:** **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $0.00 |
| 5b. Total claims from Part 2 | 5b. | $0.00 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $0.00 |

| Fill in this information to identify the case: |
|---|
| **Debtor name:** X Plus Two Solutions, LLC |
| **United States Bankruptcy for the District of:** Southern New York |
| **Case number:** 19-10978 |

☐ Check if this is an amended filing

<u>Official Form 206G</u>

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

| Schedule G: | **Executory Contracts and Unexpired Leases** |
|---|---|

1. Does the debtor have any executory contracts or unexpired leases?

   ⦿ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ◯ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1    State what the contract or lease is for and the nature of the debtor's interest    _____    _____

State the term remaining    _____

List the contract number of any government contract    _____

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** X Plus Two Solutions, LLC |
| **United States Bankruptcy for the District of:** Southern New York |
| **Case number:** 19-10978 |

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. Does the debtor have any codebtors?

   ○ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ◉ Yes

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* Codebtor | | *Column 2:* Creditor | |
| --- | --- | --- | --- |
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1  POINT ROLL, INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D ☐ E/F ☐ G |
| 2.2  POINT ROLL, INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D ☐ E/F ☐ G |
| 2.3  SIZMEK DSP INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D ☐ E/F ☐ G |
| 2.4  SIZMEK DSP INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D ☐ E/F ☐ G |
| 2.5  SIZMEK INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D ☐ E/F ☐ G |

| | | | |
|---|---|---|---|
| 2.6  SIZMEK INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D<br>☐ E/F<br>☐ G |
| 2.7  SIZMEK TECHNOLOGIES, INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.8  SIZMEK TECHNOLOGIES, INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D<br>☐ E/F<br>☐ G |
| 2.9  SOLOMON ACQUISITION CORP. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.10  SOLOMON ACQUISITION CORP. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D<br>☐ E/F<br>☐ G |
| 2.11  WIRELESS ARTIST LLC | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.12  WIRELESS ARTIST LLC | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D<br>☐ E/F<br>☐ G |
| 2.13  WIRELESSDEVELOPER, INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D<br>☐ E/F<br>☐ G |
| 2.14  WIRELESSDEVELOPER, INC. | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D<br>☐ E/F<br>☐ G |

| 2.15 | X PLUS ONE SOLUTIONS, LLC | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | CERBERUS BUSINESS FINANCE, LLC | ☑ D |
| | | | | ☐ E/F |
| | | | | ☐ G |

| 2.16 | X PLUS ONE SOLUTIONS, LLC | 401 PARK AVE., S., 5TH FLOOR, NEW YORK, NY 10016 | SIZMEK FINCO, LLC (VECTOR CAPITAL MANAGEMENT) | ☑ D |
| | | | | ☐ E/F |
| | | | | ☐ G |

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name: X Plus Two Solutions, LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy for the District of: Southern New York</td></tr>
<tr><td colspan="2">Case number: 19-10978</td></tr>
</table>

☐ Check if this is an amended filing

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▓ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206G)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/26/2019 _____        /s/ SASCHA WITTLER
                                                         Signature of individual signing on behalf of debtor
                                                         SASCHA WITTLER
                                                         Printed name
                                                         CHIEF FINANCIAL OFFICER
                                                         Position or relationship to debtor