**Hearing Date: May 16, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 9, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

Steven J. Reisman, Esq.
Cindi M. Giglio, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8876
sreisman@kattenlaw.com
cindi.giglio@kattenlaw.com
jerry.hall@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:     (312) 902-5455
Facsimile:     (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

      **PLEASE TAKE NOTICE** that on May 2, 2019, the above-captioned debtors and debtors

in possession (collectively, the "<u>Debtors</u>") filed *Debtors' Motion for Order Pursuant to*

*Bankruptcy Code Sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local*

*Bankruptcy Rule 6006 1 Authorizing and Approving Expedited Procedures for Rejection and*

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

*Assumption of Executory Contracts and Unexpired Leases and Granting Related Relief* (the "Motion").  A hearing (the "Hearing") on the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **May 16, 2019 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "Case Management Order") [Docket No. 103], shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **May 9, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order), including the following:

    a.   Counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn.: Steven J. Reisman, Esq., Cindi M. Giglio, Esq., and Jerry L. Hall, Esq., and Katten Muchin Rosenman LLP, 525 West Monroe St., Chicago, IL 60661-3693, Attn.: Peter A. Siddiqui, Esq.;

139012524v2

b.  The Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.:  Richard Morrissey, Esq.;

a.  Proposed counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten, Esq.; Michael Klein, Esq.; Robert Winning, Esq.; and Lauren Reichardt, Esq.

b.  counsel to the agents under Debtors' prepetition financing agreements;

c.  counsel to Debtors' equity sponsor;

d.  holders of the 50 largest unsecured claims against Debtors (on a consolidated basis);

e.  the United States Attorney's Office for the Southern District of New York;

f.  the Internal Revenue Service;

g.  the office of the Attorney General for the State of New York;

h.  the Securities and Exchange Commission; and

i.  any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.  Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

3

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/sizmek.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


Dated:  May 2, 2019                         */s/ Steven J. Reisman*
New York, NY                                **KATTEN MUCHIN ROSENMAN LLP**
                                            Steven J. Reisman, Esq.
                                            Cindi M. Giglio, Esq.
                                            Jerry L. Hall, Esq. (admitted *pro hac vice*)
                                            575 Madison Avenue
                                            New York, NY 10022-2585
                                            Telephone: (212) 940-8800
                                            Facsimile:  (212) 940-8876
                                            Email:      sreisman@kattenlaw.com
                                                        cindi.giglio@kattenlaw.com
                                                        jerry.hall@kattenlaw.com

                                            -and-

                                            Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
                                            **KATTEN MUCHIN ROSENMAN LLP**
                                            525 W. Monroe Street
                                            Chicago, IL 60661-3693
                                            Telephone: (312) 902-5455
                                            Email:      peter.siddiqui@kattenlaw.com

                                            *Counsel to Debtors and Debtors-in-Possession*

139012524v2

**Hearing Date:  May 16, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  May 9, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., *et al.*,[2] | Case No. 19-10971 (SMB) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, "Debtors")

hereby move (the "Motion") this Court for entry of an order substantially in the form attached

hereto as **Exhibit A** (the "Order"), under sections 105, 365, and 554 of title 11 of the United States

Code (the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy

---

[2]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing and approving expedited procedures for Debtors to reject or assume executory contracts and unexpired leases and granting related relief.  In support of the Motion, Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012.  Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are Bankruptcy Code sections 105(a), 365, and 554(a), Bankruptcy Rules 6004, 6006, and 9014, and Local Bankruptcy Rule 6006-1.

## BACKGROUND

### A.      The Chapter 11 Cases

4.      Sizmek Inc., together with its Debtor and non-Debtor affiliates, is a leading online advertising campaign management and distribution platform for advertisers, media agencies, and publishers.  Debtors and their non-Debtor affiliates, who, as of March 29, 2019 (the "Petition Date") had approximately 1,114 employees worldwide, assist their clients with engaging a broad consumer audience in 19 countries across multiple online media channels by facilitating

139012524v2

the implementation of targeted, data-driven advertising strategies that encompass all of the technology and intelligence necessary to execute effective global advertisement campaigns. Debtors are headquartered in New York, New York, with operations and assets in the United States and abroad. As of the Petition Date, Debtors have approximately $172 million of funded indebtedness.

5. On the Petition Date, Debtors' non-Debtor holding company, Solomon Acquisition Corp., and Debtor Sizmek Inc. caused Debtors' voluntary petitions for relief to be filed under the Bankruptcy Code. Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On April 3, 2019, the Court entered an order [Dkt. 29] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No entity has requested the appointment of a trustee or examiner in these chapter 11 cases. On April 17, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in these chapter 11 cases (the "Committee").

6. Additional information regarding Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the *Declaration of Sascha Wittler, Chief Financial Officer, of Sizmek Inc., (I) in Support of Chapter 11 Petitions and (II) Pursuant to Local Rule 1007-2* [Dkt. 13] and the *Supplemental Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2*, filed on April 9, 2019 [Dkt. 54] (together, the "First Day Declaration").

3

**B.      Debtors' Executory Contracts and Unexpired Leases**

7.      As described in further detail below, Debtors are party to many executory contracts and unexpired leases (the "Contracts").  As part of their restructuring efforts, Debtors are evaluating whether these Contracts should be rejected as unfavorable or assumed (or assumed and assigned) as beneficial to their estates.  Absent the relief requested in this Motion, Debtors would be required to file separate motions for each rejection or assumption of a Contract, resulting in substantial costs to, and administrative burdens on, Debtors' estates.  Accordingly, Debtors bring this Motion seeking the Court's authorization and approval of the rejection and assumption procedures described herein.

## RELIEF REQUESTED

8.      By this Motion, Debtors seek entry of an Order, pursuant to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1, authorizing and approving the expedited Rejection Procedures and Assumption Procedures (each as defined below) (collectively, the "Contract Procedures").  Debtors also request authority, but not direction, to remove or abandon personal property of Debtors, including, *inter alia,* equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are the subject to a rejected Contract after the effective date of any proposed rejection.

9.      For the reasons set forth herein, Debtors submit that the relief requested herein is in the best interest of Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

4

## PROPOSED CONTRACT PROCEDURES

**A.      Rejection Procedures**

10.     Debtors request that the following procedures (the "Rejection Procedures")

be approved in connection with the rejection of Contracts during the course of Debtors' chapter

11 cases:

a.      Rejection Notice.  Debtors will file a notice to reject any Contract (the "Rejection Notice"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured Parties (as defined in the First Day Declaration), pursuant to Bankruptcy Code section 365, substantially in the form annexed as Exhibit 1 to the proposed order attached hereto as **Exhibit A**, which shall set forth the following information, based on the best information available to Debtors and as applicable:  (i) the Contract(s) that Debtors seek to reject; (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the proposed effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (v) if such Contract is a lease, the personal property to be abandoned, if any, and an estimate of the book value of such property; and (vi) the deadlines and procedures for filing objections to the Rejection Notice, as set forth below.  The Rejection Notice may list multiple Contracts, provided that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 absent further Court authorization.

b.      Service of the Rejection Notice.  Debtors will cause the Rejection Notice to be served upon the following parties (collectively, the "Rejection Notice Parties"), in the following manner:  (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn:  Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.     <u>Objection Procedures</u>.  Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is filed with this Court and is ***actually received*** by the following parties (collectively, the "<u>Objection Service Parties</u>") no later than fourteen (14) calendar days after the date Debtors serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>"):  (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

d.     <u>No Objection</u>.  If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "<u>Rejection Order</u>") granting such relief and including a statement confirming the absence of a timely objection.  Debtors shall cause the Rejection Order to be served by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Order.  Following the filing of such Rejection Order, the applicable Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date; *provided*, *however*, that the Rejection Date for a rejection of a lease non-residential real property shall not be earlier than the later of (a) the date the Debtors file and serve the Rejection Notice, (b) the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable landlord, or if not by delivering such keys and codes, then by providing notice, in writing, that the landlord may re-let the premises; or (c) such date as agreed between the parties.

e.     <u>Unresolved Objections</u>.  If a timely objection is filed that cannot be resolved, Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice

139012524v2

or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

f.      <u>No Application of Security Deposits</u>.  If Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g.      <u>Abandoned Property</u>.  Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of Debtors' personal property that may be located on Debtors' leased premises that are subject to a rejected Contract.  Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.[3]  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such abandoned property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.      <u>Rejection Damages</u>.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the date of service of the applicable Rejection Order and (ii) any applicable claims bar date for filing proofs of claim established in these chapter 11 cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

## B.    Assumption Procedures

11.    In addition, Debtors request that the following procedures (the "<u>Assumption Procedures</u>") be approved in connection with the assumption and/or the assumption and assignment of Contracts during the course of Debtors' chapter 11 cases:

a.      <u>Assumption Notice</u>.  Debtors will file a notice to assume any Contract (the "<u>Assumption Notice</u>"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured Parties (as defined in the First Day Declaration), pursuant to Bankruptcy

---

[3]    If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

139012524v2

Code section 365, substantially in the form annexed as <u>Exhibit 2</u> to the proposed order attached hereto as **<u>Exhibit A</u>,** which shall set forth the following information, based on the best information available to Debtors and as applicable:  (i) the Contract(s) to be assumed; (ii) the Debtor to Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the identity of the proposed assignee of such Contract(s) (the "<u>Assignee</u>"), if applicable; (v) the proposed effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"), which date may not be before the date of service of the Assumption Notice; (vi) the proposed cure amount, if any; and (vii) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.

    b.    <u>Service of the Assumption Notice</u>.  Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "<u>Assumption Notice Parties</u>"), in the following manner:  (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

    c.    <u>Objection Procedures</u>.  Parties objecting to a proposed assumption or assumption and assignment of a Contract, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days after the date Debtors serve the relevant Assumption Notice.

    d.    <u>No Objection</u>.  If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "**Assumption Order**") granting such relief and including a statement confirming the absence of a timely objection.  Following the filing of such Assumption Order, then (i) Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these chapter 11 cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a)  Debtors withdraw such Assumption Notice

8

on or prior to the Assumption Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such date.

e.    <u>Unresolved Objections</u>.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

12.    In addition, pursuant to Bankruptcy Code sections 105(a) and 363(f), Debtors request that the assignment of any Contract pursuant to the Assumption Procedures:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights), and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[4]

---

[4]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  Debtors reserve the right to argue that such clauses are unenforceable as anti-assignment or *ipso facto* clauses under section 365 of the Bankruptcy Code.

9

**BASIS FOR RELIEF**

13.     Debtors are parties to many Contracts related to the operation of their business.  Debtors are in the process of evaluating these Contracts to determine those that benefit their estates and support Debtors' going-forward business plan and/or potential sale transaction, and those that are burdensome or no longer integral to such plan and/or potential sale transaction.  Due to the sheer volume of the Contracts, Debtors have developed the proposed Contract Procedures, as set forth herein, for rejecting or assuming (or assuming and assigning) Contracts during these chapter 11 cases.  Debtors believe the proposed Contract Procedures are appropriate and consistent with the deferential business judgment standard, as well as the applicable notice requirements of the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules.

14.     As noted above, absent the relief requested herein, Debtors would be required to file separate motions for each rejection or assumption of a Contract, resulting in substantial costs to, and administrative burdens on, Debtors' estates, as well as on the Court's docket.  Accordingly, Debtors respectfully submit that approval of the Contract Procedures is appropriate and necessary to minimize such costs and burdens in these chapter 11 cases.

**APPLICABLE AUTHORITY**

**A.     Bankruptcy Code Sections 365(a) and 105(a) Support Approval of the Contract Procedures for Debtors to Reject, Assume, and Assign Contracts in the Sound Exercise of their Business Judgment.**

15.     Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease[.]"  11 U.S.C. §365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 386 (2d Cir. 1997).  The Court may approve a debtor's decision to assume or reject an executory contract if such decision is made in the exercise of the debtor's sound business judgment.  *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d

Cir. 1993); *Bethlehem Steel Corp. v. BP Energy Co. (In re Bethlehem Steel Corp.)*, 291 B.R. 260,

264 (Bankr. S.D.N.Y. 2003) ("The purpose of section 365(a) is to allow the debtor to benefit from

those contracts that are profitable and reject those which are unprofitable, thereby maximizing the

value of the debtor's estate."); *see also NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72,

79 (3d Cir. 1982) (holding that proper test for rejection was business judgment test), *aff'd*, 465

U.S. 513 (1984).

16.     The "business judgment" test merely requires a showing that either

assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.

*See In re Helm*, 335 B.R. 528, 538 (Bankr. S.D.N.Y. 2006) ("To meet the business judgment test,

the debtor in possession must 'establish that rejection will benefit the estate.'" (internal citation

omitted)); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992).  Courts generally will

not second-guess a debtor's business judgment concerning whether the assumption or rejection of

an executory contract or unexpired lease would benefit the debtor's estate.  *See In re Balco Equities

Ltd.*, 323 B.R. 85, 98 (Bankr. S.D.N.Y. 2005) ("A court 'should defer to a debtor's decision that

rejection of a contract would be advantageous unless the decision is so unreasonable that it could

not be based on sound business judgment, but only on bad faith or whim.'" (internal citation

omitted)); *accord Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 95152 (N.D. Ohio 1997)

("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business

judgment of the debtor.  Courts should generally defer to debtor's decision whether to reject an

executory contract."  (internal citations omitted)).

17.     Debtors have determined, in their sound business judgment, that the

rejection, assumption, or assumption and assignment of Contracts in accordance with the Contract

Procedures proposed herein is and will be in the best interest of Debtors' estates.

11

18.    The Court may also approve the Contract Procedures under Bankruptcy Code section 105(a), which codifies a bankruptcy court's inherent equitable powers and allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, a bankruptcy court's exercise of its authority under Bankruptcy Code section 105(a) is appropriately used to carry out one of the central policies underlying chapter 11 – to preserve and maximize value for the benefit of Debtors' estates and their stakeholders.

**B.    Bankruptcy Code Section 363(f) Authorizes Debtors to Assign Contracts Free and Clear of Interests.**

19.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if: (a) applicable non-bankruptcy law permits such a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. 11 U.S.C. § 363(f).

20.    Executory contracts and unexpired leases are property of a debtor's estate. To the extent Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property, and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied. Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of Bankruptcy Code section 363(f)(2). If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or

12

resolved, Debtors shall file a notice for a hearing to consider the objection; if such objection is overruled or withdraw, the Contract(s) in question shall be assumed. The requirements of Bankruptcy Code section 363(f)(2) would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances and other interests.

21.    Courts in this district and others have granted similar authority. *See, e.g., In re SunEdison, Inc., et al.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. May 13, 2016); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Feb. 29, 2016) (authorizing the assignment of contracts and leases free and clear of liens and claims); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (ALG) (Bankr. S.D.N.Y. Aug. 10, 2015) (same); *In re Linens Holding Co.*, No. 08-10832 (CSS) (Bankr. D. Del. July 10, 2008) (same).[5]

**C.    Bankruptcy Code Section 554 Authorizes Debtors to Abandon Personal Property.**

22.    Bankruptcy Code section 554(a) provides that, subject to Court approval, a debtor in possession may abandon "property of the estate that . . . is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a); *Adelphi Hospital Corp. v. N.Y. State Department of Health (In re Adelphi Hospital Corp.)*, 579 F.2d 726, 729 (2d Cir. 1978) (affirming order authorizing debtor to abandon property that would not benefit the debtor's estate).  Before authorizing abandonment of property, a bankruptcy court must find either (i) the property is burdensome to the debtor's estate, or (ii) the property is both of inconsequential value and inconsequential benefit to the debtor's estate. *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 509 (1986); *In re Texaco, Inc.*, 92 B.R. 38, 44 (S.D.N.Y. 1988); *In re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990).

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to Debtors' counsel.

23.    The personal property proposed to be abandoned in connection with any future rejections of real property leases would primarily consist of fixtures, furniture, and other office equipment which are (i) of *de minimis* material value or benefit to Debtors' estates, and/or (ii) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale. Accordingly, with respect to Debtors' request for authority to abandon personal property under the Contract Procedures, Debtors submit that the standard set forth in Bankruptcy Code section 554(a) is satisfied.

**D.    The Contract Procedures Are Appropriate Under Applicable Bankruptcy Rules.**

24.    As a procedural matter, Bankruptcy Rule 9014 provides, in relevant part, that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a).[6] The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining 'after notice and a hearing', or a similar phrase" to mean "after such notice as is appropriate under the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances").

25.    Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one omnibus motion, subject to Bankruptcy Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e). Given the voluminous number of Contracts that Debtors will likely be seeking to reject, assume, or assume and assign, obtaining Court approval of each rejection, assumption, or assumption and assignment would impose

---

[6]    Bankruptcy Rule 9014 is made applicable to this Motion by Bankruptcy Rule 6006(a), which provides that "[a] proceeding to . . . reject .. an executory contract or unexpired lease, other than as part of a plan, is governed by [Bankruptcy] Rule 9014." Fed. R. Bankr. P. 6006(a).

139012524v2

unnecessary administrative burdens on Debtors and the Court, and result in costs to Debtors'

estates that may decrease the economic benefits of rejection, assumption, or assumption and

assignment.  Therefore, Debtors propose to (i) streamline the process for rejection, assumption,

and assumption and assignment as set forth in the Contract Procedures, consistent with applicable

law, to minimize such costs and burdens while (ii) protecting counterparties to the Contracts by

providing such parties with notice, an opportunity to object to the proposed rejection, assumption,

or assumption and assignment, and a hearing for resolution of any unresolved objections.

26.    Furthermore, the counterparties to the Contracts will suffer no prejudice

under the Contract Procedures.  Under Bankruptcy Rule 6006(f), a motion to assume or reject

multiple executory contracts or unexpired leases that are not between the same parties must

(i) state in a conspicuous place that parties receiving the omnibus motion should locate their

names and their contracts or leases listed in the motion; (ii) list parties alphabetically and identify

the corresponding contract or lease; (iii) specify the terms, including the curing of defaults, for

each requested assumption or assignment; (iv) specify the terms, including the identity of each

assignee and the adequate assurance of future performance by each assignee, for each requested

assignment; (v) be numbered consecutively with other omnibus motions to assume, assign, or

reject executory contracts or unexpired leases; and (vi) be limited to no more than 100 executory

contracts or unexpired leases.  Fed. R. Bankr. P. 6006(f).  The purpose of Bankruptcy Rule

6006(f), as amended, is to protect the due process rights of counterparties to the Contracts, as

counterparties must be able to locate their Contracts and readily determine whether their

Contracts are being assumed or rejected.  Debtors' Contract Procedures, including the

information provided on the Rejection Notices and Assumption Notices, comply with all

applicable requirements of Bankruptcy Rule 6006(f) and are reasonable and fair to Contract counterparties.

27.    Finally, Bankruptcy Code section 105 provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."   11 U.S.C. § 105(a).   Debtors submit that the implementation of the Contract Procedures is appropriate in these chapter 11 cases and is well within the Court's equitable powers under Bankruptcy Code section 105.

28.    Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g., In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Feb. 29, 2016); *In re Sabine Oil & Gas Corp.*, Case No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015); *In re dELiA*s, Inc.*, Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Jan. 9, 2015); *In re Sound Shore Med. Ctr. of Westchester*, Case No. 13-22840 (RDD) (Bankr. S.D.N.Y. Dec. 12, 2013); *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Jan. 3, 2013); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 30, 2012); *In re Borders Grp., Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. June 2, 2011); *In re NR Liquidation III Co. f/k/a Neff Corp.*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 9, 2010).[7]

29.    For the reasons set forth above, Debtors submit that the Contract Procedures are appropriate and should be approved and implemented in these chapter 11 cases, as the relief requested herein is in the best interest of Debtors, their estates, creditors, stakeholders, and other parties in interest.

---

[7]    Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders, however, are available upon request.

139012524v2

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

30.     Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that Debtors seek in this Motion is necessary for Debtors to operate without interruption and to preserve value for their estates.  Accordingly, Debtors respectfully request that the Court waive the fourteen day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## RESERVATION OF RIGHTS

31.     Nothing contained herein is or should be construed as:  (a) an admission as to the validity of any claim against Debtors; (b) a waiver of Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; or (e) otherwise affect Debtors' rights under Bankruptcy Code section 365 to assume or reject any executory contract with any party subject to this Motion.

## NOTICE

32.     Debtors will provide notice of this Motion as required under the Order Establishing Certain Notice, Case Management, and Administrative Procedures [Dkt. 103], entered by this Court on April 23, 2019 (the "Case Management Procedures Order").

## NO PRIOR REQUEST

33.     No previous request for the relief sought herein has been made to this Court or any other court.

139012524v2

## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  May 2, 2019
New York, New York

/s/ Steven J. Reisman
**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022

Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:     sreisman@kattenlaw.com
           jerry.hall@kattenlaw.com
           cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:     peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**<u>Exhibit A</u>**
**Proposed Order**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006
AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND
APPROVING EXPEDITED PROCEDURES FOR REJECTION OR ASSUMPTION OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Debtors for an order, pursuant to sections 105,

365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"),

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

139012524v2

authorizing and approving procedures (the "Contract Procedures") for Debtors to reject or assume

executory contracts and unexpired leases (the "Contracts") and granting related relief; and due and

sufficient notice of the Motion having been given under the particular circumstances; and it

appearing that no other or further notice need be provided; and it appearing that the relief requested

by the Motion is in the best interests of Debtors, their estates, their creditors, their stakeholders,

and other parties in interest; and after due deliberation thereon, and sufficient cause appearing

therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      Debtors are authorized to implement the following approved procedures (the

"Rejection Procedures") in connection with the rejection of any Contract of Debtors during these

chapter 11 cases:

      a.      Rejection Notice.  Debtors will file a notice to reject any Contract (the "Rejection Notice"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured Parties (as defined in the First Day Declaration), pursuant to Bankruptcy Code section 365, substantially in the form attached hereto as **Exhibit 1**, which shall set forth the following information, based on the best information available to Debtors and as applicable:  (i) the Contract(s) that Debtors seek to reject; (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the proposed effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (v) if such Contract is a lease, the personal property to be abandoned, if any, and an estimate of the book value of such property; and (vi) the deadlines and procedures for filing objections to the Rejection Notice, as set forth below.  The Rejection Notice may list multiple Contracts, provided that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 absent further Court authorization.

      b.      Service of the Rejection Notice.  Debtors will cause the Rejection Notice to be served upon the following parties (collectively, the "Rejection Notice Parties"), in the following manner:  (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Notice, and (ii) by first class mail, email or fax upon (a) the Office of the

2

United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.    Objection Procedures.  Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is filed with this Court and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date Debtors serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

d.    No Objection.  If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "Rejection Order") granting such relief and including a statement confirming the absence of a timely objection.  Debtors shall cause the Rejection Order to be served by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Order. Following the filing of such Rejection Order, the applicable Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date; *provided*, *however*, that the Rejection Date

3

for a rejection of a lease non-residential real property shall not be earlier than the later of (a) the date the Debtors file and serve the Rejection Notice, (b) the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable landlord, or if not by delivering such keys and codes, then by providing notice, in writing, that the landlord may re-let the premises; or (c) such date as agreed between the parties.

e.      Unresolved Objections.  If a timely objection is filed that cannot be resolved, Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

f.      No Application of Security Deposits.  If Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g.      Abandoned Property.  Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of Debtors' personal property that may be located on Debtors' leased premises that are subject to a rejected Contract.  Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.[3] Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such abandoned property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.      Rejection Damages.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the date of service of the applicable Rejection Order and (ii) any applicable claims bar date for filing proofs of claim established in these chapter 11 cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

---

[3]     If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

3.       Debtors are authorized to implement the following approved procedures (the "Assumption Procedures") in connection with the assumption and/or the assumption and assignment of Contracts during the course of Debtors' chapter 11 cases:

a.       Assumption Notice.  Debtors will file a notice to assume any Contract (the "Assumption Notice"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured Parties (as defined in First Day Declaration), pursuant to Bankruptcy Code section 365, substantially in the form attached hereto as **Exhibit 2**, which shall set forth the following information, based on the best information available to Debtors and as applicable:  (i) the Contract(s) to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the identity of the proposed assignee of such Contract(s) (the "Assignee"), if applicable; (v) the proposed effective date of the assumption for each such Contract (the "Assumption Date"), which date may not be before the date of service of the Assumption Notice; (vi) the proposed cure amount, if any; and  (vii) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.

b.       Service of the Assumption Notice.  Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "Assumption Notice Parties"), in the following manner:  (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.       Objection Procedures.  Parties objecting to a proposed assumption or assumption and assignment of a Contract, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days after the date Debtors serve the relevant Assumption Notice.

5

d.      <u>No Objection</u>.  If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "**Assumption Order**") granting such relief and including a statement confirming the absence of a timely objection.  Following the filing of such Assumption Order, then (i) Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these chapter 11 cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a)  Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such date.

e.      <u>Unresolved Objections</u>.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

4.      With regard to Contracts to be assigned, pursuant to Bankruptcy Code section 363(f), the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) held by the Prepetition Secured Parties (as defined in the First Day Declaration) and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature that are held by Prepetition Secured Parties, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any Prepetition Secured Party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes

6

a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).

5.        Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and upon notice to the Prepetition Secured Parties and the Committee and an opportunity to object thereto, Debtors are hereby authorized in accordance with Bankruptcy Code sections 365(b) and (f) to (a) assume and assign to any Assignees the applicable Contract(s), with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contract(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign and transfer such Contract(s).

6.        Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.        An Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date, except to the extent otherwise agreed upon by Debtors and such Assignee.

8.        Debtors are hereby authorized, pursuant to Bankruptcy Code section 363(b), to enter into any consensual amendments to assumed Contracts set forth in an Assumption Notice.

9.        Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notice and the Assumption Notice.

139012524v2

10.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.     The Rejection Procedures shall govern the rejection of Contracts and the Assumption Procedures shall govern the assumption (or assumption and assignment) of Contracts in these chapter 11 cases, except to the extent Debtors and a counterparty or counterparties to a Contract have agreed otherwise in writing and the Prepetition Secured Parties and the Committee have received notice and an opportunity to object to such alternative agreement, in which case the terms of such alternative agreement shall govern the rejection or assumption of the Contract, as applicable, with respect to such counterparty or counterparties.

12.     Nothing in the Motion or this Order shall be deemed or construed as:  (a) an admission as to the validity, amount, or priority of any particular claim against Debtors; (b) a waiver of Debtors' rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion; (f) an admission by Debtors that a Contract is executory or unexpired, as applicable; or (g) a waiver or limitation of Debtors' rights under the Bankruptcy Code or any other applicable law.

13.     All rights and defenses of Debtors with respect to any Contract are preserved, including all rights and defenses of Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of Debtors to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

139012524v2

14.        Notwithstanding the approval of the Contract Procedures, nothing contained in this Order shall prevent Debtors from seeking to reject or assume any Contract or Contracts by separate motion.

15.        Notwithstanding anything to the contrary contained in this Order or in the Motion, any payment, obligation or other relief authorized by this Order shall be subject to and limited by the requirements imposed on Debtors under the terms of any interim or final orders regarding the use of cash collateral (any such order, a "Cash Collateral Order") or any budget in connection therewith, approved by the Court in these chapter 11 cases.  In the event of any conflict between the terms of this Order and the Cash Collateral Order, the terms of the Cash Collateral Order shall control (solely to the extent of such conflict).

16.        Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

17.        The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

18.        Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19.        This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

New York, NY
Dated: May ___, 2019

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

9

## __EXHIBIT 1__

**Form Rejection Notice**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF REJECTION OF [A] CERTAIN EXECUTORY CONTRACT[S]**
**[AND/OR UNEXPIRED LEASE[S]]**

     **PLEASE TAKE NOTICE** that, on [_____], 2019, the United States

Bankruptcy Court for the Southern District of New York (the "Court") entered the order [Docket

No.___] (the "Order") granting the motion (the "Motion")[2] of Debtors for an order, pursuant to

Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local

Bankruptcy Rule 6006-1, authorizing and approving, among other things, procedures for Debtors

to reject executory contracts and unexpired leases (each a "Contract").

---

[1]     Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order and by this written notice (this "Rejection Notice"), Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 1**, or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to Debtors' rejection of any Contract listed in **Schedule 1** must file and serve a written objection, so that such objection is filed with the Court and is ***actually received*** no later than fourteen (14) calendar days after the date that Debtors served this Rejection Notice, upon the following parties:  (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and  Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn:  Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Parties, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Americas, 39th Floor, Los Angeles, CA 90067, Attn: Thomas El Patterson and David A. Filder (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of any Contract listed on **Schedule 1** shall become effective on the Rejection

2

139012524v2

Date set forth in **Schedule 1** without further notice, hearing or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.[3]

PLEASE TAKE FURTHER NOTICE that, if a timely objection to the rejection of any Contract listed on **Schedule 1** is timely filed and not withdrawn or resolved, Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, Debtors will file with the Court a proposed order under certification of counsel (the "Rejection Order") confirming the  absence of a timely objection and the rejection of the Contract(s), and such Contract(s) shall be deemed rejected as of the Rejection Date set forth in **Schedule 1** or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, if Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of Debtors that is listed and described in **Schedule 1** shall be deemed abandoned as of the Rejection Date set forth on **Schedule 1**.

---

[3]    An objection to the rejection of any particular Contract listed in Schedule 1 to this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in Schedule 1.  Any objection to the rejection of any particular Contract must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert any claim(s) arising out of the rejection of your Contract(s) listed on **Schedule 1**, you must do so before the later of (i) thirty (30) days after the date of service of the Rejection Order and (ii) any applicable claims bar date for filing proofs of claim established in these chapter 11 cases. **FAILURE TO TIMELY FILE ANY PROOF OF CLAIM SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED**.

Dated: May _____, 2019          */s/*_____
New York, New York

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022

Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:      sreisman@kattenlaw.com
            jerry.hall@kattenlaw.com
            cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:      peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

4

## **SCHEDULE 1**

**Rejected Contracts**

| Debtors(s) Party to Contract | Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### NOTICE OF ASSUMPTION OF [A] CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASE[S]]

**PLEASE TAKE NOTICE** that, on [_____], 2019, the United States Bankruptcy

Court for the Southern District of New York (the "Court") entered the order [Docket No._]    (the

"Order") granting the motion (the "Motion")[2] of Debtors for an order, pursuant to Bankruptcy

Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rule 6006-1, authorizing and approving, among other things, procedures for Debtors to assume executory contracts and unexpired leases (each a "Contract").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order and by this written notice (this "Assumption Notice"), Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, [Debtor/Assignee], has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request to the counterparty to the Contract, thereby demonstrating that [Debtor/Assignee] has the ability to comply with the requirements of adequate assurance of future performance.[3]

**PLEASE TAKE FURTHER NOTICE** that, Debtors' records reflect the amounts owing, if any, for prepetition arrearages as set forth in **Schedule 1** (the "Cure Amount").

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to Debtors' assumption of any Contract listed in **Schedule 1** must file and serve a written objection, so that such objection is filed with the Court and is actually received no later than fourteen (14) calendar days after the date that Debtors served this Assumption Notice, upon the following parties: (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and  Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii)

---

[3] Debtors shall serve a counterparty to such Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite

1006, New York, NY 10014, Attn:  Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii)

counsel to the Prepetition Secured Parties, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue

of the Americas, 39th Floor, Los Angeles, CA 90067, Attn: Thomas El Patterson and David A.

Filder (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the

Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and

Michael Klein (svanaalten@cooley.com and mklein@cooley.com); (v) to the extent not listed

herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

      **PLEASE TAKE FURTHER NOTICE** that, absent an objection being untimely filed, the

assumption of any Contract listed on Schedule 1 shall become effective on the Assumption Date

set forth in **<u>Schedule 1</u>** without further notice, hearing or order of this Court, unless (i) Debtors

withdraw such Assumption Notice on or prior to the Assumption Date or (ii) Debtors and the

pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such

date.[4]

      *[Remainder of Page Intentionally Left Blank; Signature Page Follows.]*

---

[4]     An objection to the assumption of any particular Contract listed in **<u>Schedule 1</u>** to this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in **<u>Schedule 1</u>**. Any objection to the assumption of any particular Contract must state with specificity the Contract(s) to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and Order.

Dated: May __, 2019          /s/ _____
New York, New York           **KATTEN MUCHIN ROSENMAN LLP**
                             Steven J. Reisman, Esq.
                             Jerry L. Hall, Esq. (admitted *pro hac vice*)
                             Cindi M. Giglio, Esq.
                             575 Madison Avenue
                             New York, NY 10022

                             Telephone: (212) 940-8800
                             Facsimile:  (212) 940-8876
                             Email:      sreisman@kattenlaw.com
                                         jerry.hall@kattenlaw.com
                                         cindi.giglio@kattenlaw.com

                             -and-

                             Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
                             **KATTEN MUCHIN ROSENMAN LLP**
                             525 W. Monroe Street
                             Chicago, IL 60661
                             Telephone: (312) 902-5455
                             Email:      peter.siddiqui@kattenlaw.com

                             *Counsel to Debtors and Debtors-in-Possession*

## <u>SCHEDULE 1</u>

**Assumed Contracts**

| Debtors(s) Party to Contract | Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |