Hearing Date: May 16, 2019 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: May 9, 2019 at 4:00 p.m. (Prevailing Eastern Time)

Steven J. Reisman, Esq.
Cindi M. Giglio, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
cindi.giglio@kattenlaw.com
jerry.hall@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO RESOLVE STATE COURT LITIGATION AND MAKE SETTLEMENT PAYMENT SOLELY FROM INSURANCE PROCEEDS**

**PLEASE TAKE NOTICE** that on May 2, 2019, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed *Debtors' Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(D) to Resolve State Court Litigation and Make Settlement Payment Solely from Insurance Proceeds* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **May 16, 2019 at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "Case Management Order") [Docket No. 103], shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **May 9, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order), including the following:

a. Counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn.: Steven J. Reisman, Esq., Cindi M. Giglio, Esq., and Jerry L. Hall, Esq., and Katten Muchin Rosenman LLP, 525 West Monroe St., Chicago, IL 60661-3693, Attn.: Peter A. Siddiqui, Esq.;

b. The Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Richard Morrissey, Esq.;

a. Proposed counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), Cooley LLP, 55 Hudson Yards, New York, NY

   10001, Attn: Seth Van Aalten, Esq.; Michael Klein, Esq.; Robert Winning, Esq.; and Lauren Reichardt, Esq.;

b.  counsel to the agents under Debtors' prepetition financing agreements;

c.  counsel to Debtors' equity sponsor;

d.  holders of the 50 largest unsecured claims against Debtors (on a consolidated basis);

e.  the United States Attorney's Office for the Southern District of New York;

f.  the Internal Revenue Service;

g.  the office of the Attorney General for the State of New York;

h.  the Securities and Exchange Commission; and

i.  any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/sizmek. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: May 2, 2019<br>New York, NY | */s/ Steven J. Reisman*<br>**KATTEN MUCHIN ROSENMAN LLP**<br>Steven J. Reisman, Esq.<br>Cindi M. Giglio, Esq.<br>Jerry L. Hall, Esq. (admitted *pro hac vice*)<br>575 Madison Avenue<br>New York, NY 10022-2585<br>Telephone: (212) 940-8800<br>Facsimile: (212) 940-8876<br>Email:   sreisman@kattenlaw.com<br>             cindi.giglio@kattenlaw.com<br>             jerry.hall@kattenlaw.com<br><br>-and-<br><br>Peter A. Siddiqui, Esq. (admitted *pro hac vice*)<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>Telephone: (312) 902-5455<br>Email:   peter.siddiqui@kattenlaw.com<br><br>*Counsel to Debtors and Debtors-in-Possession* |

Hearing Date:  May 16, 2019 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  May 9, 2019 at 4:00 p.m. (Prevailing Eastern Time)

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:      (212) 940-8800
Facsimile:       (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:      (312) 902-5455
Facsimile:       (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[2] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO RESOLVE STATE COURT LITIGATION AND MAKE SETTLEMENT PAYMENT SOLELY FROM INSURANCE PROCEEDS**

Sizmek Inc. and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") this Court pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") for the entry of an order (the "Order") substantially in the form attached as Exhibit A granting relief from the automatic stay as necessary to permit it to make payments under certain Settlement Agreements

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

(together, the "Settlement Agreements") by and between Sizmek Inc. and Nicole Dugan ("Dugan"). In support of the Motion, the Debtors, by their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The relief requested herein is proper under Bankruptcy Code Section 362(d), Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1.

## BACKGROUND

3. Sizmek Inc., together with its Debtor and non-Debtor affiliates, is a leading online advertising campaign management and distribution platform for advertisers, media agencies, and publishers. As of the Petition Date (defined below), Debtors and their non-Debtor affiliates, had approximately 1,114 employees worldwide. Debtors and their non-Debtor affiliates assist their clients with engaging a broad consumer audience in 19 countries across multiple online media channels by facilitating the implementation of targeted, data-driven advertising strategies that encompass all of the technology and intelligence necessary to execute effective global advertisement campaigns. Debtors are headquartered in New York, New York, with operations and assets in the United States and abroad. As of the Petition Date, Debtors have approximately $172 million of funded indebtedness.

**A.    The Chapter 11 Cases**

4. On March 29, 2019, (the "Petition Date") each of Debtors filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. Debtors continue to

operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108. On April 17, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors ("Committee") in these Chapter 11 Cases. Additional information regarding Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the *Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Dkt. 13], filed on April 2, 2019, and the *Supplemental Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Dkt. 58], filed on April 9, 2019 (together, the "First Day Declaration").

**B.     The Settlement Agreements and The Insurance Policy**

5.     On March 21, 2018, Dugan filed an action against Sizmek Inc. in the Superior Court of California for the County of Los Angeles related to workplace-related discrimination and wrongful termination in connection with her employment at Sizmek Inc. The parties then stipulated to move the case to arbitration, and on April 12, 2018, Dugan submitted a Demand for Arbitration ("Demand") with JAMS Employment Arbitration, Santa Clara County (collectively, the "Action"). The Demand, as amended, asserted numerous claims under the California Government Code and the Family and Medical Leave Act. The parties engaged in discovery, and participated in a mediation on March 14, 2019.

6.     On April 12, 2019, Dugan and Sizmek Inc. entered into the Settlement Agreements to settle and resolve all disputes and claims that Dugan has or may have against Sizmek Inc., and that Sizmek Inc. has or may have against Dugan. Dugan has agreed with the Debtors and with the consent of AIG (defined below) to resolve the Action pursuant to the Settlement Agreements for a

3

sum to be paid solely out of the proceeds available under the Insurance Policy (defined below) (the "Settlement Payment").[3]  Upon payment, the Action shall be dismissed with prejudice.  The Settlement Agreements provide for, among other payments, a payment to Dugan of a certain amount in satisfaction and release of Dugan's claim for lost wages, less standard payroll withholdings and any other legally required deductions.  Because of the necessity to withhold and process funds relating to wages, a portion of the Settlement Payment shall be made by the Debtors following receipt by the Debtors of the funds necessary for such Settlement Payment from American International Group, Inc. ("AIG") under the Insurance Policy (defined below).

7. The Debtors maintain various active insurance policies, including the insurance policy number 012294760 issued by AIG to Sizmek Inc. for the period of March 1, 2019, to March 1, 2020 (the "Insurance Policy"), which provides, among other coverage, general liability coverage.  During the time period relevant to the Action, Sizmek Inc. was insured under the Insurance Policy, which provides coverage in the amount of $5,000,000 per claim with general aggregate coverage of $20,000,000.

8. As a consequence of the filing of the Debtors' Chapter 11 petitions, Dugan has been, pursuant to the automatic stay of Section 362 of the Bankruptcy Code, enjoined and stayed from enforcing the Settlement Agreements.

## RELIEF REQUESTED

9. By this Motion, Debtors seek an order pursuant to Section 362(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001 modifying the automatic stay solely to the extent necessary to permit Debtors, Dugan, and AIG to perform under the terms of the Settlement Agreements, provided, however, the Settlement Payment may only be paid from

---

[3] Due to confidentiality constraints contained in the Settlement Agreements, the amount of the Settlement Payment is not set forth herein.

4

the proceeds of the Insurance Policy.

**BASIS FOR RELIEF**

10.    Section 362(d)(1) of the Bankruptcy Code provides for the lifting of the automatic stay where "cause" exists:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay – (1) for cause…."

*See* 11 U.S.C. § 362(d)(1). However, the Bankruptcy Code does not define "cause;" thus, what constitutes cause must be determined on a case-by-case basis. *See Sonnax Indus. v. Tri Component Prod. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). Courts considering whether there is sufficient cause to grant stay relief can consider such factors as: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection or interference with the bankruptcy case; and (3) whether debtor's insurer has assumed full responsibility for defending cause of action. *See In re MF Global Holdings LTD.*, 469 B.R. 177, 191 (Bankr. S.D.N.Y. 2012) (citing *In re Sonnax Indus., Inc.*, 907 F.2d at 1286).

11.    Permitting the Debtors, Dugan, and AIG to perform under the Settlement Agreements constitutes "cause" for relief from the automatic stay under Section 362(d) of the Bankruptcy Code. In accordance with the factors set forth in *MF Global Holdings*, (1) granting this relief would allow for complete resolution of the Action, (2) there will be no interference with the pending bankruptcy case or the possible recoveries of other creditors, and (3) AIG has assumed full responsibility in providing the funds necessary to make the Settlement Payment.

**NOTICE**

12.    Debtors will provide notice of this Motion as required under the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Dkt. 103], entered by this

5

Court on April 23, 2019 (the "Case Management Procedures Order").

## NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Debtors respectfully request that this Court enter an order, substantially in the form attached, granting the relief requested in the Motion and such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  May 2, 2019<br>New York, NY | */s/  Steven J. Reisman*<br>**KATTEN MUCHIN ROSENMAN LLP**<br>Steven J. Reisman, Esq.<br>Cindi M. Giglio, Esq.<br>Jerry L. Hall, Esq. (admitted *pro hac vice*)<br>575 Madison Avenue<br>New York, NY 10022-2585<br>Telephone: (212) 940-8800<br>Facsimile:  (212) 940-8876<br>Email:       sreisman@kattenlaw.com<br>                   cindi.giglio@kattenlaw.com<br>                   jerry.hall@kattenlaw.com<br><br>-and-<br><br>Peter A. Siddiqui, Esq. (admitted *pro hac vice*)<br>**KATTEN MUCHIN ROSENMAN LLP**<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>Telephone: (312) 902-5455<br>Email:       peter.siddiqui@kattenlaw.com<br><br>*Counsel to Debtors and Debtors-in-Possession* |

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) TO RESOLVE STATE COURT LITIGATION AND MAKE SETTLEMENT PAYMENT SOLELY FROM INSURANCE PROCEEDS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to Bankruptcy Code Section 362(d) and Bankruptcy Rule 4001, granting relief from the automatic stay as necessary to permit Debtors, Dugan, and AIG to perform under the terms of the Settlement Agreements, provided, however, the Settlement Payment may only be paid from the proceeds of the Insurance Policy; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409; and notice of the Motion and opportunity for objections having been provided; and it appearing that no other notice need be given; and it further appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

### Jurisdiction, Final Order and Statutory Predicates

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. This Order is a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no reason to delay implementation of this Order.

C. The predicates for the relief requested in the Motion are Section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001.

### Section 362(d)(1) is Satisfied

D. The Debtors' request for relief from the automatic stay satisfies the requirement under Section 362(d)(1) of the Bankruptcy Code that such a request be "for cause." In accordance with the factors set forth in *In re MF Global Holdings LTD*, 469 B.R. 177, 191 (Bankr. S.D.N.Y. 2012), permitting the Debtors, Dugan, and AIG to perform under the Settlement Agreements constitutes "cause" because: (1) granting this relief would allow for complete resolution of the Action; (2) there will be no interference with the pending bankruptcy case or the possible recoveries of other creditors; and (3) AIG has assumed full responsibility in providing the funds necessary to make the Settlement Payment.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

---

[3] The findings and conclusions set forth herein shall constitute this Court's findings of fact and conclusions of law as described in Bankruptcy Rule 7052, made applicable to this matter by Bankruptcy Rule 9014.

2

1. The Motion is granted as set forth in this Order. All objections to the Motion that have not been withdrawn, waived, or settled as announced to this Court, are overruled on the merits.

2. Following receipt by the Debtors from AIG of the funds necessary to satisfy the Settlement Payment, Debtors shall pay such funds, subject to required withholdings to Dugan. Dugan shall have no claim against Debtors with respect to the Settlement Payment except to the extent of funds actually received by Debtors from AIG for the Settlement Payment that are not paid, subject to withholding, by Debtors to Dugan and, in no event, shall the Debtors be required to fund the Settlement Payment with any funds other than the proceeds of the Insurance Policy paid in connection with the Settlement Agreements.

3. Upon entry of this Order, and following receipt by Dugan of the Settlement Payment, Dugan shall be forever barred from filing any proof of claim in these Chapter 11 Cases, and any proof of claim already filed by Dugan in these Chapter 11 Cases shall be withdrawn with prejudice.

4. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. This Court shall retain jurisdiction to, among other things, interpret, implement and enforce the terms of the Order.

New York, NY
Dated: May ___, 2019

                                      THE HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE