Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:     (312) 902-5455
Facsimile:     (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF NO OBJECTION REGARDING DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

The undersigned counsel hereby certifies that on May 2, 2019, Sizmek Inc. and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed and served the *Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1 Authorizing and Approving Expedited Procedures for Rejection and Assumption of Executory Contracts and Unexpired Leases and Granting Related Relief*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[Docket No. 152] (the "Motion").

The undersigned counsel further certifies that the notice to the Motion set a deadline of May 9, 2019 at 4:00 p.m. (prevailing Eastern Time) for receipt of objections to the Motion (the "Objection Deadline").

The undersigned counsel further certifies that as of the date hereof, no objection to the Motion has been received. In accordance with Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York, this certificate is being filed at least forty-eight (48) hours after expiration of the deadline for parties to file and serve any objection or responsive pleading to the Motion.

Accordingly, it is respectfully requested that the Court enter the proposed form of order, a copy of which is attached hereto as Exhibit A.

Dated:  May 14, 2019
New York, NY

*/s/  Steven J. Reisman*
**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Cindi M. Giglio, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8800

Facsimile:  (212) 940-8876
Email:      sreisman@kattenlaw.com
            cindi.giglio@kattenlaw.com
            jerry.hall@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5455
Email:      peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**<u>Exhibit A</u>**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006
AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND
APPROVING EXPEDITED PROCEDURES FOR REJECTION OR ASSUMPTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING
RELATED RELIEF**

Upon the motion (the "Motion")[2] of Debtors for an order, pursuant to sections 105,

365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"),

authorizing and approving procedures (the "Contract Procedures") for Debtors to reject or assume

executory contracts and unexpired leases (the "Contracts") and granting related relief; and the

*Certificate of No Objection Regarding Debtors' Motion for Order Pursuant to Bankruptcy Code*

*Sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1*

*Authorizing and Approving Expedited Procedures for Rejection and Assumption of Executory*

*Contracts and Unexpired Leases and Granting Related Relief* [Dkt. ___]; and due and sufficient

notice of the Motion having been given under the particular circumstances; and it appearing that

---

[1]     Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies,
Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106);
and X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter
11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

no other or further notice need be provided; and it appearing that the relief requested by the Motion

is in the best interests of Debtors, their estates, their creditors, their stakeholders, and other parties

in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      Debtors are authorized to implement the following approved procedures (the

"Rejection Procedures") in connection with the rejection of any Contract of Debtors during these

chapter 11 cases:

   a.     Rejection Notice.  Debtors will file a notice to reject any Contract (the
          "Rejection Notice"), which notice reasonably shall be in form and substance reasonably
          satisfactory to the Committee and the Prepetition Secured Parties (as
          defined in the First Day Declaration), pursuant to Bankruptcy Code section
          365, substantially in the form attached hereto as **Exhibit 1**, which shall set
          forth the following information, based on the best information available to
          Debtors and as applicable:  (i) the Contract(s) that Debtors seek to reject;
          (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and
          address(es) of the counterparties to such Contract(s); (iv) the proposed
          effective date of the rejection for each such Contract (the "Rejection Date"),
          which date may not be before the date of service of the Rejection Notice;
          (v) if such Contract is a lease, the personal property to be abandoned, if any,
          and an estimate of the book value of such property; and (vi) the deadlines
          and procedures for filing objections to the Rejection Notice, as set forth
          below.  The Rejection Notice may list multiple Contracts, provided that the
          number of counterparties to Contracts listed on the Rejection Notice shall
          be limited to no more than 100 absent further Court authorization.

   b.     Service of the Rejection Notice.  Debtors will cause the Rejection Notice to
          be served upon the following parties (collectively, the "Rejection Notice
          Parties"), in the following manner:  (i) by overnight delivery service, email,
          or fax on any non-Debtor Contract counterparty affected by the Rejection
          Notice, and (ii) by first class mail, email or fax upon (a) the Office of the
          United States Trustee, U.S. Federal Office Building, 201 Varick Street,
          Suite 1006, New York, NY 10014, Attn:  Richard C. Morrissey
          (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured
          Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars,
          39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson &
          David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com);
          (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards,
          New York, NY 10001, Attn: Seth Van Aalten and Michael Klein

2

(svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.  <u>Objection Procedures</u>.  Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is filed with this Court and is ***actually received*** by the following parties (collectively, the "<u>Objection Service Parties</u>") no later than fourteen (14) calendar days after the date Debtors serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>"):  (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

d.  <u>No Objection</u>.  If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "<u>Rejection Order</u>") granting such relief and including a statement confirming the absence of a timely objection.  Debtors shall cause the Rejection Order to be served by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Order. Following the filing of such Rejection Order, the applicable Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date; *provided*, *however*, that the Rejection Date for a rejection of a lease non-residential real property shall not be earlier than the later of (a) the date the Debtors file and serve the Rejection Notice, (b) the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable landlord, or if not by delivering such keys and codes, then by providing notice, in writing, that the landlord may re-let the premises; or (c) such date as agreed between the parties.

3

e.    Unresolved Objections.  If a timely objection is filed that cannot be resolved, Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

f.    No Application of Security Deposits.  If Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court, unless Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

g.    Abandoned Property.  Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of Debtors' personal property that may be located on Debtors' leased premises that are subject to a rejected Contract.  Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.[3] Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such abandoned property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.    Rejection Damages.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the date of service of the applicable Rejection Order and (ii) any applicable claims bar date for filing proofs of claim established in these chapter 11 cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.    Debtors are authorized to implement the following approved procedures (the "Assumption Procedures") in connection with the assumption and/or the assumption and assignment of Contracts during the course of Debtors' chapter 11 cases:

a.    Assumption Notice.  Debtors will file a notice to assume any Contract (the "Assumption Notice"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured

---

[3]    If the Rejection Date specified in the Rejection Notice with respect to any Contract that is a lease of nonresidential real property predates the removal of any property not otherwise generally described in the Rejection Notice, the Rejection Date will not become effective until such date the property is removed from the leased premises.

4

Parties (as defined in the First Day Declaration), pursuant to Bankruptcy Code section 365, substantially in the form attached hereto as **Exhibit 2**, which shall set forth the following information, based on the best information available to Debtors and as applicable: (i) the Contract(s) to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the identity of the proposed assignee of such Contract(s) (the "<u>Assignee</u>"), if applicable; (v) the proposed effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"), which date may not be before the date of service of the Assumption Notice; (vi) the proposed cure amount, if any; and (vii) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.

b.  <u>Service of the Assumption Notice</u>.  Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "<u>Assumption Notice Parties</u>"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

c.  <u>Objection Procedures</u>.  Parties objecting to a proposed assumption or assumption and assignment of a Contract, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days after the date Debtors serve the relevant Assumption Notice.

d.  <u>No Objection</u>.  If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "**Assumption Order**") granting such relief and including a statement confirming the absence of a timely objection.  Following the filing of such Assumption Order, then (i) Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these chapter 11 cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a) Debtors withdraw such Assumption Notice

5

on or prior to the Assumption Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such date.

e.    <u>Unresolved Objections</u>.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

4.    With regard to Contracts to be assigned, pursuant to Bankruptcy Code section 363(f), the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) held by the Prepetition Secured Parties (as defined in the First Day Declaration) and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature that are held by Prepetition Secured Parties, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any Prepetition Secured Party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).

5.    Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and upon notice to the Prepetition Secured Parties and the Committee and an opportunity to object thereto, Debtors are hereby

authorized in accordance with Bankruptcy Code sections 365(b) and (f) to (a) assume and assign to any Assignees the applicable Contract(s), with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contract(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign and transfer such Contract(s).

6.      Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.      An Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date, except to the extent otherwise agreed upon by Debtors and such Assignee.

8.      Debtors are hereby authorized, pursuant to Bankruptcy Code section 363(b), to enter into any consensual amendments to assumed Contracts set forth in an Assumption Notice.

9.      Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notice and the Assumption Notice.

10.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.     The Rejection Procedures shall govern the rejection of Contracts and the Assumption Procedures shall govern the assumption (or assumption and assignment) of Contracts in these chapter 11 cases, except to the extent Debtors and a counterparty or counterparties to a Contract have agreed otherwise in writing and the Prepetition Secured Parties and the Committee have received notice and an opportunity to object to such alternative agreement, in which case the

terms of such alternative agreement shall govern the rejection or assumption of the Contract, as applicable, with respect to such counterparty or counterparties.

12.     Nothing in the Motion or this Order shall be deemed or construed as:  (a) an admission as to the validity, amount, or priority of any particular claim against Debtors; (b) a waiver of Debtors' rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion; (f) an admission by Debtors that a Contract is executory or unexpired, as applicable; or (g) a waiver or limitation of Debtors' rights under the Bankruptcy Code or any other applicable law.

13.     All rights and defenses of Debtors with respect to any Contract are preserved, including all rights and defenses of Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of Debtors to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

14.     Notwithstanding the approval of the Contract Procedures, nothing contained in this Order shall prevent Debtors from seeking to reject or assume any Contract or Contracts by separate motion.

15.     Notwithstanding anything to the contrary contained in this Order or in the Motion, any payment, obligation or other relief authorized by this Order shall be subject to and limited by the requirements imposed on Debtors under the terms of any interim or final orders regarding the use of cash collateral (any such order, a "<u>Cash Collateral Order</u>") or any budget in connection

therewith, approved by the Court in these chapter 11 cases.  In the event of any conflict between the terms of this Order and the Cash Collateral Order, the terms of the Cash Collateral Order shall control (solely to the extent of such conflict).

16.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

17.     The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

18.     Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

New York, NY
Dated: May ___, 2019

_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Form Rejection Notice**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF REJECTION OF [A] CERTAIN EXECUTORY CONTRACT[S]**
**[AND/OR UNEXPIRED LEASE[S]]**

    **PLEASE TAKE NOTICE** that, on [_____], 2019, the United States

Bankruptcy Court for the Southern District of New York (the "Court") entered the order [Docket

No.____] (the "Order") granting the motion (the "Motion")[2] of Debtors for an order, pursuant to

Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local

Bankruptcy Rule 6006-1, authorizing and approving, among other things, procedures for Debtors

to reject executory contracts and unexpired leases (each a "Contract").

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order and by this written notice (this "Rejection Notice"), Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 1**, or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

PLEASE TAKE FURTHER NOTICE that, parties seeking to object to Debtors' rejection of any Contract listed in **Schedule 1** must file and serve a written objection, so that such objection is filed with the Court and is *actually received* no later than fourteen (14) calendar days after the date that Debtors served this Rejection Notice, upon the following parties: (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and  Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Parties, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Americas, 39th Floor, Los Angeles, CA 90067, Attn: Thomas E. Patterson and David A. Filder (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the rejection of any Contract listed on **Schedule 1** shall become effective on the Rejection

2

Date set forth in **Schedule 1** without further notice, hearing or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.[3]

      **PLEASE TAKE FURTHER NOTICE** that, if a timely objection to the rejection of any Contract listed on **Schedule 1** is timely filed and not withdrawn or resolved, Debtors shall file a notice of hearing to consider the unresolved objection.  If such objection is overruled or withdrawn, Debtors will file with the Court a proposed order under certification of counsel (the "Rejection Order") confirming the absence of a timely objection and the rejection of the Contract(s), and such Contract(s) shall be deemed rejected as of the Rejection Date set forth in **Schedule 1** or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

      **PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of Debtors that is listed and described in **Schedule 1** shall be deemed abandoned as of the Rejection Date set forth on **Schedule 1**.

      **PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert any

---

[3]  An objection to the rejection of any particular Contract listed in Schedule 1 to this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in Schedule 1.  Any objection to the rejection of any particular Contract must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order

claim(s) arising out of the rejection of your Contract(s) listed on **Schedule 1**, you must do so before

the later of (i) thirty (30) days after the date of service of the Rejection Order and (ii) any applicable

claims bar date for filing proofs of claim established in these chapter 11 cases.  **FAILURE TO**

**TIMELY FILE ANY PROOF OF CLAIM SHALL RESULT IN SUCH CLAIM BEING**

**FOREVER BARRED**.


Dated: May _____, 2019                          */s/* _____
New York, New York                              **KATTEN MUCHIN ROSENMAN LLP**
                                                Steven J. Reisman, Esq.
                                                Jerry L. Hall, Esq. (admitted *pro hac vice*)
                                                Cindi M. Giglio, Esq.
                                                575 Madison Avenue
                                                New York, NY 10022

                                                Telephone: (212) 940-8800
                                                Facsimile:  (212) 940-8876
                                                Email:      sreisman@kattenlaw.com
                                                            jerry.hall@kattenlaw.com
                                                            cindi.giglio@kattenlaw.com

                                                -and-

                                                Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
                                                **KATTEN MUCHIN ROSENMAN LLP**
                                                525 W. Monroe Street
                                                Chicago, IL 60661
                                                Telephone: (312) 902-5455
                                                Email:      peter.siddiqui@kattenlaw.com

                                                *Counsel to Debtors and Debtors-in-Possession*

## SCHEDULE 1

**Rejected Contracts**

| Debtors(s) Party to Contract | Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ASSUMPTION OF [A] CERTAIN EXECUTORY CONTRACT[S]
[AND/OR UNEXPIRED LEASE[S]]**

**PLEASE TAKE NOTICE** that, on [_____], 2019, the United States Bankruptcy

Court for the Southern District of New York (the "Court") entered the order [Docket No._]    (the

"Order") granting the motion (the "Motion")[2] of Debtors for an order, pursuant to Bankruptcy

Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy

Rule 6006-1, authorizing and approving, among other things, procedures for Debtors to assume

executory contracts and unexpired leases (each a "Contract").

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order and by this written notice (this "Assumption Notice"), Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, [Debtor/Assignee], has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request to the counterparty to the Contract, thereby demonstrating that [Debtor/Assignee] has the ability to comply with the requirements of adequate assurance of future performance.[3]

**PLEASE TAKE FURTHER NOTICE** that, Debtors' records reflect the amounts owing, if any, for prepetition arrearages as set forth in **Schedule 1** (the "Cure Amount").

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to Debtors' assumption of any Contract listed in **Schedule 1** must file and serve a written objection, so that such objection is filed with the Court and is actually received no later than fourteen (14) calendar days after the date that Debtors served this Assumption Notice, upon the following parties: (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and  Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn:  Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Parties, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue

---

[3] Debtors shall serve a counterparty to such Contract to be assumed under the Contract Procedures with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

of the Americas, 39th Floor, Los Angeles, CA 90067, Attn: Thomas El Patterson and David A. Filder (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being untimely filed, the assumption of any Contract listed on Schedule 1 shall become effective on the Assumption Date set forth in **Schedule 1** without further notice, hearing or order of this Court, unless (i) Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such date.[4]

[*Remainder of Page Intentionally Left Blank; Signature Page Follows.*]

---

[4]    An objection to the assumption of any particular Contract listed in **Schedule 1** to this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in **Schedule 1**. Any objection to the assumption of any particular Contract must state with specificity the Contract(s) to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and Order.

Dated: May _____, 2019
New York, New York

/s/ _____

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022

Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:      sreisman@kattenlaw.com
            jerry.hall@kattenlaw.com
            cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:      peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**<u>SCHEDULE 1</u>**

**Assumed Contracts**

| Debtors(s) Party to Contract | Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |