**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING IN PART DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR REJECTION OR ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Debtors for an order, pursuant to sections 105, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing and approving procedures (the "Contract Procedures") for Debtors to reject or assume executory contracts and unexpired leases (the "Contracts") and granting related relief; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, 5th Floor, New York, NY 10016.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Debtors are authorized to implement the following approved procedures (the "Rejection Procedures") in connection with the rejection of any Contract of Debtors during these chapter 11 cases:

   a. Rejection Notice. Debtors will file a notice to reject any Contract (the "Rejection Notice"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured Parties (as defined in the First Day Declaration), pursuant to Bankruptcy Code section 365, substantially in the form attached hereto as **Exhibit 1**, which shall set forth the following information, based on the best information available to Debtors and as applicable: (i) the Contract(s) that Debtors seek to reject; (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the proposed effective date of the rejection for each such Contract (the "Rejection Date"), which date may not be before the date of service of the Rejection Notice; (v) if such Contract is a lease, the personal property to be abandoned, if any, and an estimate of the book value of such property; and (vi) the deadlines and procedures for filing objections to the Rejection Notice, as set forth below. The Rejection Notice may list multiple Contracts, provided that the number of counterparties to Contracts listed on the Rejection Notice shall be limited to no more than 100 absent further Court authorization.

   b. Service of the Rejection Notice. Debtors will cause the Rejection Notice to be served upon the following parties (collectively, the "Rejection Notice Parties"), in the following manner: (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

   c. Objection Procedures. Parties objecting to a proposed rejection of a Contract must file and serve a written objection so that such objection is

filed with this Court and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date Debtors serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); **and** (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com)~~; and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b)~~.**[SMB: 5/21/19]**

d. <u>No Objection</u>. If no objection to the rejection of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "Rejection Order") granting such relief and including a statement confirming the absence of a timely objection. Debtors shall cause the Rejection Order to be served by overnight delivery service, email, or fax on any non-Debtor Contract counterparty affected by the Rejection Order. Following the filing of such Rejection Order, the applicable Contract shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice, without further notice, hearing, or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date; *provided*, *however*, that the Rejection Date for a rejection of a lease non-residential real property shall not be earlier than the later of (a) the date the Debtors file and serve the Rejection Notice, (b) the date of the Debtors' unequivocal surrender of the leased premises via the delivery of the keys, key codes, and alarm codes to the premises, as applicable, to the applicable landlord, or if not by delivering such keys and codes, then by providing notice, in writing, that the landlord may re-let the premises; or (c) such date as agreed between the parties.

e. <u>Unresolved Objections</u>. If a timely objection is filed that cannot be resolved, Debtors shall file a notice of hearing to consider the unresolved objection. If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

3

      f.      <u>No Application of Security Deposits</u>.  If Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, such Contract counterparty may not setoff, recoup, or otherwise use such monies without further order of the Court.

      g.      <u>Abandoned Property</u>.  Debtors are authorized, but not directed, at any time on or after the applicable Rejection Date, to remove or abandon any of Debtors' personal property that is burdensome to remove or of inconsequential value that may be located on Debtors' leased premises that are subject to a rejected Contract.  Debtors shall generally describe the abandoned personal property in the Rejection Notice.  Absent a timely objection, the property will be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such abandoned property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

      h.      <u>Rejection Damages</u>.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) thirty (30) days after the date of service of the applicable Rejection Order and (ii) any applicable claims bar date for filing proofs of claim established in these chapter 11 cases.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.      Debtors' relief requested in connection with the assumption and/or the assumption and assignment of Contracts during the course of Debtors' chapter 11 cases is hereby adjourned to the Omnibus Hearing scheduled for May 30, 2019 at 10:00 a.m. (Prevailing Eastern Time).

4.      Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the Rejection Notice.

5.      The Rejection Procedures shall govern the rejection of Contracts in these chapter 11 cases, except to the extent Debtors and a counterparty or counterparties to a Contract have agreed otherwise in writing and the Prepetition Secured Parties and the Committee have received notice and an opportunity to object to such alternative agreement, in which case the terms of such

4

alternative agreement shall govern the rejection of the Contract with respect to such counterparty or counterparties.

6. Nothing in the Motion or this Order shall be deemed or construed as: (a) an admission as to the validity, amount, or priority of any particular claim against Debtors; (b) a waiver of Debtors' rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion; (f) an admission by Debtors that a Contract is executory or unexpired, as applicable; or (g) a waiver or limitation of Debtors' rights under the Bankruptcy Code or any other applicable law.

7. All rights and defenses of Debtors with respect to any Contract are preserved, including all rights and defenses of Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of Debtors to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

8. Notwithstanding the approval of the Contract Procedures, nothing contained in this Order shall prevent Debtors from seeking to reject or assume any Contract or Contracts by separate motion.

9. Notwithstanding anything to the contrary contained in this Order or in the Motion, any payment, obligation or other relief authorized by this Order shall be subject to and limited by the requirements imposed on Debtors under the terms of any interim or final orders regarding the use of cash collateral (any such order, a "Cash Collateral Order") or any budget in connection

therewith, approved by the Court in these chapter 11 cases. In the event of any conflict between the terms of this Order and the Cash Collateral Order, the terms of the Cash Collateral Order shall control (solely to the extent of such conflict).

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

12. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

New York, NY
Dated: May **21st**, 2019

                                            **/s/ STUART M. BERNSTEIN**
                                            THE HONORABLE STUART M. BERNSTEIN
                                            UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Form Rejection Notice**

19-10971-smb    Doc 183    Filed 05/21/19    Entered 05/21/19 14:10:47    Main Document
Pg 7 of 12

| | |
|---|---|
| Steven J. Reisman, Esq. | Peter A. Siddiqui, Esq. (admitted *pro hac vice*) |
| Jerry L. Hall, Esq. (admitted *pro hac vice*) | **KATTEN MUCHIN ROSENMAN LLP** |
| Cindi Giglio, Esq. | 525 W. Monroe Street |
| **KATTEN MUCHIN ROSENMAN LLP** | Chicago, IL 60661 |
| 575 Madison Avenue | Telephone:    (312) 902-5455 |
| New York, NY 10022 | Facsimile:    (312) 902-1061 |
| Telephone:    (212) 940-8800 | peter.siddiqui@kattenlaw.com |
| Facsimile:    (212) 940-8876 | |
| sreisman@kattenlaw.com | |
| jerry.hall@kattenlaw.com | |
| cindi.giglio@kattenlaw.com | |

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF REJECTION OF [A] CERTAIN EXECUTORY CONTRACT[S]**
**[AND/OR UNEXPIRED LEASE[S]]**

**PLEASE TAKE NOTICE** that, on [_____], 2019, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered the order [Docket No.___] (the "Order") granting the motion (the "Motion")[2] of Debtors for an order, pursuant to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1, authorizing and approving, among other things, procedures for Debtors to reject executory contracts and unexpired leases (each a "Contract").

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, 5th Floor, New York, NY 10016.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order and by this written notice (this "Rejection Notice"), Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 1**, or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to Debtors' rejection of any Contract listed in **Schedule 1** must file and serve a written objection, so that such objection is filed with the Court and is *actually received* no later than fourteen (14) calendar days after the date that Debtors served this Rejection Notice, upon the following parties: (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Parties, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Americas, 39th Floor, Los Angeles, CA 90067, Attn: Thomas E. Patterson and David A. Filder (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of any Contract listed on **Schedule 1** shall become effective on the Rejection

Date set forth in **Schedule 1** without further notice, hearing or order of this Court, unless (i) Debtors withdraw such Rejection Notice on or prior to the Rejection Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Rejection Date, upon another such date.[3]

**PLEASE TAKE FURTHER NOTICE** that, if a timely objection to the rejection of any Contract listed on **Schedule 1** is timely filed and not withdrawn or resolved, Debtors shall file a notice of hearing to consider the unresolved objection. If such objection is overruled or withdrawn, Debtors will file with the Court a proposed order under certification of counsel (the "Rejection Order") confirming the absence of a timely objection and the rejection of the Contract(s), and such Contract(s) shall be deemed rejected as of the Rejection Date set forth in **Schedule 1** or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless Debtors and the counterparty or counterparties to such Contract(s) otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of Debtors that is listed and described in **Schedule 1** shall be deemed abandoned as of the Rejection Date set forth on **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert any

---

[3] An objection to the rejection of any particular Contract listed in Schedule 1 to this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in Schedule 1. Any objection to the rejection of any particular Contract must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order

3

claim(s) arising out of the rejection of your Contract(s) listed on **Schedule 1**, you must do so before the later of (i) thirty (30) days after the date of service of the Rejection Order and (ii) any applicable claims bar date for filing proofs of claim established in these chapter 11 cases. **FAILURE TO TIMELY FILE ANY PROOF OF CLAIM SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED**.

Dated: May _____, 2019
New York, New York

*/s/* _____
**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022

Telephone: (212) 940-8800
Facsimile: (212) 940-8876
Email:       sreisman@kattenlaw.com
             jerry.hall@kattenlaw.com
             cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:       peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

4

# SCHEDULE 1

### Rejected Contracts

| Debtors(s) Party to Contract | Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |