**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER GRANTING IN PART DEBTORS' MOTION FOR ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 365, AND 554, BANKRUPTCY RULES 6006 AND 9014, AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING AND APPROVING EXPEDITED PROCEDURES FOR REJECTION OR ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Debtors for an order, pursuant to sections 105, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing and approving procedures (the "Contract Procedures") for Debtors to reject or assume executory contracts and unexpired leases (the "Contracts") and granting related relief; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon, and sufficient cause appearing therefor, it is hereby

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      Debtors' relief requested in connection with the rejection of Contracts during the course of Debtors' chapter 11 cases was previously granted pursuant to *Order Granting in Part Debtors' Motion for Order Pursuant to Bankruptcy Code Sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1 Authorizing and Approving Expedited Procedures for Rejection or Assumption of Executory Contracts and Unexpired Leases and Granting Related Relief* [Docket No. 183].

3.      Debtors are authorized to implement the following approved procedures (the "Assumption Procedures") in connection with the assumption and/or the assumption and assignment of Contracts during the course of Debtors' chapter 11 cases:

> a.      Assumption Notice.  Debtors will file a notice to assume any Contract (the "Assumption Notice"), which notice shall be in form and substance reasonably satisfactory to the Committee and the Prepetition Secured Parties (as defined in the First Day Declaration), pursuant to Bankruptcy Code section 365, substantially in the form attached hereto as **Exhibit 1**, which shall set forth the following information, based on the best information available to Debtors and as applicable:  (i) the Contract(s) to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the name(s) and address(es) of the counterparties to such Contract(s); (iv) the identity of the proposed assignee of such Contract(s) (the "Assignee"), if applicable; (v) the proposed effective date of the assumption for each such Contract (the "Assumption Date"), which date may not be before the date of service of the Assumption Notice; (vi) the proposed cure amount, if any; (vii) evidence of the Assignee's financial wherewithal to meet all future obligations under the Contract, thereby demonstrating that Assignee has the ability to comply with the requirements of adequate assurance of future performance (the "Adequate Assurance Package"); and (viii) the deadlines and procedures for filing objections to the Assumption Notice, as set forth below.

> a.      Service of the Assumption Notice.  Debtors will cause the Assumption Notice to be served upon the following parties (collectively, the "Assumption Notice Parties"), in the following manner:  (i) by overnight delivery service, email, or fax on any non-Debtor Contract counterparty

affected by the Assumption Notice, and (ii) by first class mail, email or fax upon (a) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (b) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (c) counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); and (d) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

b.     <u>Objection Procedures</u>. Parties objecting to a proposed assumption or assumption and assignment of a Contract, including to the proposed cure amount, must file and serve a written objection so that such objection is filed with the Court and is ***actually received*** by the following parties no later than fourteen (14) calendar days after the date Debtors serve the relevant Assumption Notice: (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Lenders, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, California 90067, Attn: Thomas E. Patterson & David A. Fidler (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); and (iv) proposed counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com).

c.     <u>No Objection</u>. If no objection to the assumption of a Contract is timely filed in compliance with subparagraph (c) of this paragraph, Debtors may submit to the Court a proposed order under certification of counsel (the "<u>Assumption Order</u>") granting such relief and including a statement confirming the absence of a timely objection. Following the filing of such Assumption Order, then (i) Debtors' proposed cure amount with respect to such Contract shall be binding upon the non-debtor counterparty to the Contract for all purposes in these chapter 11 cases and (ii) such Contract shall be deemed assumed as of the Assumption Date set forth in the Assumption Notice, unless (a) Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (b) Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such date.

      d.     <u>Unresolved Objections</u>.  If an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, Debtors shall file a notice for a hearing to consider the objection for the Contract(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date as Debtors and the pertinent counterparty or counterparties otherwise agree.

4.        With regard to Contracts to be assigned, pursuant to Bankruptcy Code section 363(f), the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) held by the Prepetition Secured Parties (as defined in the First Day Declaration) and (ii) any and all claims (as that term is defined in Bankruptcy Code section 101(5)), obligations, demands, guarantees of or by Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature that are held by Prepetition Secured Parties, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any Prepetition Secured Party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[3]

5.        Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), and upon notice to the Prepetition Secured Parties and the Committee and an opportunity to object thereto, Debtors are hereby

---

[3] For the avoidance of doubt, this paragraph 4 does not purport to waive or otherwise modify the claims or interests of any parties other than the Prepetition Secured Parties.

authorized in accordance with Bankruptcy Code sections 365(b) and (f) to (a) assume and assign to any Assignees the applicable Contract(s), with any applicable Assignee being responsible only for the post-closing liabilities under the applicable Contract(s) except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign and transfer such Contract(s).

6.      Debtors' right to assert that any provisions in a Contract that expressly or effectively restrict, prohibit, condition or limit the assignment of or the effectiveness of the Contract are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.      An Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date, except to the extent otherwise agreed upon by Debtors and such Assignee.

8.      Debtors are hereby authorized, subject to the consent of the Prepetition Secured Parties and the Committee, pursuant to Bankruptcy Code section 363(b), to enter into any non-material amendments to assumed Contracts set forth in an Assumption Notice.

9.      Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and the Assumption Notice.

10.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

11.     The Assumption Procedures shall govern the assumption (or assumption and assignment) of Contracts in these chapter 11 cases, except to the extent Debtors and a counterparty or counterparties to a Contract have agreed otherwise in writing and the Prepetition Secured Parties and the Committee have received notice and an opportunity to object to such alternative agreement,

in which case the terms of such alternative agreement shall govern the assumption of the Contract, as applicable, with respect to such counterparty or counterparties.

12.     Nothing in the Motion or this Order shall be deemed or construed as:  (a) an admission as to the validity, amount, or priority of any particular claim against Debtors; (b) a waiver of Debtors' rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to Bankruptcy Code section 365; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion; (f) an admission by Debtors that a Contract is executory or unexpired, as applicable; or (g) a waiver or limitation of Debtors' rights under the Bankruptcy Code or any other applicable law.

13.     All rights and defenses of Debtors with respect to any Contract are preserved, including all rights and defenses of Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of Debtors to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

14.     Notwithstanding the approval of the Contract Procedures, nothing contained in this Order shall prevent Debtors from seeking to reject or assume any Contract or Contracts by separate motion.

15.     Notwithstanding anything to the contrary contained in this Order or in the Motion, any payment, obligation or other relief authorized by this Order shall be subject to and limited by the requirements imposed on Debtors under the terms of any interim or final orders regarding the use of cash collateral (any such order, a "Cash Collateral Order") or any budget in connection

therewith, approved by the Court in these chapter 11 cases.  In the event of any conflict between the terms of this Order and the Cash Collateral Order, the terms of the Cash Collateral Order shall control (solely to the extent of such conflict).

16.    Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

17.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

18.    Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

19.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**New York, NY**
**Dated: June 4, 2019**

**/s/  STUART M. BERNSTEIN**
**THE HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**<u>Exhibit 1</u>**
**Assumption Notice**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:     (312) 902-5455
Facsimile:     (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF ASSUMPTION OF [A] CERTAIN EXECUTORY CONTRACT[S]
[AND/OR UNEXPIRED LEASE[S]]**

**PLEASE TAKE NOTICE** that, on [_____], 2019, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered the order [Docket No._]   (the "<u>Order</u>") granting the motion (the "<u>Motion</u>")[2] of Debtors for an order, pursuant to Bankruptcy Code sections 105, 365, and 554, Bankruptcy Rules 6006 and 9014, and Local Bankruptcy Rule 6006-1, authorizing and approving, among other things, procedures for Debtors to assume executory contracts and unexpired leases (each a "<u>Contract</u>").

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order and by this written notice (this "Assumption Notice"), Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 1** attached hereto is hereby assumed or assumed and assigned effective as of the date (the "Assumption Date") set forth on **Schedule 1**, or such other date as Debtors and the counterparty or counterparties to such Contract(s) agree.

**PLEASE TAKE FURTHER NOTICE** that, [Debtor/Assignee], has the financial wherewithal to meet all future obligations under the Contract, as evidenced by the Adequate Assurance Package attached hereto as **Schedule 2**, thereby demonstrating that [Debtor/Assignee] has the ability to comply with the requirements of adequate assurance of future performance.

**PLEASE TAKE FURTHER NOTICE** that, Debtors' records reflect the amounts owing, if any, for prepetition arrearages as set forth in **Schedule 1** (the "Cure Amount").

**PLEASE TAKE FURTHER NOTICE** that, parties seeking to object to Debtors' assumption of any Contract listed in **Schedule 1** must file and serve a written objection, so that such objection is filed with the Court and is actually received no later than fourteen (14) calendar days after the date that Debtors served this Assumption Notice, upon the following parties: (i) counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Ave., New York, NY 10022, Attn: Steven J. Reisman (sreisman@kattenlaw.com) and Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661, Attn: Peter A. Siddiqui (peter.siddiqui@kattenlaw.com); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Richard C. Morrissey (richard.morrissey@usdoj.gov); (iii) counsel to the Prepetition Secured Parties, Klee, Tuchin, Bogdanoff & Stern LLP, 1999 Avenue of the Americas, 39th Floor, Los Angeles, CA 90067, Attn: Thomas El Patterson and David A.

2

Filder (tpatterson@ktbslaw.com and dfidler@ktbslaw.com); (iv) counsel to the Committee, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Seth Van Aalten and Michael Klein (svanaalten@cooley.com and mklein@cooley.com); (v) to the extent not listed herein, any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b).

       **PLEASE TAKE FURTHER NOTICE** that, absent an objection being untimely filed, the assumption of any Contract listed on Schedule 1 shall become effective on the Assumption Date set forth in **<u>Schedule 1</u>** without further notice, hearing or order of this Court, unless (i) Debtors withdraw such Assumption Notice on or prior to the Assumption Date or (ii) Debtors and the pertinent counterparty or counterparties agree, prior to the Assumption Date, upon another such date.[3]

       *[Remainder of Page Intentionally Left Blank; Signature Page Follows.]*

---

[3] An objection to the assumption of any particular Contract listed in **<u>Schedule 1</u>** to this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in **<u>Schedule 1</u>**. Any objection to the assumption of any particular Contract must state with specificity the Contract(s) to which it is directed. For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and Order.

Dated: June _____, 2019          /s/ _____
New York, New York                **KATTEN MUCHIN ROSENMAN LLP**
                                  Steven J. Reisman, Esq.
                                  Jerry L. Hall, Esq. (admitted *pro hac vice*)
                                  Cindi M. Giglio, Esq.
                                  575 Madison Avenue
                                  New York, NY 10022

                                  Telephone: (212) 940-8800
                                  Facsimile:  (212) 940-8876
                                  Email:      sreisman@kattenlaw.com
                                              jerry.hall@kattenlaw.com
                                              cindi.giglio@kattenlaw.com

                                  -and-

                                  Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
                                  **KATTEN MUCHIN ROSENMAN LLP**
                                  525 W. Monroe Street
                                  Chicago, IL 60661
                                  Telephone: (312) 902-5455
                                  Email:      peter.siddiqui@kattenlaw.com

                                  *Counsel to Debtors and Debtors-in-Possession*

## **SCHEDULE 1**

**Assumed Contracts**

| Debtors(s) Party to Contract | Counterparty | Counterparty Address | Description of Contract | Abandoned Personal Property | Rejection Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## <u>SCHEDULE 2</u>

**Adequate Assurance Package**

**<u>Exhibit B</u>**
**Redline**