**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case Nos.: 19-10971(SMB) |
| | ) | Through 19-10978(SMB) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND**
**APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of the above-captioned debtors and debtors in possession

(collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure

("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for

filing proofs of claim and approving the form and manner of service thereof, and it appearing that

the relief requested is in the best interests of the Debtors, their estates, and creditors and that

adequate notice has been given and that no further notice is necessary; and after due deliberation

and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including,

without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental

units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the

Debtors which arose on or prior to the filing of the Chapter 11 petitions on March 29, 2019 (the

"Filing Date"), shall file a proof of claim in writing or electronically through the claims agent's

website so that it is received on or before July 17, 2019; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by

governmental units must be filed on or before September 25, 2019 (the date that is one hundred

eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall

apply:

(a)    Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b)    Proofs of claim must be filed either electronically through the claims agent's

website or by mailing the original proof of claim either by U.S. Postal Service mail

or overnight delivery to the United States Bankruptcy Court, Southern District of

New York, c/o Stretto, Attn: Sizmek Claims Processing, 8269 E. 23rd Avenue, Suite

275, Denver, CO 80238 or by delivering the original proof of claim by hand to the

United States Bankruptcy Court, Southern District of New York, One Bowling

Green, Room 614, New York, NY 10004-1408;

(c)    Proofs of claim will be deemed filed only when received by the Clerk of the

Bankruptcy Court on or before the Bar Date;

(d)    Proofs of claim must (i) be signed; (ii) include supporting documentation (if

voluminous, attach a summary) or an explanation as to why documentation is not

available; (iii) be in the English language; and, (iv) be denominated in United

States currency;

(e)    Proofs of claim must specify by name and case number the Debtor against which

the claim is filed; if the holder asserts a claim against more than one Debtor or has

claims against different Debtors, a separate proof of claim form must be filed with

respect to each Debtor; and it is further

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

(a)     Any claim as to which the holder has already filed a proof of claim against the

        Debtors in the above-captioned case in a form substantially similar to Official

        Bankruptcy Form No. 410 so long as the claimant does not wish to assert such

        claim against a Debtor who was not named in the original claim, in which case

        another Proof of Claim must be filed;

(b)     Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the

        claim is not scheduled as "disputed", "contingent" or "unliquidated"; and (ii) the

        claimant does not disagree with the amount, nature and priority of the claim as set

        forth in the Schedules; and (iii) the claimant does not dispute that the claim is an

        obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)     Any claim that heretofore has been allowed by Order of this Court;

(d)     Any claim that has been paid in full by any of the Debtors;

(e)     Any claim for which different specific deadlines have previously been fixed by this

        Court;

(f)     Any claim by a Debtor against another Debtor;

(g)     Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an

        expense of administration of the Debtor's estate, except as otherwise provided

        below; and

(h)     Any claim held by the Prepetition First Lien Agent.

**ORDERED,** Claims under section 503(b)(9) must be filed by the deadlines set forth in

this Order, and it is further;

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an

executory contract or unexpired lease, as to which the order authorizing such rejection is dated on

or before the date of entry of this Order, must file a proof of claim based on such rejection on or

before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an

executory contract or unexpired lease, as to which an order authorizing such rejection is dated

after the date of entry of this Order, must file a proof of claim on or before such date as the Court

may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity interests in the Debtors need not file proofs of interest

with respect to the ownership of such equity interest, provided, however, that if any such holder

asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase

or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date

pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplement the Schedules subsequent to the date

hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims

affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice

to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it

is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other

party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and

it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to

comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as

a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved

and shall be deemed adequate and sufficient if served by first-class mail at least thirty- five (35)

days prior to the Bar Date on:

(a)     The United States Trustee;

(b)     Counsel to each official committee;

(c)     All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d)     All persons or entities that have filed claims;

(e)     All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)     All parties to executory contracts and unexpired leases of the Debtors;

(g)     All parties to litigation with the Debtors;

(h)     The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)     Such additional persons and entities as deemed appropriate by the Debtors; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtors and their Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that the Bar Date Notice substantially in the form attached hereto as Exhibit A, is hereby approved; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to  seek

a further order of this Court fixing a date by which holders of claims or interests not subject  to the

Bar Date established herein must file such proofs of claim or interest or be barred from  doing so.


**Dated:  June 11th, 2019**
**New York, New York**

**/s/ STUART M. BERNSTEIN**

THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**Form of Bar Date Notice**

**EXHIBIT A**

**Form of Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case Nos.: 19-10971(SMB) |
| | ) | Through 19-10978(SMB) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE   JULY 17, 2019

### TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST DEBTOR ENTITIES LISTED ON <u>APPENDIX A</u> ATTACHED HERETO:

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **July 17, 2019** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against any of the Debtors listed on Appendix A attached to this Notice (the "Debtors").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to March 29, 2019, the date on which the Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. Governmental units may have until September 25, 2019, the date that is one hundred eighty (180) days after the order for relief, to file proofs of claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share

in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to

March 29, 2019 (the "Filing Date"), and it is not one of the types of claim described in Section 4

below.  Claims based on acts or omissions of the Debtors that occurred before the Filing Date must

be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or

did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim"

means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated,

unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,

secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such

breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced

to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Your filed proof of claim must conform substantially to Official Form No. 410; a case-

specific proof of claim form accompanies this notice as Appendix B.  Additional proof of claim

forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms or

https://cases.stretto.com/sizmek

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an

individual, by an authorized agent of the claimant.  It must be written in English and be

denominated in United States currency.   You should attach to your completed proof of claim any

documents on which the claim is based (if voluminous, attach a summary) or an explanation as to

why the documents are not available.

Your proof of claim form must not contain complete social security numbers or taxpayer

3

identification numbers (only the last four digits), a complete birth date (only the year), the name of a

minor (only the minor's initials) or a financial account number (only the last four digits of such

financial account).

Any holder of a claim against more than one Debtor must file a separate proof of claim with

respect to each such Debtor and all holders of claims must identify on their proof of claim the

specific Debtor against which their claim is asserted and the case number of that Debtor's

bankruptcy case.   A list of the names of the Debtors and their case numbers is set forth on

Appendix A attached to this Notice

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or**

before July 17, 2019 at the following address:

| **IF BY MAIL:** | **IF DELIVERED BY HAND:** |
|---|---|
| United States Bankruptcy Court, Southern District of New York <br> c/o Stretto, Attn: Sizmek Claims Processing <br> 8269 E. 23rd Avenue <br> Suite 275 <br> Denver, CO 80238 | United States Bankruptcy Court <br> Southern District of New York <br> One Bowling Green, Room 614 <br> New York, NY 10004-1408 |

Or electronically through the claims agent's website, at: https://cases.stretto.com/sizmek/fileaclaim

Proofs of claim will be deemed filed only when underlined received at the addresses listed above or

filed electronically on or before the Bar Date.  Proofs of claim may not be delivered by facsimile,

telecopy or electronic mail transmission.

**4.      CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do **not** need to file a proof of claim on behalf of a claim on or prior to the applicable Bar

Date if the claim falls into one of the following categories:

(a)      Any claim that has already been asserted in a proof of claim against the Debtors
         with the Clerk of the Bankruptcy Court for the Southern District of New York in

a form substantially similar to Official Bankruptcy Form No. 410 (unless you wish to assert the claim against a Debtor not mentioned in the prior proof of claim, in which case an additional proof of claim must be filed);

(b)     Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules <u>and</u> (iii) the claimant does not dispute that the claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

(c)     Any claim that previously been allowed by Order of the Court

(d)     Any claim that has been paid in full by any of the Debtors;

(e)     Any claim for which a different deadline has previously been fixed by this Court;

(f)     Any claim by one Debtor against another Debtor;

(g)     Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estates; and

(h)     Any claim held by the Prepetition First Lien Agent.

If you are a holder of an equity interest in the Debtors, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before [June 5, 2019], the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such

claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or

lease.

**6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS

OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY

FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A

CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN

OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY

DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the

Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and

Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is

accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed

in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor

specified by the Debtors, and if your claim is not described as "disputed," "contingent," or

"unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of

claim, you must do so before the Bar Date in accordance with the procedures set forth in this

Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet

Website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to

Electronic Court Records ("PACER") are required to access this information and can be obtained

through the PACER Service Center at http://www.pacer.gov or on Debtors' claims agent's website

at https://cases.stretto.com/sizmek.  Copies of the Schedules may also be examined between the

hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the

Bankruptcy Court, One Bowling Green, Room 614, New York, New York 10004-1408.  Copies of

the Debtors' Schedules  may also be obtained by written request to Debtors' counsel at the address

set forth below.

**A holder of a possible claim against the Debtors should consult an attorney regarding**

**any matters not covered by this notice, such as whether the holder should file a  proof of claim.**

BY ORDER OF THE COURT

Dated:  June __, 2019            */s/* _____
New York, New York            **KATTEN MUCHIN ROSENMAN LLP**
                              Steven J. Reisman, Esq.
                              Jerry L. Hall, Esq. (admitted *pro hac vice*)
                              Cindi M. Giglio, Esq.
                              575 Madison Avenue
                              New York, NY 10022
                              Telephone: (212) 940-8800
                              Facsimile:  (212) 940-8876
                              Email:      sreisman@kattenlaw.com
                                          jerry.hall@kattenlaw.com
                                          cindi.giglio@kattenlaw.com

                              -and-

                              Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
                              **KATTEN MUCHIN ROSENMAN LLP**
                              525 W. Monroe Street
                              Chicago, IL 60661
                              Telephone: (312) 902-5455
                              Email:      peter.siddiqui@kattenlaw.com

                              *Counsel to Debtors and Debtors-in-Possession*

## APPENDIX A TO NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

| Debtor | Case Number |
| --- | --- |
| Sizmek Inc. | 19-10971 |
| Point Roll, Inc. | 19-10972 |
| Sizmek DSP, Inc. | 19-10973 |
| Sizmek Technologies, Inc. | 19-10974 |
| Wireless Artist LLC | 19-10975 |
| WirelessDeveloper, Inc. | 19-10976 |
| X Plus One Solutions, Inc. | 19-10977 |
| X Plus Two Solutions, LLC | 19-10978 |

## APPENDIX B TO NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM

(Case Specific Proof of Claim Form)