**Hearing Date:  July 16, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  July 9, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

Steven J. Reisman, Esq.
Cindi M. Giglio, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:      (212) 940-8800
Facsimile:      (212) 940-8876
sreisman@kattenlaw.com
cindi.giglio@kattenlaw.com
jerry.hall@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:      (312) 902-5455
Facsimile:      (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR AN ORDER (I)**
**ESTABLISHING DEADLINE TO FILE CERTAIN ADMINISTRATIVE CLAIMS AND**
**PROCEDURES RELATING THERETO AND (II) APPROVING THE FORM AND**
**MANNER OF NOTICE THEREOF**

**PLEASE TAKE NOTICE** that on July 2, 2019, the above-captioned debtors and debtors

in possession (collectively, the "Debtors") filed *Debtors' Motion for an Order (I) Establishing*

*Deadline to File Certain Administrative Claims and Procedures Relating Thereto and (II)*

*Approving the Form and Manner of Notice Thereof* (the "Motion").  A hearing (the "Hearing") on

the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge,

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number,
include:  Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402);
Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two
Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401
Park Avenue South, Fifth Floor, New York, NY 10016.

United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **July 16 , 2019 at 10:00 a.m. (prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "Case Management Order") [Docket No. 103], shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **July 9, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order), including the following:

    a. Counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn.: Steven J. Reisman, Esq., Cindi M. Giglio, Esq., and Jerry L. Hall, Esq., and Katten Muchin Rosenman LLP, 525 West Monroe St., Chicago, IL 60661-3693, Attn.: Peter A. Siddiqui, Esq.;

    b. The Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.:  Richard Morrissey, Esq.;

a.  Counsel to the official committee of unsecured creditors appointed in these chapter 11

cases (the "Committee"), Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn:

Seth Van Aalten, Esq.; Michael Klein, Esq.; Robert Winning, Esq.; and Lauren

Reichardt, Esq.;

b.  counsel to the agents under Debtors' prepetition financing agreements;

c.  counsel to Debtors' equity sponsor;

d.  holders of the 50 largest unsecured claims against Debtors (on a consolidated basis);

e.  the United States Attorney's Office for the Southern District of New York;

f.  the Internal Revenue Service;

g.  the office of the Attorney General for the State of New York;

h.  the Securities and Exchange Commission; and

i.  any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.  Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/sizmek.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.


Dated:  July 2, 2019                    */s/ Steven J. Reisman*
New York, NY                     **KATTEN MUCHIN ROSENMAN LLP**
                                     Steven J. Reisman, Esq.
                                     Cindi M. Giglio, Esq.
                                     Jerry L. Hall, Esq. (admitted *pro hac vice*)
                                     575 Madison Avenue
                                     New York, NY 10022-2585
                                     Telephone: (212) 940-8800
                                     Facsimile:  (212) 940-8876
                                     Email:     sreisman@kattenlaw.com
                                             cindi.giglio@kattenlaw.com
                                           jerry.hall@kattenlaw.com

                                   -and-

                                   Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
                                   **KATTEN MUCHIN ROSENMAN LLP**
                                   525 W. Monroe Street
                                   Chicago, IL 60661-3693
                                   Telephone: (312) 902-5455
                                   Email:     peter.siddiqui@kattenlaw.com

                                   *Counsel to Debtors and Debtors-in-Possession*

**Hearing Date:  July 16, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  July 9, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:      (212) 940-8800
Facsimile:      (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:      (312) 902-5455
Facsimile:      (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., *et al.*,[1] | Case No. 19-10971 (SMB) |
| Debtors. | (Jointly Administered) |

### DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING DEADLINE TO FILE CERTAIN ADMINISTRATIVE CLAIMS AND PROCEDURES RELATING THERETO AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors and debtors in possession (collectively, "Debtors")

hereby move (the "Motion") this Court for entry of an order substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), under sections 105, 502, and 503 of title 11 of the

United States Code (the "Bankruptcy Code"), and Rules 2002, 3003(c)(3), and 9007 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing deadlines for creditors

to file certain administrative claims, (ii) approving the form and manner for submitting such claims

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

and, and (iii) approving notice thereof.  In support of the Motion, Debtors, by and through their

undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, dated February 1, 2012.  Debtors confirm their consent, pursuant to

Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Application

to the extent that it is later determined that the Court, absent consent of the parties, cannot enter

final orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       This is a core proceeding under 28 U.S.C. § 157(b).

4.       The legal predicates for the relief requested herein are sections 105, 502 and

503 of the Bankruptcy Code, Bankruptcy Rules 2002. 3003(c)(3), and 9007, and Rule 3003-1 of

the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the

"Local Rules")

## BACKGROUND

### A.       The Chapter 11 Cases

5.       Sizmek Inc., together with its Debtor and non-Debtor affiliates, is a leading

online advertising campaign management and distribution platform for advertisers, media

agencies, and publishers.  Debtors and their non-Debtor affiliates, who, as of March 29, 2019 (the

"Petition Date") had approximately 1,114 employees worldwide, assist their clients with engaging

a broad consumer audience in 19 countries across multiple online media channels by facilitating

the implementation of targeted, data-driven advertising strategies that encompass all of the technology and intelligence necessary to execute effective global advertisement campaigns. Debtors are headquartered in New York, New York, with operations and assets in the United States and abroad. As of the Petition Date, Debtors have approximately $172 million of funded indebtedness.

6. On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. On April 17, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in these chapter 11 cases (the "Committee").

7. On June 11, 2019, the Court entered an order [Dkt. 233] (the "General Bar Date Order"), fixing July 17, 2019 as the deadline to file certain proofs of claims for all creditors other than governmental units, and September 25, 2019 as the deadline for governmental units to file proofs of claim (together, the "General Claims Bar Date"). The General Bar Date Order specified that the General Claims Bar Date did not apply to, inter alia, Administrative Claims (as defined herein).

8. On April 19, 2019, the Debtors filed a motion [Dkt. 78] seeking approval of the sale of the Debtors' DSP and DMP businesses to Zeta Global Holdings Corp. (the "DSP Sale"). The Court approved the DSP Sale on April 29, 2019 [Dkt. 143], and the DSP Sale closed on May 1, 2019.

9. On June 3, 2019, the Debtors filed a motion [Dkt. 210] seeking approval of the sale of the Debtors' AdServer business to Amazon.com, Inc. (the "AdServer Sale"). The Court

approved the AdServer Sale on June 20, 2019 [Dkt. 269], and the AdServer Sale closed on June 21, 2019.

10.     The Debtors are in the process of marketing and negotiating a sale related to the remainder of their assets, including assets related to the Debtors' Peer39 business, nearly all of which is performed by non-debtor affiliates of the Debtors, and will be filing a motion seeking approval of such sale in the near term. Accordingly, the Debtors have and are in the process of significantly reducing their operational and administrative expenses and submit that now is an appropriate time to establish a bar date for Administrative Claims (as defined herein).

11.     Additional information regarding Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the *Declaration of Sascha Wittler, Chief Financial Officer, of Sizmek Inc., (I) in Support of Chapter 11 Petitions and (II) Pursuant to Local Rule 1007-2* [Dkt. 13] and the *Supplemental Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2*, filed on April 9, 2019 [Dkt. 54] (together, the "First Day Declaration").

## RELIEF REQUESTED

12.     By the Motion, the Debtors seek entry of an order:

a.   establishing August 30, 2019 as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units as defined in Section 101(27) of the Bankruptcy Code) to file a request for payment in respect of any claim arising under Section 503(b) and 507(a)(2) of the Bankruptcy Code, other than section 503(b)(9) of the Bankruptcy Code (an "Administrative Claim") between the Petition Date and July 31, 2019, inclusive, against any of the Debtors (the "Administrative Claims Bar Date")";

b.   approving the proposed procedures for filing a request for payment of an Administrative Claim (the "Request for Payment") and the proposed form for submission of a Request for Payment (the "Request for Payment Form"),

substantially in the form attached as **Exhibit 1** to the Proposed Order; and

c.   approving the proposed procedures for notice of the Administrative Claims Bar Date, including the form of notice (the "<u>Administrative Claims Bar Date Notice</u>"), substantially in the form annexed as **Exhibit 2** to the Proposed Order.

### Proposed Procedures for Filing Requests for Payment

13.    The Debtors propose the following procedures (the "<u>Procedures</u>") for filing Requests for Payment:

a.   The Request for Payment shall be sent:

if by overnight courier or first class mail to:

Sizmek Claims Processing
c/o Stretto
8269 E. 23rd Avenue
Suite 275
Denver, CO 80238

if filed online with Stretto, at:

https://case.stretto.com/sizmek/fileaclaim

OR

if by hand delivery:

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408

b.   Requests for Payment will be deemed filed only when actually received by the Debtors' claims and noticing agent (Stretto) or the Clerk of the United States Bankruptcy Court.

c.   Requests for Payment must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

d.   Requests for Payment must specify by name and case number the Debtor

5

against which the Administrative Claim is filed. A Request for Payment filed under Case No. 19-10971 that does not identify a Debtor will be deemed as filed only against Sizmek Inc.

e.  If the holder asserts an Administrative Claim against more than one Debtor or has Administrative Claims against different Debtors, a separate Request for Payment must be filed with respect to each Debtor. To the extent more than one Debtor is listed on the Request for Payment, such Administrative Claim will be treated as if filed only against the first-listed Debtor.

f.  No Requests for Payment sent by facsimile, telecopy, or electronic mail transmission will be accepted.

14.  The following persons or entities are **not** required to file a Request for Payment on or before the Administrative Claims Bar Date:

a.  any holder of an Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

b.  any holder of a claim arising under Section 503(b)(9) of the Bankruptcy Code;[2]

c.  any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

d.  any estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under sections 105, 327, 328, 330, or 363 of the Bankruptcy Code;

e.  the Prepetition Secured Parties (as defined in the First Day Declaration); and

f.  any holder of an intercompany claim against another Debtor.

15.  Debtors submit that these proposed Procedures will give Debtors' creditors ample opportunity to prepare and file Requests for Payment.

## CONSEQUENCES FOR FAILURE TO FILE A REQUEST FOR PAYMENT

**16.**  Debtors request that any holder of an Administrative Claims that fails to comply

---

[2]  Pursuant to the General Bar Date Order, claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the General Claims Bar Date.  [Dkt. 233 at 3.]

with the Proposed Order by timely filing a Request for Payment in appropriate form be forever barred, estopped and enjoined from asserting such Administrative Claim against the Debtors or their respective property, unless otherwise tardily filed if permitted by the Court for cause pursuant to Section 503(a) of the Bankruptcy Code.

## REQUEST FOR PAYMENT FORM

17.     Debtors have prepared the Request for Payment Form attached as **Exhibit 1** to the Proposed Order.  The Request for Payment Form will allow parties in interest to provide the information necessary to file an Administrative Claim.

## NOTICE OF THE ADMINISTRATIVE CLAIMS BAR DATE

18.     Debtors propose to provide notice of the Administrative Claims Bar Date by serving a Notice of the Administrative Bar Date substantially in the form annexed to the Proposed Order as **Exhibit 2** by first-class mail at least thirty-five (35) days prior to the Administrative Claims Bar Date on:

   a.   the United States Trustee;

   b.   counsel to each official committee, including the Committee;

   c.   all persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

   d.   all persons or entities that have filed claims;

   e.   all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Debtors' Schedules as holding claims;

   f.   all parties to executory contracts and unexpired leases of the Debtors;

   g.   all parties to litigation with the Debtors;

   h.   the Internal Revenue Service for the Southern District of New York, the Securities and Exchange Commission and any other required governmental units applicable to the Debtors' businesses;

i.   state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

j.   such additional persons and entities as deemed appropriate by the Debtors.

19.   The Administrative Claims Bar Date Notice notifies parties of, among other things, (i) the Administrative Claims Bar Date; (ii) who must file a Request for Payment; (iii) the Procedures for filing a Request for Payment; (iv) the consequences of failing to timely file a Request for Payment; and (v) where parties can find further information with respect to Debtors' chapter 11 cases.

## THE PROPOSED ADMINISTRATIVE CLAIM BAR DATE NOTICE AND PROCEDURES ARE REASONABLY CALCULATED TO PROVIDE DUE AND PROPER NOTICE

20.   Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty-one (21) days' notice of the time fixed for filing Proofs of Claim.  Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.  Under the Proposed Order, the Debtors will be providing at least 35 days' notice to all known creditors.  Accordingly, the Debtors submit that the proposed Administrative Claims Bar Date and Procedures provide sufficient time for all parties in interest, including foreign creditors to assert their claims.

21.   Further, because the proposed Procedures will provide notice to all known parties in interest by mail, the Debtors submit that the proposed Procedures are reasonably calculated to provide notice to all parties that may hold an Administrative Claim and wish to assert a Request for Payment in these chapter 11 cases.

22.   Accordingly, the Debtors submit that no further or other notice of the Administrative Claims Bar Date is necessary and that the proposed Procedures provide due and proper notice of the Administrative Claims Bar Date.

8

## RESERVATION OF RIGHTS

23.     Debtors reserve all rights and defenses with respect to any Administrative Claim, including the right to object to any Request to Payment on any grounds. Further, Debtors reserve the right to seek to seek a further order of the Court fixing a date by which holders of Administrative Claims not subject to the Administrative Claims Bar Date must file Requests for Payment against the Debtor or be forever barred from so doing.

24.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interest of their estates and creditors, and should be granted in all respects.

## NOTICE

25.     Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Secured Parties (as defined in the First Day Declaration); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the attorneys general in the states where Debtors conduct their business operations; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein has been made to this Court or any other court.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter the Proposed Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  July 2, 2019         */s/ Steven J. Reisman*
New York, New York      **KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:     sreisman@kattenlaw.com
         jerry.hall@kattenlaw.com
         cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:     peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

# **EXHIBIT A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (I) ESTABLISHING DEADLINE TO FILE CERTAIN ADMINISTRATIVE CLAIMS AND PROCEDURES RELATING THERETO AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, "Debtors"); for an order fixing certain deadlines and establishing Procedures for making Requests for Payment for Administrative Claims (as defined below) arising between the Petition Date and July 31, 2019, inclusive, and approving the form and manner of service hereof; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances and no further notice being necessary; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and any objections to the relief requested herein having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY**

**ORDERED THAT:**

1.        The Motion is granted to the extent set forth herein.

2.        Except as otherwise provided herein, all persons and entities, (including, without

limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not ggovernmental

units) that file a request for payment ("Request for Payment") in respect of any claim arising under

section 503(b) and 507(a)(2) of the Bankruptcy Code, other than section 503(b)(9)[3] of the

Bankruptcy Code (an "Administrative Claim") between March 29, 2019 (the "Petition Date") and

July 31, 2019, inclusive, against any of the Debtors, shall file such Request for Payment as set

forth in this Order so that it is actually received on or before August 30, 2019 (the "Administrative

Claims Bar Date").

3.        The form of Administrative Claims Bar Date Notice annexed hereto as **Exhibit 2**

is approved.  Notice of the Administrative Bar Date shall be deemed adequate and sufficient if the

Administrative Claims Bar Date Notice substantially in the form annexed hereto as **Exhibit 2** is

served by first-class mail at least thirty-five (35) days prior to the Administrative Claims Bar Date

on:

            a.   the United States Trustee;

            b.   counsel to each official committee, including the Committee;

            c.   all persons or entities that have requested notice of the proceedings in the
                 Chapter 11 cases;

---

[3]        Pursuant to the General Bar Date Order, claims arising under section 503(b)(9) of the Bankruptcy Code must be
        filed by the General Claims Bar Date. [Dkt. 233 at 3.]

2

    d.   all persons or entities that have filed claims;

    e.   all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

    f.   all parties to executory contracts and unexpired leases of the Debtors;

    g.   all parties to litigation with the Debtors;

    h.   the Internal Revenue Service for the Southern District of New York, the Securities and Exchange Commission and any other required governmental units applicable to the Debtors' businesses;

    i.   state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

    j.   such additional persons and entities as deemed appropriate by the Debtors.

4.    The Debtors are authorized to include the Request for Payment Form substantially in the form annexed hereto as **Exhibit 1** with the Administrative Claims Bar Date Notice that is mailed to the parties set forth in the preceding paragraph.

5.    The following Procedures for the filing of a Request for Payment shall apply.

    a.   The Request for Payment shall be sent:

    if by overnight courier or first class mail to:

    Sizmek Claims Processing
    c/o Stretto
    8269 E. 23rd Avenue
    Suite 275
    Denver, CO 80238

    if filed online with Stretto, at:

    https://case.stretto.com/sizmek/fileaclaim

    OR

    if by hand delivery:

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408

 b. Requests for Payment will be deemed filed only when actually received by the Debtors' claims and noticing agent (Stretto) or the Clerk of the United States Bankruptcy Court.

 c. Requests for Payment must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

 d. Requests for Payment must specify by name and case number the Debtor against which the Administrative Claim is filed.  A Request for Payment filed under Case No. 19-10971 that does not identify a Debtor will be deemed as filed only against Sizmek Inc.

 e. If the holder asserts an Administrative Claim against more than one Debtor or has Administrative Claims against different Debtors, a separate Request for Payment must be filed with respect to each Debtor.  To the extent more than one Debtor is listed on the Request for Payment, such Administrative Claim will be treated as if filed only against the first-listed Debtor.

 f. No Requests for Payment sent by facsimile, telecopy, or electronic mail transmission will be accepted.

6. The following persons or entities are **not** required to file a Request for Payment on or before the Administrative Claims Bar Date:

 a. any holder of an Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

 b. any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code;[4]

 c. any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

 d. any estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under Sections 105, 327, 328, 330,

---

[4] Pursuant to the General Bar Date Order, claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the General Claims Bar Date

or 363 of the Bankruptcy Code;

    e.   the Prepetition Secured Parties (as defined in the First Day Declaration); and

    f.   any holder of an intercompany claim against another Debtor.

7.    All holders of Administrative Claims that fail to comply with this Order by timely filing a Request for Payment in appropriate form shall be forever barred, estopped and enjoined from asserting such Administrative Claim against the Debtors or their respective property, unless otherwise tardily filed if permitted by the Court for cause pursuant to Section 503(a) of the Bankruptcy Code.

8.    The Debtors and Stretto are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of the Court fixing a date by which holders of claims or interests not subject to the Administrative Claims Bar Date established herein must file Requests for Payment or be barred from doing so.

11.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2019
New York, New York

                 THE HONORABLE STUART M. BERNSTEIN
                 UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Form of Request for Payment of Administrative Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                         |     |                          |
| ----------------------- | --- | ------------------------ |
|                         | )   |                          |
| In re:                  | )   | Chapter 11               |
|                         | )   |                          |
| SIZMEK INC., *et al.,*[1] | )   | Case No. 19-10971 (SMB)  |
|                         | )   |                          |
|            Debtors.     | )   | (Jointly Administered)   |
|                         | )   |                          |

## REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM

1. Name of Claimant:

2. Name of Debtor(s)claim asserted against:

3. Nature and description of the claim (you may attach a separate summary):

4. Date(s) claim arose:

5. Amount of claim:

6. Documentation supporting the claim must be attached hereto. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date or dates on which the administrative expense claim arose.

Date: _____          Signature:_____

                                        Name:_____

                                        Address:_____

                                        _____

                                        _____

                                        Telephone Number:_____

---

[1]     Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

**<u>EXHIBIT 2</u>**

**Form of Administrative Claims Bar Date Notice**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:      (212) 940-8800
Facsimile:      (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:      (312) 902-5455
Facsimile:      (312) 902-1061
peter.siddiqui@kattenlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF DEADLINE REQUIRING FILING OF**
**CERTAIN ADMINISTRATIVE CLAIMS ON OR BEFORE AUGUST 30, 2019**

**TO ALL PERSONS AND ENTITIES WITH ADMINISTRATIVE CLAIMS AGAINST**
**ANY OF THE DEBTOR ENTITIES LISTED BELOW:**

The United States Bankruptcy Court for the Southern District of New York has entered an order (the "Order") establishing **August 30, 2019** (the "Administrative Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units) to file a request for payment (a "Request for Payment") for each Administrative Claim (as defined below) against any of the Debtors below (the "Debtors"):

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

| **Debtor** | **Case Number** |
|---|---|
| Sizmek Inc. | 19-10971 |
| Point Roll, Inc. | 19-10972 |
| Sizmek DSP, Inc. | 19-10973 |
| Sizmek Technologies, Inc. | 19-10974 |
| Wireless Artist LLC | 19-10975 |
| WirelessDeveloper, Inc. | 19-10976 |
| X Plus One Solutions, Inc. | 19-10977 |
| X Plus Two Solutions, LLC | 19-10978 |

The Administrative Claims Bar Date and the Procedures set forth below for filing Requests for Payment apply to all Administrative Claims against the Debtors that arose **only** between **March 29, 2019 (the "Petition Date") and July 31, 2019**, **inclusive**, except for those holders of claims listed in Section 4 below that are specifically excluded from the Administrative Claims Bar Date filing requirement.

## 1.  WHO MUST FILE A REQUEST FOR PAYMENT

You MUST file a Request for Payment if you have an Administrative Claim and it is not among the types of claims described in section 4 below.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

An "Administrative Claim" constitutes a claim arising under Sections 503(b) and/or 507(a)(2) of the Bankruptcy Code **only** between the Petition Date (March 29, 2019) through July 31, 2019, inclusive, including the actual and necessary costs and expenses incurred of preserving the Debtors' estates and operating the business of the Debtors.

## 2.  WHAT TO FILE

A Request for Payment must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed Request for Payment any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Request for Payment form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year),

2

the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of an Administrative Claim against more than one Debtor must file a separate Request for Payment with respect to each such Debtor and all holders of claims must identify on their Request for Payment the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their case numbers is set forth above.

### 3.  WHEN AND WHERE TO FILE

Except as provided for herein, a Request for Payment must be filed so as to **be actually received** on or before August 30, 2019 at either of the following addresses:

| Delivery by overnight courier or first class mail: | Online filing with Stretto: | Hand delivery only: |
|---|---|---|
| Sizmek Claims Processing c/o Stretto 8269 E. 23rd Avenue Suite 275 Denver, CO 80238 | https://case.stretto.com/sizmek/fileaclaim | United States Bankruptcy Court Southern District of New York One Bowling Green, Room 534 New York, NY 10004-1408 |

A Request for Payment will be deemed filed only when **actually received** at the addresses listed above. A Request for Payment may not be delivered by facsimile, telecopy or electronic mail transmission.

### 4.  WHO NEED NOT FILE A REQUEST FOR PAYMENT

You do not need to file a Request for Payment on or prior to the Administrative Claims Bar Date if you are:

a.  any holder of an Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

b.  any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code;[2]

c.  any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

d.  any estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under sections 105, 327, 328, 330, or 363 of the Bankruptcy Code;

---

[2]  Pursuant to the General Bar Date Order (as defined in the Order), claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the General Claims Bar Date (as defined in the Order).

3

e.   the Prepetition Secured Parties (as defined in the Order); and

f.   any holder of an intercompany claim against another Debtor.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

## 5.   CONSEQUENCES OF FAILURE TO FILE A REQUEST FOR PAYMENT BY THE ADMINISTRATIVE CLAIMS BAR DATE

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A REQUEST FOR PAYMENT IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ADMINISTRATIVE CLAIM IN THESE CASES AND SHALL NOT PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH ADMINISTRATIVE CLAIM.

## 6.   RESERVATION OF RIGHTS

The Debtors reserve the right to dispute or to assert offsets or defenses against, any Administrative Claim as to nature, amount, liability, priority, classification or otherwise.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim on any grounds.

[*Remainder of Page Intentionally Left Blank*]

       **A holder of a possible Administrative Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Request for Payment**.

BY ORDER OF THE COURT

Dated:  [          ], 2019
New York, New York

*/s/* _____

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:     sreisman@kattenlaw.com
             jerry.hall@kattenlaw.com
             cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:     peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*