Hearing Date: **July 25, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
Objection Deadline: **July 18, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:   (212) 940-8800
Facsimile:   (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:   (312) 902-5455
Facsimile:   (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 11, 2019, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed *Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York at the

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **July 25, 2019, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "Case Management Order") [Docket No. 103], shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **July 18, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order), including the following:

a. Counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn.: Steven J. Reisman, Esq., Cindi M. Giglio, Esq., and Jerry L. Hall, Esq., and Katten Muchin Rosenman LLP, 525 West Monroe St., Chicago, IL 60661-3693, Attn.: Peter A. Siddiqui, Esq.;

b. The Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Richard Morrissey, Esq.;

a. Counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn.:

2

        Seth Van Aalten, Esq.; Michael Klein, Esq.; Robert Winning, Esq.; and Lauren Reichardt, Esq.;

b. counsel to the agents under Debtors' prepetition financing agreements;

c. counsel to Debtors' equity sponsor;

d. holders of the 50 largest unsecured claims against Debtors (on a consolidated basis);

e. the United States Attorney's Office for the Southern District of New York;

f. the Internal Revenue Service;

g. the office of the Attorney General for the State of New York;

h. the Securities and Exchange Commission; and

i. any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/sizmek. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: July 11, 2019<br>New York, NY | */s/ Steven J. Reisman*<br>**KATTEN MUCHIN ROSENMAN LLP**<br>Steven J. Reisman, Esq.<br>Cindi M. Giglio, Esq.<br>Jerry L. Hall, Esq. (admitted *pro hac vice*)<br>575 Madison Avenue<br>New York, NY 10022-2585<br>Telephone: (212) 940-8800<br>Facsimile: (212) 940-8876<br>Email:   sreisman@kattenlaw.com<br>             cindi.giglio@kattenlaw.com<br>             jerry.hall@kattenlaw.com<br><br>-and-<br><br>Peter A. Siddiqui, Esq. (admitted *pro hac vice*)<br>**KATTEN MUCHIN ROSENMAN LLP**<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>Telephone: (312) 902-5455<br>Email:   peter.siddiqui@kattenlaw.com<br><br>*Counsel to Debtors and Debtors-in-Possession* |

Hearing Date:  July 25, 2019 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  July 18, 2019 at 4:00 p.m. (Prevailing Eastern Time)

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:     (312) 902-5455
Facsimile:     (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SIZMEK INC., *et al.*,[1] | ) ) | Case No. 19-10971(SMB) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

Sizmek Inc. and certain of its affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, "Debtors") hereby move (the "Motion")[2] this Court pursuant to Section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code") for the entry of

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] A detailed description of Debtors and their businesses, and the facts and circumstances supporting Debtors' chapter 11 cases, are set forth in in the *Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Dkt. 13], filed on April 2, 2019, and the *Supplemental Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Dkt. 54], filed on April 9, 2019 (together, the "First Day Declaration").

an order (the "Order"), substantially in the form attached as **Exhibit A**: (a) extending Debtors' exclusive right to file a chapter 11 plan by approximately thirty-two (32) days through and including August 30, 2019 (the "Filing Exclusivity Period"), and to solicit acceptances of a chapter 11 plan for each of the Debtors (the "Solicitation Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods") by approximately thirty-three (33) days through and including October 28, 2019, without prejudice to Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief. In support of the Motion, Debtors, by their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

## BACKGROUND

4. On March 29, 2019, (the "Petition Date") each of Debtors filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections

1107(a) and 1108.[3]  On April 17, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors ("Committee") in these Chapter 11 Cases.  Additional information regarding Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the First Day Declaration.

5. Since the beginning of these Chapter 11 Cases, just over three months ago, Debtors have focused on, and made significant strides to, maximize the value of their assets for the benefit of their estates.  In this short amount of time, Debtors have made substantial progress, but significant works remains to be done.  Therefore, Debtors seek a short extension of the Exclusivity Periods to permit Debtors to continue working towards their goal of confirming a consensual, value-maximizing chapter 11 plan.

6. During the course of these Chapter 11 Cases, among other things, Debtors have:

- Stabilized operations after an accelerated filing due to a lack of access to cash, ultimately managing to transition into chapter 11 and receive approval of critical relief, including authority to honor wages;

- Successfully negotiated for on-going consensual use of cash collateral with Debtors' secured lender, Cerberus Business Finance, LLC ("Cerberus");

- Obtained entry of the claims bar date order in these Chapter 11 Cases to facilitate the timely administration of their claims pool and sought entry of an administrative bar date order to allow Debtors to reconcile claims and interests as promptly as possible;

- Evaluated hundreds of contracts and leases, and rejected hundreds of contracts and leases that are no longer needed;

- Engaged in a comprehensive marketing process to generate value through the sale of Debtors' three primary assets:  (1) the Demand Side Platform ("DSP") and Data Management Platform ("DMP") business; (2) the AdServer business ("AdServer"); and (3) the Peer39 business ("Peer39" and, together with the DSP/DMP business and the AdServer business, the "Business Segments");

---

[3]  Unless otherwise provided, "Section" references are to the Bankruptcy Code.

- Negotiated with dozens of potential buyers for the Business Segments and negotiated asset purchase agreements with the highest bidders for each of the Business Segments;

- Obtained approval of the private sale of the DSP/DMP business on April 29, 2019 pursuant to the *Order Authorizing and Approving Private Sale of the Demand-Side Platform and the Data Management Platform Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Dkt. 143], and closed the related sale transaction on May 1, 2019;

- Obtained approval of the private sale of the AdServer business on June 20, 2019 pursuant to the *Order Authorizing and Approving a Private Sale of Debtor Seller's Portion of the AdServer Business Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Dkt. 269], and closed the related sale transaction on June 21, 2019; and

- Filed the *Motion for an Order Authorizing and Approving a Private Sale of Debtor Seller's Portion of The Peer39 Business Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Dkt. 300] seeking approval of a private sale of Debtors' last substantial asset, the Peer39 business.

7. While Debtors have made substantial progress since the filing of these Chapter 11 Cases, the size and complexity of these Chapter 11 Cases, as well as the pressing need to focus on selling Debtors' assets to avoid diminishing value, means that more work remains to be done to allow Debtors to confirm a chapter 11 plan. The brief exclusivity extension requested herein will permit Debtors to focus on confirming a chapter 11 plan.

## RELIEF REQUESTED

8. The Filing Exclusivity Period is set to expire on July 29, 2019, and the Solicitation Exclusivity Period is set to expire on September 25, 2019. By this Motion, Debtors seek entry of an order pursuant to Section 1121(d) and Bankruptcy Rule 9006: (i) extending the Filing Exclusivity Period through and including August 30, 2019, and extending the Solicitation Exclusivity Period through and including October 27, 2019, without prejudice to Debtors' right to seek further extensions of the Exclusivity Periods; and (ii) granting related relief.

**BASIS FOR RELIEF**

9. Section 1121(b) provides for an initial 120-day period after the Petition Date within which Debtors have the exclusive right to file a chapter 11 plan. Section 1121(c)(3) further provides for an initial 180-day period after the Petition Date within which Debtors have the exclusive right to solicit and obtain acceptances of a plan if it has been filed during the first 120-day period.

10. Section 1121(d) permits a court to extend the Exclusivity Periods "for cause." Specifically, Section 1121(d)(1) provides that "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Although the term "for cause" is not defined in the Bankruptcy Code, courts in this District have identified several key factors, none of which is dispositive, relevant to a determination of whether "cause" exists under Section 1121(d). These factors include:

   a. The size and complexity of the case;
   b. The necessity for sufficient time to permit the debtor to negotiate the plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;
   c. The existence of good faith progress towards reorganization;
   d. The fact that the debtor is paying its bills as they become due;
   e. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   f. Whether the debtor has made progress in negotiations with its creditors;
   g. The amount of time which has elapsed in the case;
   h. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
   i. Whether an unresolved contingency exists.

*See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (referencing *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). Not all of these factors are relevant to every case, and it is "within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." *Bunch v. Hoffinger Indus., Inc.* (*In re Hoffinger Indus., Inc.*), 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003).

11. In determining whether an extension to the Exclusivity Periods is warranted under Section 1121(d), courts are given flexibility in order to "allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent [is] to promote maximum flexibility").

12. Debtors submit that sufficient "cause" exists pursuant to Section 1121(d) to extend the Exclusivity Periods as provided herein. Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

- *Debtors' Chapter 11 Cases Are Large and Complex.* These Chapter 11 Cases involve eight (8) Debtor entities, which, as of the Petition Date had 1,114 employees, and approximately $172 million of funded indebtedness. Debtors' challenges were compounded by the accelerated nature of the filing of these Chapter 11 Cases. Further, Debtors' business operations extended over 19 countries, further complicating Debtors' business and the process for selling the Business Segments.

- *Debtors Have Made Good Faith Progress Towards Exiting Chapter 11.* As noted above, Debtors have already hit key milestones necessary for their ultimate exit from chapter 11, including: filing schedules and statements of financial affairs; filing and receiving approval of a bar date order; filing an administrative bar date order; conducting a comprehensive marketing and sale process for each of the Business Segments; negotiating asset purchase agreements for each of the Business Segments; seeking and receiving approval for the private sales of the DSP/DMP and AdServer businesses; and seeking approval for the private sale of the Peer39 business. Debtors will continue to negotiate in good faith with key stakeholders around the terms of a consensual chapter 11 plan.

- *Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, Debtors have paid valid obligations in the ordinary course of business or as

10

otherwise provided by Court order. To the extent there are any amounts owed to post-petition creditors, Debtors are investigating such amounts to determine whether they are valid obligations that should be paid by Debtors, as opposed to third parties, such as purchasers of Debtors' assets. Debtors have been (and will continue) negotiating with the creditors and related third-parties regarding these payments. Debtors have the funds available to make these payments and, to the extent Debtors determine they are valid obligations owed by Debtors, Debtors will pay them.

- *Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* As discussed above, during their short time in chapter 11, Debtors have already made substantial progress in these cases, most critically the sale of the DSP/DMP and AdServer businesses and the pending sale of the Peer39 business. With the sales and pending sale of the Business Segments, Debtors will have generated substantial value and significantly reduced ongoing operating and administrative costs.

- *Debtors Have Made Progress in Negotiating with Creditors and an Extension of the Exclusivity Periods Will Not Prejudice Creditors.* Debtors are requesting an extension of the Exclusivity Periods in order to maintain focus on completing their initiatives and to allow the chapter 11 process to continue unhindered by competing plans. Continued exclusivity will permit Debtors to maintain flexibility so competing plans do not derail Debtors' plan negotiation process. Moreover, throughout these Chapter 11 Cases, Debtors have had ongoing and transparent communications with their major creditor groups, including Cerberus and the Committee, including negotiations relating to a plan. Ultimately, extending the Exclusivity Periods will benefit Debtors' estates, their creditors, and all other key parties in interest.

- *Extension Will Not Pressure Creditors.* Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. Throughout these Chapter 11 Cases, Debtors have maintained open lines of communication with their primary stakeholders, including Cerberus and the Committee. Debtors are seeking an extension of the Exclusivity Periods not to prejudice any of their creditors, but to preserve the progress Debtors have been able to make to date, to maximize the value available for distributions to stakeholders and avoid unnecessary delay and complication.

- *These Cases Are Just Over Three Months Old.* Debtors' request for an extension of the Exclusivity Periods is Debtors' first such request and comes just over three months after the Petition Date. As discussed above, during this short time, the Debtors have focused on the sale of the Business Segments and accomplished a great deal. Debtors continue to work diligently towards their goal of confirming a consensual chapter 11 plan.

13. As explained above, Debtors' focus in these Chapter 11 Cases to date has been on maximizing the value of Debtors' Business Segments by engaging in an expedient, but

11

comprehensive, marketing and sale process for each of the Business Segments. Debtors needed to focus on the marketing and sale of the Business Segments at the start of these Chapter 11 Cases in order to prevent the Business Segments from diminishing in value. Now that Debtors have completed the sales of the DSP/DMP and AdServer businesses, saving the jobs of over 700 of Sizmek's employees, and the sale of Peer39 is pending, Debtors are turning their focus to confirming a consensual plan. Debtors have been and will continue to work diligently to facilitate a successful conclusion to these Chapter 11 Cases, including a consensual chapter 11 plan. Accordingly, Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

## NOTICE

14.     Debtors will provide notice of this Motion as required under the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Dkt. 103], entered by this Court on April 23, 2019 (the "Case Management Procedures Order"). In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

15.     No previous request for the relief sought herein has been made to this Court or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, Debtors respectfully request that this Court enter an order, substantially in the form attached, granting the relief requested in the Motion and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: July 11, 2019<br>New York, New York | */s/ Steven J. Reisman*<br>**KATTEN MUCHIN ROSENMAN LLP**<br>Steven J. Reisman, Esq.<br>Jerry L. Hall, Esq. (admitted *pro hac vice*)<br>Cindi M. Giglio, Esq.<br>575 Madison Avenue<br>New York, NY 10022<br>Telephone: (212) 940-8800<br>Facsimile: (212) 940-8876<br>Email:    sreisman@kattenlaw.com<br>             jerry.hall@kattenlaw.com<br>             cindi.giglio@kattenlaw.com<br><br>-and-<br><br>Peter A. Siddiqui, Esq. (admitted *pro hac vice*)<br>**KATTEN MUCHIN ROSENMAN LLP**<br>525 W. Monroe Street<br>Chicago, IL 60661<br>Telephone: (312) 902-5455<br>Email:    peter.siddiqui@kattenlaw.com<br><br>*Counsel to Debtors and Debtors-in-Possession* |

# **EXHIBIT A**

## **Proposed Order**

140225894_392525-00001

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., *et al.*,[1] | Case No. 19-10971(SMB) |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, "Debtors") for entry of an order (this "Order") under Bankruptcy Code Section 1121(d): (a) extending Debtors' Filing Exclusivity Period through and including August 30, 2019, and Debtors' Solicitation Exclusivity Period through and including October 28, 2019, without prejudice to Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409; and the Court having held a hearing on July 25, 2019 (the "Exclusivity Hearing") to approve the Motion; and due and sufficient notice of the Motion and opportunity for objections having been provided; and it appearing that no other or further notice need be provided; and the relief requested being a reasonable exercise of Debtors' sound business judgment consistent

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

with their fiduciary duties and in the best interests of Debtors, their estates, and their creditors; and this Court having determined that the legal and factual bases set forth in the Motion and at the Exclusivity Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code Section 1121(d), Debtors' Filing Exclusivity Period in which to file a chapter 11 plan is extended through and including August 30, 2019.

3. Pursuant to Bankruptcy Code Section 1121(d), Debtors' Solicitation Exclusivity Period in which to solicit acceptances of a chapter 11 plan is extended through and including October 28, 2019. For the avoidance of doubt, no other party may file a competing plan of reorganization during Debtors' Solicitation Exclusivity Period.

4. Nothing herein shall prejudice (a) Debtors' right to seek further extensions of the Exclusivity Periods as may be necessary or appropriate or (b) the right of any party in interest to seek to reduce the Exclusivity Periods for cause in accordance with Bankruptcy Code Section 1121(d).

5. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2019
New York, New York

THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE