**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) ESTABLISHING DEADLINE TO FILE CERTAIN ADMINISTRATIVE**
**CLAIMS AND PROCEDURES RELATING THERETO AND (II) APPROVING THE**
**FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, "Debtors"); for an order fixing certain deadlines and establishing

Procedures for making Requests for Payment for Administrative Claims (as defined below) arising

between the Petition Date and July 31, 2019, inclusive, and approving the form and manner of

service hereof; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§

1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the

particular circumstances and no further notice being necessary; and the Court having found and

determined that the relief requested is in the best interests of the Debtors, their estates, their

creditors, and other parties in interest, and that the legal and factual bases set forth in the Motion

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies,
Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and
(8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these
chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

establish just cause for the relief granted herein; and upon the *Certificate of No Objection Regarding Debtors' Motion for an Order (I) Establishing Deadline to File Certain Administrative Claims and Procedures Relating Thereto and (II) Approving the Form and Manner of Notice Thereof* [Docket No. 318]; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.    The Motion is granted to the extent set forth herein.

2.    Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units) that file a request for payment ("Request for Payment") in respect of any claim arising under section 503(b) and 507(a)(2) of the Bankruptcy Code, other than section 503(b)(9)[3] of the Bankruptcy Code between March 29, 2019 (the "Petition Date") and July 31, 2019, inclusive, against any of the Debtors (an "Administrative Claim"), shall file such Request for Payment as set forth in this Order so that it is actually received on or before August 30, 2019 (the "Administrative Claims Bar Date").

3.    The form of Administrative Claims Bar Date Notice annexed hereto as **Exhibit 2** is approved.  Notice of the Administrative Bar Date shall be deemed adequate and sufficient if the Administrative Claims Bar Date Notice substantially in the form annexed hereto as **Exhibit 2** is served by first-class mail at least thirty-five (35) days prior to the Administrative Claims Bar Date on:

        a.   the United States Trustee;

        b.   counsel to each official committee, including the Committee;

---

[3]    Pursuant to the General Bar Date Order, claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the General Claims Bar Date. [Dkt. 233 at 3.]

    c.  all persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

    d.  all persons or entities that have filed claims;

    e.  all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

    f.  all parties to executory contracts and unexpired leases of the Debtors;

    g.  all parties to litigation with the Debtors;

    h.  the Internal Revenue Service for the Southern District of New York, the Securities and Exchange Commission and any other required governmental units applicable to the Debtors' businesses;

    i.  state attorneys general and state departments of revenue for states in which the Debtors conduct business; and

    j.  such additional persons and entities as deemed appropriate by the Debtors.

4.    The Debtors are authorized to include the Request for Payment Form substantially in the form annexed hereto as **Exhibit 1** with the Administrative Claims Bar Date Notice that is mailed to the parties set forth in the preceding paragraph.

5.    The following Procedures for the filing of a Request for Payment shall apply.

    a.  The Request for Payment shall be sent:

    if by overnight courier or first class mail to:

Sizmek Claims Processing
c/o Stretto
8269 E. 23rd Avenue
Suite 275
Denver, CO 80238

    if filed online with Stretto, at:

https://case.stretto.com/sizmek/fileaclaim

    OR

    if by hand delivery:

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408

    b.  Requests for Payment will be deemed filed only when actually received by the Debtors' claims and noticing agent (Stretto) or the Clerk of the United States Bankruptcy Court.

    c.  Requests for Payment must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

    d.  Requests for Payment must specify by name and case number the Debtor against which the Administrative Claim is filed.  A Request for Payment filed under Case No. 19-10971 that does not identify a Debtor will be deemed as filed only against Sizmek Inc.

    e.  If the holder asserts an Administrative Claim against more than one Debtor or has Administrative Claims against different Debtors, a separate Request for Payment must be filed with respect to each Debtor.  To the extent more than one Debtor is listed on the Request for Payment, such Administrative Claim will be treated as if filed only against the first-listed Debtor.

    f.  No Requests for Payment sent by facsimile, telecopy, or electronic mail transmission will be accepted.

6.    Requests for Payment need not be filed on or before the Administrative Claims Bar Date as to the following types of claims:

    a.  any Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

    b.  any claim arising under section 503(b)(9) of the Bankruptcy Code;[4]

    c.  any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

    d.  any claim of an estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under Sections 105,

---

[4]    Pursuant to the General Bar Date Order, claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the General Claims Bar Date

327, 328, 330, or 363 of the Bankruptcy Code;

e.  any claim held by the Prepetition Secured Parties (as defined in the First Day Declaration); and

f.  any intercompany claim held by a Debtor or a direct or indirect non-debtor subsidiary of a Debtor against another Debtor.

7.    All holders of Administrative Claims that fail to comply with this Order by timely filing a Request for Payment in appropriate form shall be forever barred, estopped and enjoined from asserting such Administrative Claim against the Debtors or their respective property, unless otherwise tardily filed if permitted by the Court for cause pursuant to Section 503(a) of the Bankruptcy Code.

8.    The Debtors and Stretto are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

9.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of the Court fixing a date by which holders of claims or interests not subject to the Administrative Claims Bar Date established herein must file Requests for Payment or be barred from doing so.

11.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: **July 18, 2019**
New York, New York

**/s/ STUART M. BERNSTEIN**
_____
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Form of Request for Payment of Administrative Claim**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.,*[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## REQUEST FOR PAYMENT OF ADMINISTRATIVE CLAIM

1. Name of Claimant:

2. Name of Debtor(s)claim asserted against:

3. Nature and description of the claim (you may attach a separate summary):

4. Date(s) claim arose:

5. Amount of claim:

6. Documentation supporting the claim must be attached hereto. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date or dates on which the administrative expense claim arose.

Date: _____    Signature:_____

Name:_____

Address:_____

_____

_____

Telephone Number:_____

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

## **EXHIBIT 2**

**Form of Administrative Claims Bar Date Notice**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:     (212) 940-8876
sreisman@kattenlaw.com
jerry.hall@kattenlaw.com
cindi.giglio@kattenlaw.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:     (312) 902-1061
peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINE REQUIRING FILING OF**
**CERTAIN ADMINISTRATIVE CLAIMS ON OR BEFORE AUGUST 30, 2019**

**TO ALL PERSONS AND ENTITIES WITH ADMINISTRATIVE CLAIMS AGAINST**
**ANY OF THE DEBTOR ENTITIES LISTED BELOW:**

The United States Bankruptcy Court for the Southern District of New York has entered an order (the "Order") establishing **August 30, 2019** (the "Administrative Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, but not governmental units) to file a request for payment (a "Request for Payment") for each Administrative Claim (as defined below) against any of the Debtors below (the "Debtors"):

| Debtor | Case Number |
|---|---|

---

[1]    Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. and (8106); X Plus Two Solutions, LLC (4914).  The location of Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, 5th Floor, New York, NY 10016.

| Sizmek Inc. | 19-10971 |
| Point Roll, Inc. | 19-10972 |
| Sizmek DSP, Inc. | 19-10973 |
| Sizmek Technologies, Inc. | 19-10974 |
| Wireless Artist LLC | 19-10975 |
| WirelessDeveloper, Inc. | 19-10976 |
| X Plus One Solutions, Inc. | 19-10977 |
| X Plus Two Solutions, LLC | 19-10978 |

The Administrative Claims Bar Date and the Procedures set forth below for filing Requests for Payment apply to all Administrative Claims against the Debtors that arose **only** between **March 29, 2019 (the "Petition Date") and July 31, 2019**, **inclusive**, except for those holders of claims listed in Section 4 below that are specifically excluded from the Administrative Claims Bar Date filing requirement.

## 1.  WHO MUST FILE A REQUEST FOR PAYMENT

You MUST file a Request for Payment if you have an Administrative Claim and it is not among the types of claims described in section 4 below.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

An "Administrative Claim" constitutes a claim arising under Sections 503(b) and/or 507(a)(2) of the Bankruptcy Code **only** between the Petition Date (March 29, 2019) through July 31, 2019, inclusive, including the actual and necessary costs and expenses incurred of preserving the Debtors' estates and operating the business of the Debtors.

## 2.  WHAT TO FILE

A Request for Payment must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.  It must be written in English and be denominated in United States currency.  You should attach to your completed Request for Payment any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your Request for Payment form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of an Administrative Claim against more than one Debtor must file a separate Request for Payment with respect to each such Debtor and all holders of claims must identify on their Request for Payment the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.  A list of the names of the Debtors and their case numbers is set forth above.

### 3.  WHEN AND WHERE TO FILE

Except as provided for herein, a Request for Payment must be filed so as to **be actually received** on or before **August 30, 2019** at either of the following addresses:

| Delivery by overnight courier or first class mail: | Online filing with Stretto: | Hand delivery only: |
|---|---|---|
| Sizmek Claims Processing c/o Stretto 8269 E. 23rd Avenue Suite 275 Denver, CO 80238 | https://case.stretto.com/sizmek/fileaclaim | United States Bankruptcy Court Southern District of New York One Bowling Green, Room 534 New York, NY 10004-1408 |

A Request for Payment will be deemed filed only when **actually received** at the addresses listed above.  A Request for Payment may not be delivered by facsimile, telecopy or electronic mail transmission.

### 4.  WHO NEED **NOT** FILE A REQUEST FOR PAYMENT

You do not need to file a Request for Payment on or prior to the Administrative Claims Bar Date if you are:

a.  any holder of an Administrative Claim that heretofore has been allowed by order of the Bankruptcy Court;

b.  any holder of a claim arising under section 503(b)(9) of the Bankruptcy Code;[2]

c.  any claim for fees or charges required under chapter 123 of title 28 of the United States Code;

d.  any estate professional retained pursuant to an order of the Bankruptcy Court, including professionals retained under sections 105, 327, 328, 330, or 363 of the Bankruptcy Code;

e.  the Prepetition Secured Parties (as defined in the Order); and

---

[2]    Pursuant to the General Bar Date Order (as defined in the Order), claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the General Claims Bar Date (as defined in the Order).

f.    any holder of an intercompany claim against another Debtor.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5.    CONSEQUENCES OF FAILURE TO FILE A REQUEST FOR PAYMENT BY THE ADMINISTRATIVE CLAIMS BAR DATE**

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A REQUEST FOR PAYMENT IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH ADMINISTRATIVE CLAIM IN THESE CASES AND SHALL NOT PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH ADMINISTRATIVE CLAIM.

**6.    RESERVATION OF RIGHTS**

The Debtors reserve the right to dispute or to assert offsets or defenses against, any Administrative Claim as to nature, amount, liability, priority, classification or otherwise.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim on any grounds.

*[Remainder of Page Intentionally Left Blank]*

**A holder of a possible Administrative Claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Request for Payment**.

BY ORDER OF THE COURT

Dated:  [          ], 2019
New York, New York

/s/ _____

**KATTEN MUCHIN ROSENMAN LLP**
Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile:  (212) 940-8876
Email:     sreisman@kattenlaw.com
               jerry.hall@kattenlaw.com
               cindi.giglio@kattenlaw.com

-and-

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5455
Email:     peter.siddiqui@kattenlaw.com

*Counsel to Debtors and Debtors-in-Possession*