**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TENTH INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 507, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**

Upon the *Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 14] (the "Motion");[2] and an initial hearing on the Motion having been held on April 3, 2019 (the "First Interim Hearing"); and this Court having entered the First Interim Order on April 4, 2019; and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the First Interim Order held on April 23, 2019 (the "Subsequent April Interim Hearing"), this Court having entered a *Second Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] Capitalized terms used and not defined herein have the meanings given to them in the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 37] (the "First Interim Order"), the Motion, or the Bankruptcy Code, as applicable. The Final Order shall be in form and substance satisfactory to the Debtors and Cerberus, in their respective discretion.

176132.2

*Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 104] (the "Second Interim Order"); and, upon its consideration of the *Certificate of No Objection Regarding Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* dated May 14, 2019 [Docket No. 167], this Court having entered a *Third Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 172] (the "Third Interim Order"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Third Interim Order held on May 30, 2019 (the "Subsequent May Interim Hearing"), this Court having entered a *Fourth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 239] (the "Fourth Interim Order"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Fourth Interim Order held on June 20, 2019 (the "Subsequent June Interim Hearing"), this Court having entered a *Fifth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 270] (the "Fifth Interim Order"); and, upon its consideration of the *Certificate of No Objection Regarding Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363,*

2

176132.2

*and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* dated July 12, 2019 [Docket No. 319], this Court having entered a *Sixth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 329] (the "Sixth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Sixth Interim Order held on August 6, 2019 (the "First Subsequent August Interim Hearing"), this Court having entered a *Seventh Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 383] (the "Seventh Interim Order"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Seventh Interim Order held on August 15, 2019 (the "Second Subsequent August Interim Hearing"), this Court having entered an *Eighth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 388] (the "Eighth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Eighth Interim Order held on August 22, 2019 (the "Third Subsequent August Interim Hearing" and, together with the First Interim Hearing, the Subsequent April Interim Hearing, the Subsequent May Interim Hearing, the Subsequent June Interim Hearing, the First Subsequent August Interim Hearing, and the Second Interim Subsequent August Hearing, the "Prior Interim Hearings"), this Court having entered a *Ninth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection*

3

176132.2

*Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 403] (the "Ninth Interim Order" and, together with the First Interim Order, the Second Interim Order, the Third Interim Order, the Fourth Interim Order, the Fifth Interim Order, the Sixth Interim Order, the Seventh Interim Order, and the Eighth Interim Order, the "Prior Interim Orders"); and this Court having held a subsequent hearing on the Motion seeking continuation of the relief provided in the Ninth Interim Order held on September 19, 2019 (together with the Prior Interim Hearings, the "Interim Hearings"); and based upon all of the pleadings filed with this Court, the evidence presented at the Interim Hearings, and the entire record herein; and this Court having heard and resolved or overruled all objections to the interim relief provided herein; and it appearing that the continued interim relief provided herein is in the best interests of the Debtors, their estates, and their creditors, and other parties-in-interest; and the Debtors having provided sufficient notice of the Motion as set forth in the Motion and it appearing that no further or other notice of the Motion need be given; and after due deliberation and consideration, and sufficient cause appearing therefor:

**BASED ON THE RECORD ESTABLISHED AT THE INTERIM HEARINGS, THE BANKRUPTCY COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012. The Debtors have confirmed their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Bankruptcy Court in connection with the Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 105, 361, 362, 363, and

507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and the Local Bankruptcy Rules.

B.      The Debtors, the Secured Parties, and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee") desire to extend the terms of the Debtors' authorization to use Cash Collateral on the terms set forth herein and assent to the entry of this Order (this "Tenth Interim Order" and, together with the Prior Interim Orders, the "Interim Orders").

C.      The Findings and Conclusions set forth in the Prior Interim Orders apply with equal force to this Tenth Interim Order and are hereby incorporated herein by reference.

D.      Based upon the findings, acknowledgements, and conclusions set forth in the Prior Interim Orders, all of which apply with equal force to this Tenth Interim Order and have been incorporated herein by reference, and upon the record made before the Bankruptcy Court at the Interim Hearings, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1.      Subject to the terms and conditions set forth in this Tenth Interim Order, each of the findings, conclusions, representations, recitals, stipulations, provisions, and orders contained in the Prior Interim Orders are hereby ratified and affirmed as if set forth herein in full, and shall remain in full force and effect, except as expressly modified by this Tenth Interim Order.

2. The Debtors are hereby authorized to use Cash Collateral upon the same terms and conditions provided for in the Prior Interim Orders, with such terms and conditions being incorporated herein as if set forth in full, except that for purposes of this Tenth Interim Order:

a. The tenth interim budget attached hereto as Exhibit A (the "Tenth Interim Budget" shall be substituted for and be the "Budget," as defined in and attached to the Seventh Interim Order.

b. The date for the expiration of Cerberus' consent to the Debtors' use of Cash Collateral identified in the first sentence of paragraph 2(b) of the Ninth Interim Order as September 20, 2019 at 5:00 P.M. (Prevailing Eastern Time) is hereby replaced with October 4, 2019 at 5:00 P.M. (Prevailing Eastern Time). The dates referenced in the final sentence of that paragraph are hereby replaced with September 27, 2019 and October 4, 2019, respectively.

c. Beginning on September 25, 2019, on Wednesday of each week, the Debtors shall deliver to Cerberus by wire transfer an amount equal to the sum of: (i) 100% of the aggregate amount of all cash receipts received during the prior calendar week (regardless of when such receipts were due or anticipated to be received) by the Sellers on account of the Accounts Receivable (both as defined in that certain Asset Purchase Agreement dated as of May 31, 2019 by and between Amazon.com, Inc., as Purchaser, and the Sellers listed party thereto, the "Adserver APA") listed as Excluded Assets and retained by the Sellers under the Adserver APA, *plus* (ii) 100% of the aggregate amount of all cash receipts received during the prior calendar week (regardless of when such receipts were due or anticipated to be received) by the Sellers on account of the Subsequent Payments (both as defined in the Bankruptcy Court's *Order Authorizing and Approving Private Sale*

*of the Demand-Side Platform and the Data Management Platform Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Docket No. 217].

   d. Any reference to the term "Interim Order" in the First Interim Order, to the term "Second Interim Order" in the Second Interim Order, to the term "Third Interim Order" in the Third Interim Order, to the term "Fourth Interim Order" in the Fourth Interim Order, to the term "Fifth Interim Order" in the Fifth Interim Order, to the "Sixth Interim Order" in the Sixth Interim Order, to the "Seventh Interim Order" in the Seventh Interim Order, to the "Eighth Interim Order" in the Eighth Interim Order, or to the "<u>Ninth Interim Order</u>" in the Ninth Interim Order shall be replaced with the term "Tenth Interim Order," which term shall refer to this order.

   3. Nothing in this Tenth Interim Order shall constitute a waiver by or a restriction of the Debtors' right to seek, or any other party in interest's right to object to, the further use of Cash Collateral.

   4. This Tenth Interim Order is without prejudice to: (a) any request by any Secured Party for additional adequate protection or restrictions on use of Cash Collateral or any other or additional relief from the Bankruptcy Court; (b) any other right or remedy that may be available to the Secured Parties; or (c) except as expressly set forth in any Interim Order, any other right or remedy that may be available to the Committee, including the Committee's right to object to the terms of any proposed final order governing the use of Cash Collateral.

   5. The provisions of this Tenth Interim Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered (a) confirming any Chapter 11 plan in any of these Chapter 11 Cases, (b) converting any of these Chapter 11 Cases to a case under Chapter

7 of the Bankruptcy Code, or (c) dismissing any of these Chapter 11 Cases. The terms and provisions of this Tenth Interim Order, as well as the Adequate Protection Liens and the Superpriority Claims granted pursuant to the Prior Interim Orders and this Tenth Interim Order shall continue in full force and effect notwithstanding the entry of any order described in the preceding sentence, and the Adequate Protection Liens and the Superpriority Claims will, notwithstanding entry of such an order, maintain their validity and priority as provided in the Prior Interim Orders and this Tenth Interim Order.

6. Except in connection with a further interim order or the Final Order, in the event that any or all of the provisions of this Tenth Interim Order are hereafter modified, amended, or vacated by a subsequent order of the Bankruptcy Court or any other court, no such modification, amendment, or vacatur shall affect the validity, enforceability, or priority of any Adequate Protection Liens incurred or any Superpriority Claims granted to the Secured Parties under this Tenth Interim Order.

7. To the extent not already provided for in this Tenth Interim Order, the Debtors and their officers, employees, professionals, and agents are hereby authorized and empowered to take such acts as are necessary or appropriate to effectuate the relief granted pursuant to this Tenth Interim Order .

8. This Tenth Interim Order will take effect immediately upon the Bankruptcy Court's signature hereof; there shall be no stay of execution or effectiveness of this Tenth Interim Order.

9. A final hearing (the "Final Hearing") on the Debtors' use of Cash Collateral will be held on [October 3], 2019 at [10:00 a.m.] (prevailing Eastern Time). On or before [September 20], 2019, the Debtors shall serve a copy of this Tenth Interim Order on (a) counsel for Cerberus, (b) counsel for the Committee, (c) the Office of the United States Trustee, and (d) all parties who

have filed a notice of appearance and request for service in these Chapter 11 Cases. Service of this Tenth Interim Order will constitute notice of the Final Hearing.

10. The Bankruptcy Court has and will retain jurisdiction and power to enforce this Tenth Interim Order according to its terms.

New York, New York　　　　　　　　　　**/s/ STUART M. BERNSTEIN**
Dated: **September 19, 2019**　　　　　　THE HONORABLE STUART M. BERNSTEIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## The Tenth Interim Budget

176132.2

**Sizmek, Inc.**
**US Budget through the WE 10/4/2019**
*(Amounts in USD 000s)*

| Budget Week –> <br> Week Ending –> | Week 25 <br> 9/27/19 | Week 26 <br> 10/4/19 | Total Budget <br> 2 Weeks Ending 10/4/2019 |
|---|---:|---:|---:|
| **Beginning Cash** | $ 8,620 | $ 7,987 | $ 8,620 |
| **Operating Receipts** | | | |
| Collections on Outstanding A/R | $ - | $ - | $ - |
| Sale Proceeds | - | - | - |
| **Total Operating Receipts** | $ - | $ - | $ - |
| **Cash Disbursements** | | | |
| Payroll-related | $ (3) | $ (4) | $ (7) |
| Operating Vendors | (600) | (139) | (739) |
| Bankruptcy Costs & Professional Fees | (30) | (30) | (60) |
| Remaining Cure Payments | - | (535) | (535) |
| **Total Operating Disbursements** | $ (633) | $ (708) | $ (1,341) |
| **Amazon TSA Reimbursement** | $ - | $ - | $ - |
| **Net Change in Cash** | $ (633) | $ (708) | $ (1,341) |
| **Estimated Ending Cash** | $ 7,987 | $ 7,278 | $ 7,278 |