**Hearing Date:  November 7, 2019 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  October 31, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:     (212) 940-8876
sreisman@katten.com
jerry.hall@katten.com
cindi.giglio@katten.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:     (312) 902-1061
peter.siddiqui@katten.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., *et al.*,[1] | Case No. 19-10971 (SMB) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' THIRD MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on October 24, 2019, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed *Debtors' Third Motion for an Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

York at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 on **November 7, 2019, at 10:00 a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion and the relief requested therein shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "Case Management Order") [Docket No. 103], shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9070-1 and served so as to be actually received no later than **October 31, 2019, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order), including the following:

a. Counsel to Debtors, Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, NY 10022-2585, Attn.: Steven J. Reisman, Esq. and Jerry L. Hall, Esq., and Katten Muchin Rosenman LLP, 525 West Monroe St., Chicago, IL 60661-3693, Attn.: Peter A. Siddiqui, Esq.;

b. The Office of The United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn.: Richard Morrissey, Esq.;

c. Counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn.:

2

  Seth Van Aalten, Esq.; Michael Klein, Esq.; Robert Winning, Esq.; and Lauren Reichardt, Esq.;

d. any party that has requested notice pursuant to Bankruptcy Rule 2002; and

e. any other parties required to be served pursuant to the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Stretto at https://cases.stretto.com/sizmek. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

3

Dated: October 24, 2019  　　　*/s/ Steven J. Reisman*
New York, NY  　　　**KATTEN MUCHIN ROSENMAN LLP**
　　　Steven J. Reisman, Esq.
　　　Cindi M. Giglio, Esq.
　　　Jerry L. Hall, Esq. (admitted *pro hac vice*)
　　　575 Madison Avenue
　　　New York, NY 10022-2585
　　　Telephone: (212) 940-8800

　　　Facsimile: (212) 940-8876
　　　Email:　　sreisman@katten.com
　　　　　　　　cindi.giglio@katten.com
　　　　　　　　jerry.hall@katten.com

　　　-and-

　　　Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
　　　**KATTEN MUCHIN ROSENMAN LLP**
　　　525 W. Monroe Street
　　　Chicago, IL 60661-3693
　　　Telephone: (312) 902-5455
　　　Email:　　peter.siddiqui@katten.com

　　　*Counsel to Debtors and Debtors-in-Possession*

4

Steven J. Reisman, Esq.
Jerry L. Hall, Esq. (admitted *pro hac vice*)
Cindi M. Giglio, Esq.
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8876
sreisman@katten.com
jerry.hall@katten.com
cindi.giglio@katten.com

Peter A. Siddiqui, Esq. (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe Street
Chicago, IL 60661
Telephone:    (312) 902-5455
Facsimile:    (312) 902-1061
peter.siddiqui@katten.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[2] | ) | Case No. 19-10971(SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' THIRD MOTION FOR AN ORDER PURSUANT
TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING
DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

Sizmek Inc. and certain of its affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, "Debtors") hereby move (the "Motion")[3] this Court pursuant

---

[2] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[3] A detailed description of Debtors and their businesses, and the facts and circumstances supporting Debtors' chapter 11 cases, are set forth in in the *Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Dkt. 13], filed on April 2, 2019, and the *Supplemental Declaration of Sascha Wittler, Chief Financial Officer of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule 1007-2* [Dkt. 54], filed on April 9, 2019 (together, the "First Day Declaration").

141910893_392525-00022

to Section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") for the entry of an order (the "Order"), substantially in the form attached as **Exhibit A**: (a) extending Debtors' exclusive right to file a chapter 11 plan by approximately twenty-one (21) days through and including November 15, 2019 (the "Filing Exclusivity Period"), and to solicit acceptances of a chapter 11 plan for each of the Debtors (the "Solicitation Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods") by approximately twenty-one (21) days through and including January 13, 2020, without prejudice to Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief. In support of the Motion, Debtors, by their undersigned counsel, respectfully represent:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006.

**BACKGROUND**

4.      On March 29, 2019, (the "Petition Date") each of Debtors filed a voluntary petition for relief (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108.[4] On April 17, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors ("Committee") in these Chapter 11 Cases. Additional information regarding Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the First Day Declaration.

5.      On July 11, 2019, Debtors filed *Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* [Dkt. 315] (the "First Exclusivity Motion"). The First Exclusivity Motion sought a thirty-two (32) day extension of the Filing Exclusivity Period from July 29, 2019, to August 30, 2019, and a corresponding thirty-three (33) day extension of the Solicitation Exclusivity Period from September 25, 2019, to October 28, 2019. On July 24, 2019, the Court entered the *Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* [Dkt. 346] (the "First Exclusivity Order").

6.      On August 8, 2019, Debtors filed *Debtors' Second Motion for an Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* [Dkt. 380] (the "Second Exclusivity Motion"). The Second Exclusivity Motion sought a fifty-six (56) day extension of the Filing Exclusivity Period to October 25, 2019, and a corresponding fifty-six (56) day extension of the

---

[4] Unless otherwise provided, "Section" references are to the Bankruptcy Code.

Solicitation Exclusivity Period to December 23, 2019. On August 21, 2019, the Court entered the *Order Pursuant to Bankruptcy Code Section 1121(d) Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* [Dkt. 400] (the "Second Exclusivity Order").

7. Debtors continue working toward filing a chapter 11 plan and have used every effort to file a plan before the current Filing Exclusivity Period deadline of October 25, 2019. Since the beginning of these Chapter 11 Cases, almost seven months ago, Debtors have focused on, and made significant strides to maximize the value of their assets for the benefit of their estates. In this short amount of time, Debtors have made substantial progress (including three sales of substantially all of Debtors' business), but critical work remains to be done, including negotiations with the key stakeholders, including Cerberus (as defined below) and the Committee, on the terms of a consensual chapter 11 plan. Indeed, the Debtors, Cerberus, and Committee have reached an agreement in principal on the terms of a plan, disclosure statement, and post-confirmation trust agreement. During the coming weeks, the parties will work on refinements on those documents and solidify their agreement on the plan and plan process. Therefore, Debtors seek a short extension of the Exclusivity Periods to permit Debtors to continue working towards their goal of confirming a consensual, value-maximizing chapter 11 plan.[5] Cerberus and the Committee have consented to the extension of the Exclusivity Periods requested in this Motion.

8. During the course of these Chapter 11 Cases, among other things, Debtors have:

- Stabilized operations after an accelerated filing due to a lack of access to cash, ultimately managing to transition into chapter 11 and receive approval of critical relief, including authority to honor wages;

---

[5] Pursuant to Local Rule 9006-2, Debtors' time to file a plan on an exclusive basis has not yet expired, as a result, upon filing of this Motion, without entry of a court order, Debtors will automatically receive an extension of Debtors' time to file a plan on an exclusive basis, through the date on which an order is entered resolving the Motion.

8

- Successfully negotiated for on-going consensual use of cash collateral with Debtors' secured lender, Cerberus Business Finance, LLC ("Cerberus");

- Obtained entry of the claims bar date order and the Administrative Claims Bar Date Order in these Chapter 11 Cases to facilitate the timely administration of their claims pool;

- Evaluated hundreds of contracts and leases, and rejected hundreds of contracts and leases that are no longer needed;

- Engaged in a comprehensive marketing process to generate value through the sale of Debtors' three primary assets: (1) the Demand Side Platform ("DSP") and Data Management Platform ("DMP") business; (2) the AdServer business ("AdServer"); and (3) the Peer39 business ("Peer39" and, together with the DSP/DMP business and the AdServer business, the "Business Segments");

- Negotiated with dozens of potential buyers for the Business Segments and negotiated asset purchase agreements with the highest bidders for each of the Business Segments;

- Obtained approval of the private sale of the DSP/DMP business on April 29, 2019 pursuant to the *Order Authorizing and Approving Private Sale of the Demand-Side Platform and the Data Management Platform Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Dkt. 143], and closed the related sale transaction on May 1, 2019;

- Obtained approval of the private sale of the AdServer business on June 20, 2019 pursuant to the *Order Authorizing and Approving a Private Sale of Debtor Seller's Portion of the AdServer Business Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Dkt. 269], and closed the related sale transaction on June 21, 2019; and

- Obtained approval of the private sale of the Peer39 business on July 30, 2019 pursuant to the *Order Authorizing and Approving a Private Sale of Debtor Seller's Portion of The Peer39 Business Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and Granting Related Relief* [Dkt. 364], and closed the related sale transaction on August 1, 2019.

9.  Granting this Motion will enable Debtors to take full advantage of the substantial progress made and value realized since the filing of these Chapter 11 Cases. The brief exclusivity extension requested herein will permit Debtors to focus on confirming a chapter 11 plan. Debtors are in active negotiations with key stakeholders regarding the terms of a chapter 11 plan, and, given the

9

progress and promise of these negotiations, Cerberus and the Committee have consented to the extension of the Exclusivity Periods requested in this Motion.

## RELIEF REQUESTED

10. The Filing Exclusivity Period is set to expire on October 25, 2019, and the Solicitation Exclusivity Period is set to expire on December 23, 2019. By this Motion, Debtors seek entry of an order pursuant to Section 1121(d) and Bankruptcy Rule 9006: (i) extending the Filing Exclusivity Period through and including November 15, 2019, and extending the Solicitation Exclusivity Period through and including January 13, 2020, without prejudice to Debtors' right to seek further extensions of the Exclusivity Periods; and (ii) granting related relief.

## BASIS FOR RELIEF

11. Section 1121(b) provides for an initial 120-day period after the Petition Date within which Debtors have the exclusive right to file a chapter 11 plan. Section 1121(c)(3) further provides for an initial 180-day period after the Petition Date within which Debtors have the exclusive right to solicit and obtain acceptances of a plan if it has been filed during the first 120-day period.

12. Section 1121(d) permits a court to extend the Exclusivity Periods "for cause." Specifically, Section 1121(d)(1) provides that "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Although the term "for cause" is not defined in the Bankruptcy Code, courts in this District have identified several key factors, none of which is dispositive, relevant to a determination of whether "cause" exists under Section 1121(d). These factors include:

    a. The size and complexity of the case;

    b. The necessity for sufficient time to permit the debtor to negotiate the plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    c. The existence of good faith progress towards reorganization;

    d. The fact that the debtor is paying its bills as they become due;

    e. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f. Whether the debtor has made progress in negotiations with its creditors;

    g. The amount of time which has elapsed in the case;

    h. Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    i. Whether an unresolved contingency exists.

*See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (referencing *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989). Not all of these factors are relevant to every case, and it is "within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." *Bunch v. Hoffinger Indus., Inc.* (*In re Hoffinger Indus., Inc.*), 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003).

    13. In determining whether an extension to the Exclusivity Periods is warranted under Section 1121(d), courts are given flexibility in order to "allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("legislative intent [is] to promote maximum flexibility").

    14. Debtors submit that sufficient "cause" exists pursuant to Section 1121(d) to extend the Exclusivity Periods as provided herein. The following relevant factors each weigh in favor of an extension of the Exclusivity Periods, as follows:

141910893_392525-00022

- *Debtors' Chapter 11 Cases Are Large and Complex.* These Chapter 11 Cases involve eight (8) Debtor entities, which, as of the Petition Date had 1,114 employees, and approximately $172 million of funded indebtedness. Debtors' challenges were compounded by the accelerated nature of the filing of these Chapter 11 Cases. Further, Debtors' business operations extended over 19 countries, further complicating Debtors' business and the process for selling the Business Segments.

- *Debtors Have Made Good Faith Progress Towards Exiting Chapter 11.* As noted above, Debtors have already hit key milestones necessary for their ultimate exit from chapter 11, including: filing schedules and statements of financial affairs; filing and receiving approval of a bar date order; filing and receiving approval of the Administrative Bar Date Order; conducting a comprehensive marketing and sale process for each of the Business Segments; negotiating asset purchase agreements for each of the Business Segments; and seeking and receiving approval for the private sales of each of the Business Segments. Debtors will continue to negotiate in good faith with key stakeholders around the terms of a consensual chapter 11 plan.

- *Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, Debtors have paid valid obligations in the ordinary course of business or as otherwise provided by Court order. To the extent there are any amounts owed to post-petition creditors, Debtors are investigating such amounts to determine whether they are valid obligations that should be paid by Debtors, as opposed to third parties, such as purchasers of Debtors' assets. Debtors have been (and will continue) negotiating with the creditors and related third-parties regarding these payments. Debtors have the funds available to make these payments and, to the extent Debtors determine they are valid obligations owed by Debtors, Debtors will pay them.

- *Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* As discussed above, during their time in chapter 11, Debtors have already made substantial progress in these cases, most critically the sales of each of the Business Segments. With the sales the Business Segments, Debtors have generated substantial value and significantly reduced ongoing operating and administrative costs.

- *Debtors Have Made Progress in Negotiating with Creditors and an Extension of the Exclusivity Periods Will Not Prejudice Creditors.* Debtors are requesting an extension of the Exclusivity Periods in order to maintain focus on completing their initiatives and to allow the chapter 11 process to continue unhindered by competing plans. Continued exclusivity will permit Debtors to maintain flexibility so competing plans do not derail Debtors' plan negotiation process. Moreover, throughout these Chapter 11 Cases, Debtors have had ongoing and transparent communications with their major creditor groups, including Cerberus and the Committee, including negotiations relating to a plan. Ultimately, extending the Exclusivity Periods will benefit Debtors' estates, their creditors, and all other key parties in interest. Debtors have been involved in negotiations regarding a chapter

12

    11 plan with Cerberus and the Committee and are hopeful that they will be able to file a fully consensual chapter 11 plan. In furtherance of this goal, Cerberus and the Committee have consented to the extension of the Exclusivity Periods requested herein.

- *Extension Will Not Pressure Creditors.* Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. Throughout these Chapter 11 Cases, Debtors have maintained open lines of communication with their primary stakeholders, including Cerberus and the Committee. Debtors are seeking an extension of the Exclusivity Periods not to prejudice any of their creditors, but to preserve the progress Debtors have been able to make to date, to maximize the value available for distributions to stakeholders and avoid unnecessary delay and complication. Far from prejudicing creditors, as referenced above, Cerberus and the Committee have both consented to the requested extension of the Exclusivity Period. Debtors believe the extension of the Exclusivity Periods requested herein is in the best interest of all of Debtors' creditors, as it presents the best path to a consensual chapter 11 plan.

15. As explained above, Debtors' focus in these Chapter 11 Cases to date has been on maximizing the value of Debtors' Business Segments by engaging in an expedient, but comprehensive, marketing and sale process for each of the Business Segments. Debtors needed to focus on the marketing and sale of the Business Segments at the start of these Chapter 11 Cases in order to prevent the Business Segments from diminishing in value. Since Debtors completed the sales of each of the Business Segments, saving the jobs of over 700 of Sizmek's employees, Debtors have turned their focus to confirming a consensual plan including continued negotiations with their key stakeholders and evaluating and reconciling outstanding administrative claims. Debtors have been and will continue to work diligently to facilitate a successful conclusion to these Chapter 11 Cases, including a consensual chapter 11 plan. Accordingly, Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

## NOTICE

16. Debtors will provide notice of this Motion as required under the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Dkt. 103], entered by this Court

13

on April 23, 2019 (the "Case Management Procedures Order"). In light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, Debtors respectfully request that this Court enter an order, substantially in the form attached, granting the relief requested in the Motion and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: October 24, 2019<br>New York, New York | */s/   Steven J. Reisman*<br>**KATTEN MUCHIN ROSENMAN LLP**<br>Steven J. Reisman, Esq.<br>Jerry L. Hall, Esq. (admitted *pro hac vice*)<br>Cindi M. Giglio, Esq.<br>575 Madison Avenue<br>New York, NY 10022<br>Telephone: (212) 940-8800<br>Facsimile: (212) 940-8876<br>Email:     sreisman@katten.com<br>               jerry.hall@katten.com<br>               cindi.giglio@katten.com<br><br>-and-<br><br>Peter A. Siddiqui, Esq. (admitted *pro hac vice*)<br>**KATTEN MUCHIN ROSENMAN LLP**<br>525 W. Monroe Street<br>Chicago, IL 60661<br>Telephone: (312) 902-5455<br>Email:     peter.siddiqui@katten.com<br><br>*Counsel to Debtors and Debtors-in-Possession* |

141910893_392525-00022

# EXHIBIT A

## Proposed Order

141910893_392525-00022

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., *et al.*,[1] | Case No. 19-10971(SMB) |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, "Debtors") for entry of an order (this "Order") under Bankruptcy Code Section 1121(d): (a) extending Debtors' Filing Exclusivity Period through and including November 15, 2019, and Debtors' Solicitation Exclusivity Period through and including January 13, 2020, without prejudice to Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409; and the Court having held a hearing on November 7, 2019 (the "Exclusivity Hearing") to approve the Motion; and due and sufficient notice of the Motion and opportunity for objections having been provided; and it appearing that no other or further notice need be provided; and the relief requested being a reasonable exercise of Debtors' sound business

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

141910893_392525-00022

judgment consistent with their fiduciary duties and in the best interests of Debtors, their estates, and their creditors; and this Court having determined that the legal and factual bases set forth in the Motion and at the Exclusivity Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code Section 1121(d), Debtors' Filing Exclusivity Period in which to file a chapter 11 plan is extended through and including November 15, 2019.

3. Pursuant to Bankruptcy Code Section 1121(d), Debtors' Solicitation Exclusivity Period in which to solicit acceptances of a chapter 11 plan is extended through and including January 13, 2020.  For the avoidance of doubt, no other party may file a competing plan of reorganization during Debtors' Solicitation Exclusivity Period.

4. Nothing herein shall prejudice (a) Debtors' right to seek further extensions of the Exclusivity Periods as may be necessary or appropriate or (b) the right of any party in interest to seek to reduce the Exclusivity Periods for cause in accordance with Bankruptcy Code Section 1121(d).

5. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2019
New York, New York

THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

2