**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## THIRTEENTH INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 507, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)

Upon the *Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 14] (the "Motion");[2] and an initial hearing on the Motion having been held on April 3, 2019 (the "First Interim Hearing"); and this Court having entered the First Interim Order on April 4, 2019; and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the First Interim Order held on April 23, 2019 (the "Subsequent April Interim Hearing"), this Court having entered a *Second Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a*

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2]  Capitalized terms used and not defined herein have the meanings given to them in the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 37] (the "First Interim Order"), the Motion, or the Bankruptcy Code, as applicable.  The Final Order shall be in form and substance satisfactory to the Debtors and Cerberus, in their respective discretion.

*Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 104] (the "<u>Second Interim</u> <u>Order</u>"); and, upon its consideration of the *Certificate of No Objection Regarding Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* dated May 14, 2019 [Docket No. 167], this Court having entered a *Third Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 172] (the "<u>Third Interim</u> <u>Order</u>"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Third Interim Order held on May 30, 2019 (the "<u>Subsequent May Interim</u> <u>Hearing</u>"), this Court having entered a *Fourth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 239] (the "<u>Fourth Interim Order</u>"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Fourth Interim Order held on June 20, 2019 (the "<u>Subsequent June Interim Hearing</u>"), this Court having entered a *Fifth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 270] (the "<u>Fifth Interim Order</u>"); and, upon its consideration of the *Certificate of No Objection Regarding Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363,*

176510.1

and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) dated July 12,

2019 [Docket No. 319], this Court having entered a *Sixth Interim Order (I) Authorizing the Debtors*

*to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant*

*to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to*

*Bankruptcy Rule 4001(b)* [Docket No. 329] (the "Sixth Interim Order"); and following a

subsequent hearing on the Motion seeking continuation of the relief provided in the Sixth Interim

Order held on August 6, 2019 (the "First Subsequent August Interim Hearing"), this Court having

entered a *Seventh Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to*

*11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and*

*507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 383]

(the "Seventh Interim Order"); and, following a subsequent hearing on the Motion seeking

continuation of the relief provided in the Seventh Interim Order held on August 15, 2019 (the

"Second Subsequent August Interim Hearing"), this Court having entered an *Eighth Interim Order*

*(I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting*

*Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a*

*Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 388] (the "Eighth Interim

Order"); and following a subsequent hearing on the Motion seeking continuation of the relief

provided in the Eighth Interim Order held on August 22, 2019 (the "Third Subsequent August

Interim Hearing"), this Court having entered a *Ninth Interim Order (I) Authorizing the Debtors to*

*Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to*

*11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy*

*Rule 4001(b)* [Docket No. 403] (the "Ninth Interim Order"); and following a subsequent hearing

on the Motion seeking continuation of the relief provided in the Ninth Interim Order held on

176510.1

September 19, 2019 (the "Subsequent September Interim Hearing"), this Court having entered a *Tenth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 449] (the "Tenth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Tenth Interim Order held on October 3, 2019 (the "First Subsequent October Interim Hearing"), this Court having entered an *Eleventh Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 449] (the "Eleventh Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Eleventh Interim Order held on October 17, 2019 (the "Second Subsequent October Interim Hearing" and, together with the First Interim Hearing, the Subsequent April Interim Hearing, the Subsequent May Interim Hearing, the Subsequent June Interim Hearing, the First Subsequent August Interim Hearing, the Second Subsequent August Interim Hearing, the Third Subsequent August Interim Hearing, the Subsequent September Interim Hearing, and the First Subsequent October Interim Hearing, the "Prior Interim Hearings") this Court having entered a *Twelfth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 483] (the "Twelfth Interim Order" and, together with the First Interim Order, the Second Interim Order, the Third Interim Order, the Fourth Interim Order, the Fifth Interim Order, the Sixth Interim Order, the Seventh Interim Order, the Eighth Interim Order, the Ninth Interim Order, the Tenth Interim Order, and the

4

Eleventh Interim Order, the "<u>Prior Interim Orders</u>"); and this Court having held a subsequent hearing on the Motion seeking continuation of the relief provided in the Twelfth Interim Order on November 7, 2019 (together with the Prior Interim Hearings, the "<u>Interim Hearings</u>"); and based upon all of the pleadings filed with this Court, the evidence presented at the Interim Hearings, and the entire record herein; and this Court having heard and resolved or overruled all objections to the interim relief provided herein; and it appearing that the continued interim relief provided herein is in the best interests of the Debtors, their estates, and their creditors, and other parties-in-interest; and the Debtors having provided sufficient notice of the Motion as set forth in the Motion and it appearing that no further or other notice of the Motion need be given; and after due deliberation and consideration, and sufficient cause appearing therefor:

**BASED ON THE RECORD ESTABLISHED AT THE INTERIM HEARINGS, THE BANKRUPTCY COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012.  The Debtors have confirmed their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Bankruptcy Court in connection with the Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested herein are sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and the Local Bankruptcy Rules.

B.      The Debtors, the Secured Parties, and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "<u>Committee</u>") desire to extend the terms of the

176510.1

Debtors' authorization to use Cash Collateral on the terms set forth herein and assent to the entry

of this Order (this "Thirteenth Interim Order" and, together with the Prior Interim Orders, the

"Interim Orders").

C.      The Findings and Conclusions set forth in the Prior Interim Orders apply with equal

force to this Thirteenth Interim Order and are hereby incorporated herein by reference.

D.      Based upon the findings, acknowledgements, and conclusions set forth in the Prior

Interim Orders, all of which apply with equal force to this Thirteenth Interim Order and have been

incorporated herein by reference, and upon the record made before the Bankruptcy Court at the

Interim Hearings, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1.      Subject to the terms and conditions set forth in this Thirteenth Interim Order, each

of the findings, conclusions, representations, recitals, stipulations, provisions, and orders contained

in the Prior Interim Orders are hereby ratified and affirmed as if set forth herein in full, and shall

remain in full force and effect, except as expressly modified by this Thirteenth Interim Order.

2.      The Debtors are hereby authorized to use Cash Collateral upon the same terms and

conditions provided for in the Prior Interim Orders, with such terms and conditions being

incorporated herein as if set forth in full, except that for purposes of this Thirteenth Interim Order:

a.      The thirteenth interim budget attached hereto as Exhibit A (the "Thirteenth

Interim Budget" shall be substituted for and be the "Budget," as defined in and attached to

the Seventh Interim Order.

b.      The date for the expiration of Cerberus' consent to the Debtors' use of Cash

Collateral identified in the first sentence of paragraph 2(b) of the Tenth Interim Order as

November 8, 2019 at 5:00 P.M. (Prevailing Eastern Time) is hereby replaced with

176510.1

November 22, 2019 at 5:00 P.M. (Prevailing Eastern Time). The dates referenced in the final sentence of that paragraph are hereby replaced with November 14, 2019 and November 22, 2019, respectively.

c.      Cerberus shall continue to receive the payments described in Paragraph 2.c of the Tenth Interim Order, as modified by Paragraph 2.c of the Eleventh Interim Order, as well as any additional payments reflected in the Thirteenth Interim Budget.

d.      Any reference to the term "Interim Order" in the First Interim Order, to the term "Second Interim Order" in the Second Interim Order, to the term "Third Interim Order" in the Third Interim Order, to the term "Fourth Interim Order" in the Fourth Interim Order, to the term "Fifth Interim Order" in the Fifth Interim Order, to the "Sixth Interim Order" in the Sixth Interim Order, to the "Seventh Interim Order" in the Seventh Interim Order, to the "Eighth Interim Order" in the Eighth Interim Order, to the "Ninth Interim Order" in the Ninth Interim Order, to the "Tenth Interim Order" in the Tenth Interim Order, to the "Eleventh Interim Order" in the Eleventh Interim Order, or to the "Twelfth Interim Order" in the Twelfth Interim Order shall be replaced with the term "Thirteenth Interim Order," which term shall refer to this order.

3.      Nothing in this Thirteenth Interim Order shall constitute a waiver by or a restriction of the Debtors' right to seek, or any other party in interest's right to object to, the further use of Cash Collateral.

4.      This Thirteenth Interim Order is without prejudice to: (a) any request by any Secured Party for additional adequate protection or restrictions on use of Cash Collateral or any other or additional relief from the Bankruptcy Court; (b) any other right or remedy that may be available to the Secured Parties; or (c) except as expressly set forth in any Interim Order, any other

right or remedy that may be available to the Committee, including the Committee's right to object to the terms of any proposed final order governing the use of Cash Collateral.

5.      The provisions of this Thirteenth Interim Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered (a) confirming any Chapter 11 plan in any of these Chapter 11 Cases, (b) converting any of these Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code, or (c) dismissing any of these Chapter 11 Cases.  The terms and provisions of this Thirteenth Interim Order, as well as the Adequate Protection Liens and the Superpriority Claims granted pursuant to the Prior Interim Orders and this Thirteenth Interim Order shall continue in full force and effect notwithstanding the entry of any order described in the preceding sentence, and the Adequate Protection Liens and the Superpriority Claims will, notwithstanding entry of such an order, maintain their validity and priority as provided in the Prior Interim Orders and this Thirteenth Interim Order.

6.      Except in connection with a further interim order or the Final Order, in the event that any or all of the provisions of this Thirteenth Interim Order are hereafter modified, amended, or vacated by a subsequent order of the Bankruptcy Court or any other court, no such modification, amendment, or vacatur shall affect the validity, enforceability, or priority of any Adequate Protection Liens incurred or any Superpriority Claims granted to the Secured Parties under this Thirteenth Interim Order.

7.      To the extent not already provided for in this Thirteenth Interim Order, the Debtors and their officers, employees, professionals, and agents are hereby authorized and empowered to take such acts as are necessary or appropriate to effectuate the relief granted pursuant to this Thirteenth Interim Order.

176510.1

8.      This Thirteenth Interim Order will take effect immediately upon the Bankruptcy Court's signature hereof; there shall be no stay of execution or effectiveness of this Thirteenth Interim Order.

9.      A final hearing (the "Final Hearing") on the Debtors' use of Cash Collateral will be held on November 21, 2019 at 10:00 a.m. (prevailing Eastern Time).  On or before November 8, 2019, the Debtors shall serve a copy of this Thirteenth Interim Order on (a) counsel for Cerberus, (b) counsel for the Committee, (c) the Office of the United States Trustee, and (d) all parties who have filed a notice of appearance and request for service in these Chapter 11 Cases.  Service of this Thirteenth Interim Order will constitute notice of the Final Hearing.

10.     The Bankruptcy Court has and will retain jurisdiction and power to enforce this Thirteenth Interim Order according to its terms.

New York, New York                          ____**/s/ STUART M. BERNSTEIN**____
Dated: November **8**th, 2019                THE HONORABLE STUART M. BERNSTEIN
                                            UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

**The Thirteenth Interim Budget**

**Sizmek, Inc.**
**US Budget through the WE 11/22/19**
*(Amounts in USD 000s)*

| | Budget Week –><br>Week Ending –> | Week 32<br>11/15/19 | Week 33<br>11/22/19 | Total Budget<br>2 Weeks Ending 11/22/19 |
|---|---|---|---|---|
| **Beginning Cash** | $ | 5,187 $ | 5,192 | $ 5,187 |
| **Total Operating Receipts** | $ | 25 $ | 20 | $ 45 |
| **Cash Disbursements** | | | | |
| Payroll-related [1] | $ | - $ | - | $ - |
| Operating Vendors [1] | | (20) | (18) | (38) |
| Bankruptcy Costs & Professional Fees | | - | (88) | (88) |
| **Total Operating Disbursements** | $ | (20) $ | (107) | $ (127) |
| **Amazon TSA Reimbursement** [1] | $ | - $ | - | $ - |
| **Net Change in Cash** | $ | 5 $ | (87) | $ (82) |
| **Estimated Ending Cash** | $ | 5,192 $ | 5,106 | $ 5,106 |

**Notes:**

1. Payroll and vendor invoices will be paid by Sizmek, after there is a scheduled request from Amazon plus payment inclusive of the 10% fee on vendor invoices for this service. Neither expenses nor the offsetting reimbursement from Amazon are included in this budget.