**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK INC., *et al.*,[1] | ) | Case No. 19-10971 (SMB) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FOURTEENTH INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 507, AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**

Upon the *Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 14] (the "Motion");[2] and an initial hearing on the Motion having been held on April 3, 2019 (the "First Interim Hearing"); and this Court having entered the First Interim Order on April 4, 2019; and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the First Interim Order held on April 23, 2019 (the "Subsequent April Interim Hearing"), this Court having entered a *Second Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

[2] Capitalized terms used and not defined herein have the meanings given to them in the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 37] (the "First Interim Order"), the Motion, or the Bankruptcy Code, as applicable. The Final Order shall be in form and substance satisfactory to the Debtors and Cerberus, in their respective discretion.

176647.1

*Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 104] (the "Second Interim Order"); and, upon its consideration of the *Certificate of No Objection Regarding Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* dated May 14, 2019 [Docket No. 167], this Court having entered a *Third Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 172] (the "Third Interim Order"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Third Interim Order held on May 30, 2019 (the "Subsequent May Interim Hearing"), this Court having entered a *Fourth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 239] (the "Fourth Interim Order"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Fourth Interim Order held on June 20, 2019 (the "Subsequent June Interim Hearing"), this Court having entered a *Fifth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 270] (the "Fifth Interim Order"); and, upon its consideration of the *Certificate of No Objection Regarding Debtors' Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363,*

*and 507, and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* dated July 12, 2019 [Docket No. 319], this Court having entered a *Sixth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 329] (the "Sixth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Sixth Interim Order held on August 6, 2019 (the "First Subsequent August Interim Hearing"), this Court having entered a *Seventh Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 383] (the "Seventh Interim Order"); and, following a subsequent hearing on the Motion seeking continuation of the relief provided in the Seventh Interim Order held on August 15, 2019 (the "Second Subsequent August Interim Hearing"), this Court having entered an *Eighth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 388] (the "Eighth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Eighth Interim Order held on August 22, 2019 (the "Third Subsequent August Interim Hearing"), this Court having entered a *Ninth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 403] (the "Ninth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Ninth Interim Order held on

3

September 19, 2019 (the "Subsequent September Interim Hearing"), this Court having entered a *Tenth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 449] (the "Tenth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Tenth Interim Order held on October 3, 2019 (the "First Subsequent October Interim Hearing"), this Court having entered an *Eleventh Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 449] (the "Eleventh Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Eleventh Interim Order held on October 17, 2019 (the "Second Subsequent October Interim Hearing") this Court having entered a *Twelfth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 483] (the "Twelfth Interim Order"); and following a subsequent hearing on the Motion seeking continuation of the relief provided in the Twelfth Interim Order held on November 7, 2019 (the "First Subsequent November Interim Hearing" and, together with the First Interim Hearing, the Subsequent April Interim Hearing, the Subsequent May Interim Hearing, the Subsequent June Interim Hearing, the First Subsequent August Interim Hearing, the Second Subsequent August Interim Hearing, the Third Subsequent August Interim Hearing, the Subsequent September Interim Hearing, the First Subsequent October Interim Hearing, and the Second Subsequent October Interim Hearing, the "Prior Interim Hearings") this Court having

4

176647.1

entered a *Thirteenth Interim Order (I) Authorizing the Debtors to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 508] (the "Thirteenth Interim Order" and, together with the First Interim Order, the Second Interim Order, the Third Interim Order, the Fourth Interim Order, the Fifth Interim Order, the Sixth Interim Order, the Seventh Interim Order, the Eighth Interim Order, the Ninth Interim Order, the Tenth Interim Order, the Eleventh Interim Order, and the Twelfth Interim Order the "Prior Interim Orders"); and this Court having held a subsequent hearing on the Motion seeking continuation of the relief provided in the Thirteenth Interim Order on November 21, 2019 (together with the Prior Interim Hearings, the "Interim Hearings"); and based upon all of the pleadings filed with this Court, the evidence presented at the Interim Hearings, and the entire record herein; and this Court having heard and resolved or overruled all objections to the interim relief provided herein; and it appearing that the continued interim relief provided herein is in the best interests of the Debtors, their estates, and their creditors, and other parties-in-interest; and the Debtors having provided sufficient notice of the Motion as set forth in the Motion and it appearing that no further or other notice of the Motion need be given; and after due deliberation and consideration, and sufficient cause appearing therefor:

**BASED ON THE RECORD ESTABLISHED AT THE INTERIM HEARINGS, THE BANKRUPTCY COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.   The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, 2012. The Debtors have confirmed their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Bankruptcy Court in connection with the Motion to the extent that it is later determined that the Bankruptcy

5

Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested herein are sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, and the Local Bankruptcy Rules.

B. The Debtors, the Secured Parties, and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee") desire to extend the terms of the Debtors' authorization to use Cash Collateral on the terms set forth herein and assent to the entry of this Order (this "Fourteenth Interim Order" and, together with the Prior Interim Orders, the "Interim Orders").

C. The Findings and Conclusions set forth in the Prior Interim Orders apply with equal force to this Fourteenth Interim Order and are hereby incorporated herein by reference.

D. Based upon the findings, acknowledgements, and conclusions set forth in the Prior Interim Orders, all of which apply with equal force to this Fourteenth Interim Order and have been incorporated herein by reference, and upon the record made before the Bankruptcy Court at the Interim Hearings, and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. Subject to the terms and conditions set forth in this Fourteenth Interim Order, each of the findings, conclusions, representations, recitals, stipulations, provisions, and orders contained in the Prior Interim Orders are hereby ratified and affirmed as if set forth herein in full, and shall remain in full force and effect, except as expressly modified by this Fourteenth Interim Order.

2.  The Debtors are hereby authorized to use Cash Collateral upon the same terms and conditions provided for in the Prior Interim Orders, with such terms and conditions being incorporated herein as if set forth in full, except that for purposes of this Fourteenth Interim Order:

a.  The fourteenth interim budget attached hereto as <u>Exhibit A</u> (the "<u>Fourteenth Interim Budget</u>" shall be substituted for and be the "Budget," as defined in and attached to the Seventh Interim Order.

b.  The date for the expiration of Cerberus' consent to the Debtors' use of Cash Collateral identified in the first sentence of paragraph 2(b) of the Tenth Interim Order as November 22, 2019 at 5:00 P.M. (Prevailing Eastern Time) is hereby replaced with December 6, 2019 at 5:00 P.M. (Prevailing Eastern Time). The dates referenced in the final sentence of that paragraph are hereby replaced with November 28, 2019 and December 6, 2019, respectively.

c.  Cerberus shall continue to receive the payments described in Paragraph 2.c of the Tenth Interim Order, as modified by Paragraph 2.c of the Eleventh Interim Order, as well as any additional payments reflected in the Fourteenth Interim Budget. In addition to and without limiting the foregoing, the Debtors shall deliver to Cerberus cash in an amount equal to 75% (or such lesser percentage as Cerberus may agree to in writing) of the gross proceeds of any sale by the Sellers of Accounts Receivable (both as defined in that certain Asset Purchase Agreement dated as of May 31, 2019 by and between Amazon.com, Inc., as Purchaser, and the Sellers listed party thereto, the "<u>Adserver APA</u>") listed as Excluded Assets under the Adserver APA. The Debtors shall file with the Court for hearing on December 5, 2019, a motion, in form and substance acceptable to Cerberus, seeking

approval of the sale of Debtor Seller's Accounts Receivable (both as defined in the Adserver APA) to Amazon.com, Inc.

    d.    Any reference to the term "Interim Order" in the First Interim Order, to the term "Second Interim Order" in the Second Interim Order, to the term "Third Interim Order" in the Third Interim Order, to the term "Fourth Interim Order" in the Fourth Interim Order, to the term "Fifth Interim Order" in the Fifth Interim Order, to the "Sixth Interim Order" in the Sixth Interim Order, to the "Seventh Interim Order" in the Seventh Interim Order, to the "Eighth Interim Order" in the Eighth Interim Order, to the "Ninth Interim Order" in the Ninth Interim Order, to the "Tenth Interim Order" in the Tenth Interim Order, to the "Eleventh Interim Order" in the Eleventh Interim Order, to the "Twelfth Interim Order" in the Twelfth Interim Order, or to the "Thirteenth Interim Order" in the Thirteenth Interim Order shall be replaced with the term "Fourteenth Interim Order," which term shall refer to this order.

3.    Nothing in this Fourteenth Interim Order shall constitute a waiver by or a restriction of the Debtors' right to seek, or any other party in interest's right to object to, the further use of Cash Collateral.

4.    This Fourteenth Interim Order is without prejudice to: (a) any request by any Secured Party for additional adequate protection or restrictions on use of Cash Collateral or any other or additional relief from the Bankruptcy Court; (b) any other right or remedy that may be available to the Secured Parties; or (c) except as expressly set forth in any Interim Order, any other

right or remedy that may be available to the Committee, including the Committee's right to object to the terms of any proposed final order governing the use of Cash Collateral.

5. The provisions of this Fourteenth Interim Order, and any actions taken pursuant hereto, shall survive entry of any order which may be entered (a) confirming any Chapter 11 plan in any of these Chapter 11 Cases, (b) converting any of these Chapter 11 Cases to a case under Chapter 7 of the Bankruptcy Code, or (c) dismissing any of these Chapter 11 Cases. The terms and provisions of this Fourteenth Interim Order, as well as the Adequate Protection Liens and the Superpriority Claims granted pursuant to the Prior Interim Orders and this Fourteenth Interim Order shall continue in full force and effect notwithstanding the entry of any order described in the preceding sentence, and the Adequate Protection Liens and the Superpriority Claims will, notwithstanding entry of such an order, maintain their validity and priority as provided in the Prior Interim Orders and this Fourteenth Interim Order.

6. Except in connection with a further interim order or the Final Order, in the event that any or all of the provisions of this Fourteenth Interim Order are hereafter modified, amended, or vacated by a subsequent order of the Bankruptcy Court or any other court, no such modification, amendment, or vacatur shall affect the validity, enforceability, or priority of any Adequate Protection Liens incurred or any Superpriority Claims granted to the Secured Parties under this Fourteenth Interim Order.

7. To the extent not already provided for in this Fourteenth Interim Order, the Debtors and their officers, employees, professionals, and agents are hereby authorized and empowered to take such acts as are necessary or appropriate to effectuate the relief granted pursuant to this Fourteenth Interim Order.

8.  This Fourteenth Interim Order will take effect immediately upon the Bankruptcy Court's signature hereof; there shall be no stay of execution or effectiveness of this Fourteenth Interim Order.

9.  A final hearing (the "Final Hearing") on the Debtors' use of Cash Collateral will be held on December 5, 2019 at 10:00 a.m. (prevailing Eastern Time).  On or before [_____], 2019, the Debtors shall serve a copy of this Fourteenth Interim Order on (a) counsel for Cerberus, (b) counsel for the Committee, (c) the Office of the United States Trustee, and (d) all parties who have filed a notice of appearance and request for service in these Chapter 11 Cases.  Service of this Fourteenth Interim Order will constitute notice of the Final Hearing.

10. The Bankruptcy Court has and will retain jurisdiction and power to enforce this Fourteenth Interim Order according to its terms.

New York, New York  
Dated: November **21st**, 2019

**/s/ STUART M. BERNSTEIN**  
THE HONORABLE STUART M. BERNSTEIN  
UNITED STATES BANKRUPTCY JUDGE

176647.1

## Exhibit A

## The Fourteenth Interim Budget

176647.1

**Sizmek, Inc.**
**US Budget through the WE 12/6/19**
*(Amounts in USD 000s)*

| Budget Week –><br>Week Ending –> | 34<br>11/29/19 | | 35<br>12/6/19 | | Total Budget<br>2 Weeks Ending 12/6/19 | |
|---|---:|---|---:|---|---:|---|
| **Beginning Cash** | $ | 5,004 | $ | 5,013 | $ | 5,004 |
| **Total Operating Receipts** | $ | 18 | $ | 15 | $ | 33 |
| **Cash Disbursements** | | | | | | |
| Payroll-related [1] | $ | - | $ | - | $ | - |
| Operating Vendors [1] | | (8) | | (23) | | (31) |
| Bankruptcy Costs & Professional Fees | | - | | - | | - |
| **Total Operating Disbursements** | $ | (8) | $ | (23) | $ | (31) |
| **Amazon TSA Reimbursement** [1] | $ | - | $ | - | $ | - |
| **Net Change in Cash** | $ | 9 | $ | (8) | $ | 1 |
| **Estimated Ending Cash** | $ | 5,013 | $ | 5,005 | $ | 5,005 |

**Notes:**

1. Payroll and vendor invoices will be paid by Sizmek, after there is a scheduled request from Amazon plus payment inclusive of the 10% fee on vendor invoices for this service. Neither expenses nor the offsetting reimbursement from Amazon are included in this budget.