**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SIZMEK, INC., et al.,[1]<br><br>                        Debtors. | Chapter 7<br><br>Case No. 19-10971 (DSJ)<br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE APPROVING A**
**SETTLEMENT WITH CERBERUS BUSINESS FINANCE, LLC**

Upon the Motion of Alan Nisselson (the "Trustee"), as Trustee for the jointly administered chapter 7 estates of Sizmek Inc., Point Roll, Inc., Sizmek DSP, Inc., Sizmek Technologies, Inc., Wireless Artist LLC, WirelessDeveloper, Inc., X Plus One Solutions, Inc., X Plus Two Solutions, LLC, and Solomon Acquisition Corp. (each a "Debtor" and collectively, the "Debtors") for entry of an Order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving that certain Stipulation Between Chapter 7 Trustee and Secured Creditor Agreeing to Certain Assignments, Agreements, and Cooperation Efforts attached to the Motion as Exhibit A (the "Stipulation") between the Trustee and Cerberus Business Finance, LLC as administrative agent and collateral agent under the Financing Agreement (as defined therein) ("Cerberus" and, together with the Trustee, the "Parties"), all as more fully described in the Motion; and the Declaration of Alan Nisselson filed as Exhibit C to the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); X Plus Two Solutions, LLC (4914); and Solomon Acquisition Corp. (4229).

1

28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and sufficient notice has been given to all parties in interest as required by the applicable Federal Rules of Bankruptcy Procedure; and the Court having considered the Motion and supporting Declaration and found the relief sought in the Motion appropriate; and the Court having further found the Stipulation is reasonable and in the best interests of the Debtors' Estates, creditors, and all parties in interest, including the Trustee, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted in its entirety and the Stipulation is hereby approved and authorized.

2. The Trustee and Cerberus shall each comply with and carry out the terms of the Stipulation.

3. Within three (3) business days following the date of this Order becoming a final, non-appealable order, Cerberus will transfer an amount equal to $159,586.49 via wire to the Trustee, which payment shall be made in the amounts and to the Debtors as set forth in Annex 1 to the Declaration of Alan Nisselson and as replicated below:

| **Debtor** | **Amount Due** |
|---|---|
| Sizmek DSP, Inc. | $87,291.95 |
| Sizmek Technologies, Inc. | $15,100.05 |
| Sizmek Inc. | $50,000.00 |
| Sizmek Technologies, Inc. | $4,513.35 |
| Sizmek Technologies, Inc. | $2,681.14 |

2

4. This Order shall be binding upon and inure to the benefit of the Trustee and Cerberus and their respective successors and permitted assigns.

5. This Court shall have exclusive jurisdiction over any and all disputes between or among the Parties arising out of or relating to the Stipulation.

Dated: New York, New York            *s/ David S. Jones*
       May 3, 2021                     United States Bankruptcy Judge